Salil Bali, SBN 263001
　sbali@sycr.com
Matthew R. Stephens, SBN 288223
　mstephens@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Telephone: 949-725-4000

Kal K. Shah (admitted *pro hac vice*)
　kshah@beneschlaw.com
Simeon G. Papacostas (admitted *pro hac vice*)
　spapacostas@beneschlaw.com
Katherine A. Smith (admitted *pro hac vice*)
　ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant
Feit Electric Company, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>　　　Defendant. | CASE NO. 2:20-cv-00359-GW-E<br><br>Honorable George H. Wu, Ctrm. 9D<br>Magistrate Charles F. Eick<br><br>**DEFENDANT FEIT ELECTRIC COMPANY, INC.'S APPLICATION FOR AN ORDER FOR THE ISSUANCE OF LETTER ROGATORY**<br><br>Date: August 5, 2021<br>Time: 8:30 a.m.<br>Courtroom 9D, First Street Courthouse<br><br>Complaint filed January 13, 2020 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on Thursday, August 5, 2021, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Feit Electric Company, Inc. ("Feit Electric") will move the Court pursuant to Fed. R. Civ. P. §§ 4(f)(2)(B), 28(b) and 28 U.S.C. §1781 for an Order granting Feit Electric's Application for the Issuance of Letter Rogatory for Foreign Deposition and that it execute the attached Letter Rogatory and affix the seal of the Court to them for transmittal by Feit Electric to appropriate authorities in Japan.

This Application is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 2, 2021 at 2:30 p.m. Central Time, between Plaintiff Nichia Corporation's ("Nichia") counsel, Mr. Robert P. Parker and Feit Electric's Counsel Kal K. Shah. The parties were unable to reach an agreement and Nichia indicated that it would oppose this application for judicial assistance.

This Application is based on this Notice, the attached Memorandum in support, the declaration of Kal K. Shah, the pleading on file herein and upon such other matters as may be presented to the Court in connection with this Application.

DATED: July 8, 2021            BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: /s/ Kal K. Shah
Kal K. Shah

DATED: July 8, 2021            STRADLING YOCCA CARLSON & RAUTH

By: /s/ Salil Bali
Salil Bali
Matthew R. Stephens

*Attorneys for Defendant
Feit Electric Company, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rules 4(f)(2)(B) and 28(b)(1)(B) of the Federal Rules of Civil Procedure as well as 28 U.S.C. §§ 1651 and 1781, Defendant Feit Electric Company, Inc. ("Feit Electric") respectfully moves this Court for the issuance of the concurrently submitted Letter Rogatory, addressed to the appropriate Central Authority for Japan. The Letter Rogatory will enable Feit Electric to obtain testimony from Mr. Yuichiro Tanda located in Japan. Mr. Tanda is the first named inventor on the patent at issue in the above referenced litigation, or U.S. Patent No. 9,752,734 (the "'734 Patent"). Feit Electric does not seek information from Mr. Tanda that is duplicative of information and documents produced by Plaintiff Nichia Corporation ("Nichia") or other witnesses. As explained below, the issuance of the Letter Rogatory is necessary as the requested information is highly relevant and critical to the claims and defenses in this litigation, including but not limited to, Feit Electric's invalidity and non-infringement defenses.

## II. ARGUMENT

Nichia has sued Feit Electric for infringement of the '734 Patent directed to light emitting devices. Mr. Tanda is the first named inventor on the '734 Patent and a former employee of Nichia. Mr. Tanda played a pivotal role in the development of the '734 Patent asserted by Nichia against Feit Electric. He is a Japanese resident, and although identified in Nichia's initial disclosures as a person with relevant information to be contacted through counsel, Nichia's counsel has represented that he will not testify voluntarily. Mr. Tanda cannot be directly compelled by this Court to provide the requested deposition testimony, as he resides outside of the State of California and the United States. This Letter Rogatory will enable Feit Electric to obtain critical testimony from Mr. Tanda. *See, e.g., Image Processing Techs., LLC v. Canon, Inc.*, CV103867SJFETB, 2011 WL 13312041, at *2 (E.D.N.Y. Sept. 13, 2011) (granting plaintiff's motion for

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY

4833-3936-2545v7/106220-0002                                                   20-cv-00359

1  issuance of letter rogatory as defendant's Rule 26(a) disclosures indicated
2  documents in Japan were relevant to its defenses).

3  Feit Electric does not seek testimony from Mr. Tanda that is duplicative of
4  information and documents produced by Nichia or other witnesses. Rather, as one
5  of two inventors charged with certain aspects (explained further below) of the
6  purported inventions at issue, his testimony will provide unique insight and support
7  for various positions and defenses at issue in this case. In short, the issuance of the
8  Letter Rogatory is necessary as the requested information is highly relevant and
9  critical to Feit Electric's defenses in this litigation, including but not limited to,
10 Feit Electric's invalidity and non-infringement defenses.

11 Letters Rogatory are formal written requests sent by a court to a foreign
12 court asking that a witness residing within that foreign court's jurisdiction either
13 provide documents, a deposition, or both for use in a pending action before the
14 requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 241
15 n.1 (2004); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at
16 *1-*2 (N.D. Cal. May 17, 2012); 8A Charles Alan Wright, Arthur R. Miller, &
17 Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). A federal
18 district court has the inherent authority to issue a letter rogatory. *See United States*
19 *v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Such courts are also implicitly
20 authorized to do so under 28 U.S.C. § 1781, which governs the transmittal and
21 receipt of letters rogatory.

22 Under Fed. R. Civ. P. 28, a U.S. District Court may issue a letter of request
23 to facilitate the obtaining of evidence in another country. This includes countries
24 that are not signatories to the Hague Convention on the Taking of Evidence
25 Abroad in Civil or Commercial Matters. *Dist. Title v. Warren*, No. 14-1808
26 ABJ/DAR, 2016 WL 10749155, at *5 (D.D.C. Dec. 23, 2016) ("[N]otwithstanding
27 the inapplicability of the Hague Convention provisions to a non-signatory nation
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2
FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY
4833-3936-2545v7/106220-0002                                  20-cv-00359

[such as Japan], this court is authorized to issue Letter Rogatory pursuant to federal law.").

In the present case, Feit Electric's use of a Letter Rogatory is the appropriate and approved method of obtaining discovery from a Japanese entity.[1] Where a witness is located in a nation, like Japan, that is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,[2] Letters Rogatory are particularly appropriate. *See, e.g.*, *Image Processing Techs*, 2011 WL 13312041, at *2 (granting plaintiff's motion for issuance of letter rogatory to seek documents and depose witnesses in Japan relating to design and operation of the allegedly infringing products); *U.S. v. Staples*, 256 F.2d 290 (9th Cir. 1958) (granting motion for issuance of letter rogatory to depose Japanese witnesses as testimony was material to essential issue and there had been no lack of diligence); *Fisher and Paykel Healthcare Limited v. Flexicare Incorporated*, Case No. SA CV 19-00835-JVS, 2020 WL 5900155, *1 (C.D. Cal. Aug. 17, 2020) (granting accused infringer's motion to issue letters rogatory to seek documents and deposition of three non-party named inventors who resided in New Zealand); *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-5385, 2007 WL 1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention.

---

[1] *See* Federal Rule of Civil Procedure 4(f)(2)(B); Federal Rule of Civil Procedure 28(b)(1)(B); the All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a Letters Rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Vienna Convention on Consular Relations, art. 5(j), Apr. 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. No. 6820. Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

[2] *See, e.g.*, Hague Convention, https://www.hcch.net/en/states/hcch-members/details1/?sid=47 (listing Conventions to which Japan is a Contracting Party; "Taking of Evidence Abroad in Civil or Commercial Matters" not listed) (last visited June 28, 2021).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4833-3936-2545v7/106220-0002

3

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY
20-cv-00359

1  Therefore, the appropriate method for requiring their appearance is the Letters
2  Rogatory."); *see also U.S. v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district
3  court should have granted request by defendant for use of Letters Rogatory to
4  obtain evidence located abroad that was relevant to defendant's case).
5        "Whether to issue such a letter is a matter of discretion for the court."
6  *Barnes & Noble*, 2012 WL 1808849, at *1; *U.S. v. Wedding*, No. 08-2386, 2009
7  WL 1329146, at *1 (S.D. Cal. May 13, 2009). "No higher standard is necessary for
8  the issuance of letters rogatory than that needed for discovery upon a domestic
9  company." *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013
10 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013). And courts "routinely issue letters
11 rogatory where the movant makes a reasonable showing that the evidence sought
12 may be material, or may lead to the discovery of material evidence." *Id*. Courts
13 "apply the rule that letters of rogatory shall issue unless good cause is shown
14 otherwise." *Evanston Ins. Co. v. OEA, Inc.*, No. CIVS-021505DFLPAN, 2006 WL
15 1652315, at *2 (E.D. Cal. June 13, 2006).

16       **A. Mr. Tanda's Testimony Is Not Duplicative And Is Necessary For**
17           **The Core Patent Concepts Including Conception, Reduction To**
18           **Practice and Scope.**

19       Mr. Tanda is one of two named inventors on the '734 Patent. This alone
20 places him in the distinct position of explaining the facts and circumstances that
21 led to the purported inventions described in the '734 Patent. His knowledge is in
22 fact different from that of his co-inventor, Mr. Matsushita. As noted above, Feit
23 Electric recently deposed Mr. Matsushita. During his deposition, Mr. Matsushita
24 testified that "I asked Mr. Tanda to create the specification." (Shah Decl., Ex. B at
25 70-71). That specification is the basis of the United States patent at issue in this
26 case, and Feit Electric seeks discovery regarding Mr. Tanda's corresponding
27 involvement and understanding of the purported inventions. Mr. Matsushita further
28 testified that while he was in the "laser group" his "co-inventor Mr. Tanda and Mr.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY

4833-3936-2545v7/106220-0002

20-cv-00359

Watanabe were in the LED group." (*Id.* at 94). Accused in this case are solely LED-based products, again emphasizing the importance of Mr. Tanda's testimony as it relates to the underlying conception and reduction to practice of the purported inventions of the '734 Patent. Indeed, a core issue regarding the scope of the alleged inventions relates to the number and placement of LED chips, an issue that Mr. Matsushita repeatedly testified was left to the sole discretion of Mr. Tanda. (*Id.* at 100, 102, 103 & 106). Consistent with this discretion, Mr. Tanda created a prototype and determined how to connect and place the corresponding LED chips. (*Id.* at 114-115). In fact, Mr. Matsushita testified that he believed that Mr. Tanda had knowledge of the various prototypes purportedly created, their structure and functionality. (*Id*).

Similarly, Mr. Matsushita deferred to Mr. Tanda regarding another claim element, the resin to be used. (*Id.* at 120). This resin and corresponding wavelength conversion characteristics are key claim limitations in this case.[3] Moreover, Mr. Matsushita has not had communications with Mr. Tanda over the last decade, making it unlikely that their testimony would be duplicative, and thus requiring inquiry of Mr. Tanda directly. (*Id.* at 116). In short, the relevance and significance of Mr. Tanda's testimony regarding the conception, reduction to practice, prosecution, scope, and validity of the '734 Patent and its related patents cannot reasonably be disputed. *See Image Processing Techs.*, 2011 WL 13312041, at *2.

Feit Electric's concurrently alternative options, including securing Mr. Tanda's deposition in Japan through standard procedures, are foreclosed due to COVID pandemic restrictions. Also, as explained below in Section II.D., Nichia's counsel will also not make Mr. Tanda available. Thus, Feit Electric's only means to obtain this information is through this Letter Rogatory. Accordingly, Feit

---

[3] The '734 Patent specification discusses numerous possible uses of a resin including as a "transparent member," "wavelength conversion member" or a "wavelength conversion member formed unitarily with a transparent member." (Dkt. 1-1)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY

4833-3936-2545v7/106220-0002                                                    20-cv-00359

Electric respectfully requests that the Court grant this application and issue the Letter Rogatory.

### B. Mr. Tanda's Testimony Is Not Duplicative And Is Relevant To Nichia's Apparent Misconduct In Reviving A Parent Application

Mr. Tanda's testimony is also further relevant to Feit Electric's invalidity and unenforceability positions based on certain statements made as part of the prosecution history. Specifically, during prosecution of a parent application to the '734 Patent, Nichia abandoned its efforts and let the application lapse. (Kal K. Shah Declaration ("Shah Decl."), Ex. A (Notice of Abandonment)). Nichia apparently later regretted this decision and sought to revive the application. In its Petition to Revive, the header identifies as "Applicant(s): Yuichiro TANDA *et al.*" (*Id.* (Petition to Revive)). Nichia represented to the United States Patent and Trademark Office that some undisclosed "IP Personnel" made "her own person decision not to respond" effectively disregarding that "Applicants wanted to continue the prosecution of the application in the hopes of obtaining a U.S. patent by filing a further RCE with the amended claim." (*Id.*) Feit Electric recently deposed Mr. Toshio Matsushita, the second of the two inventors, *i.e.,* "Applicant(s)." Mr. Matsushita indicated that he did not participate in the prosecution of the U.S. applications, nor was he aware of the abandonment or revival. (*Id.*, Ex. B (Deposition Transcript of Mr. Matsushita) at 82). Mr. Tanda's deposition thus is necessary to establish key aspects of possible invalidity and inequitable conduct defenses.

As the discovery sought can only be uncovered from Mr. Tanda there can be no reasonable dispute that Feit Electric does not seek information from Mr. Tanda that is duplicative of information and documents produced by Nichia or other witnesses. Rather, Feit Electric seeks this discovery as a necessary and core part of its defense to Nichia's claims. This Court therefore should exercise its discretion and grant Feit Electric's request in the interest of justice.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6
FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY
4833-3936-2545v7/106220-0002                                    20-cv-00359

### C. Granting Feit Electric's Request Will Not Undermine Japan's Interests

First, this is an issue involving an alleged violation of United States laws, which the United States has a compelling interest in enforcing. *Optrics, Inc. v. Barracuda Networks, Inc.*, No. 17-CV-04977-RS(TSH), 2019 WL 5485890, at *2 (N.D. Cal. Oct. 25, 2019) ("This is a case alleging violations of United States trademark laws, which the United States has a compelling interest in enforcing."). Nichia chose to assert its U.S. Patent in a U.S. Court and the patent Nichia has asserted includes Mr. Tanda as a co-inventor. Nichia cannot now prevent reasonable and relevant discovery from a key co-inventor witness because he is in Japan. Based on Nichia's initial disclosures, it is believed that Nichia has an on-going relationship with Mr. Tanda in some capacity. Having "chosen to bring this lawsuit here, [Nichia] cannot hide behind [Japanese] laws as a shield against its discovery obligations." *Id.*

Further, issuing a Letter Rogatory does not the infringe on Japan's sovereignty "as the decision made in response to this court's request for assistance on behalf of Plaintiff remains within the exclusive discretion of the [Judicial Authority of the State of Japan]." *Id.* (emphasis in original).

### D. Feit Electric Has Been Diligent in Seeking Discovery from Mr. Tanda

Feit Electric acknowledges that the Letter Rogatory process may be time consuming; however, Feit Electric should not be substantively prejudiced on this basis. *See, e.g., Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 5900155, 19-00835-JVS (C.D. Cal. 2020). Feit Electric was diligent in bringing this issue to the Court. As an initial matter, Feit Electric was led to believe that Mr. Tanda would be available for testimony on this issue. Indeed, Mr. Tanda is the very first person disclosed in Nichia's initial disclosures as an individual with discoverable information. (Shah Decl., Ex. C (Nichia's Initial Disclosures) at 2).

1 Moreover, Nichia provided that "Yuichiro Tanda is no longer employed by Nichia, but may be contacted through Nichia's counsel." (*Id.*) Feit Electric did just that, informing Nichia's counsel of Feit Electric's intent to depose Mr. Tanda on April 27, 2021 and further noticing Mr. Tanda's deposition on April 28, 2021. (*Id.*, Exs. D (email dated April 27 from Mr. Shah to Mr. Parker) & E (Deposition Notice for Mr. Tanda)). To Feit Electric's surprise, Nichia's counsel responded "[a]s to Mr. Tanda, he is no longer a Nichia employee or otherwise under Nichia's authority. He informs us that he is not willing to travel to the United States for deposition." (*Id.*, Ex. D (email dated April 28 from Mr. Parker to Mr. Shah)). Feit Electric took issue with this position in view of Nichia's express disclosure to the contrary in its initial disclosures. But Nichia's counsel steadfastly refused to make Mr. Tanda available. (*Id.*, Ex. F (email dated May 11 from Mr. Parker to Mr. Shah)).

In view of various scheduling issues relating to depositions, Feit Electric submitted an amended deposition notice for Mr. Tanda on May 14, 2021. (*Id.*, Ex. G (Amended Deposition Notice for Mr. Tanda)). On May 25, 2021, Nichia's counsel objected to Mr. Tanda's deposition notice indicating that he was not a party and did not intend to appear. (*Id.*, Ex. H (email dated May 25 from Ms. Colgate to Ms. Smith)). Feit Electric responded that it was troubled by counsel's refusal to make the lead inventor available, despite his prominence in Nichia's initial disclosures. Feit Electric further cited to *Hamilton v. TBC Corporation*, CV 17-01060-DMG (JEMx), 2018 WL 9815592, at *2 (C.D. Cal. Sept. 24, 2018) ("Plaintiffs' lack of cooperation in regard to the depositions was appalling."). (*Id.*, Ex. H (email dated May 26 from Ms. Smith to Ms. Colgate)).

In response, Feit Electric sought a meet and confer. (*Id.* (email dated May 26 from Ms. Smith to Ms. Colgate)). During that meet and confer, Feit Electric pointed out the misleading nature of Nichia's initial disclosures, the importance of Mr. Tanda's testimony and that Feit Electric was willing to accommodate Mr. Tanda by proceeding by video or even deposing him in Singapore or a neighboring

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8
FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY
4833-3936-2545v7/106220-0002                                     20-cv-00359

1  country to Japan. As a result of that meet and confer, Nichia's counsel indicated it
2  would discuss these alternative options with Mr. Tanda. Specifically, Nichia's
3  counsel was to look into: "(1) Whether [Mr. Tanda] is agreeable to being deposed
4  in a deposition-friendly country that is nearby to Japan (for example, Singapore);
5  and (2) The circumstances under which Mr. Tanda would be willing to sit for a
6  deposition." (*Id.* (email dated May 28 from Ms. Smith to counsel for Nichia)). On
7  June 7, 2021, Nichia's counsel responded that Mr. Tanda declined all options. (*Id.*
8  (email dated June 7 from Mr. Parker to Ms. Smith)).

9        Feit Electric therefore drafted this Letter Rogatory and, further consistent
10 with this Court's local rules, provided a copy to Nichia's counsel for consideration
11 on July 1, 2021. (*Id.*, Ex. I (email dated July 1 from Mr. Shah to Mr. Parker)).
12 Nichia asked for another meet and confer, which took place on July 2, 2021. (*Id.*,
13 Ex. J (email dated July 2 from Mr. Parker to Mr. Shah)). Feit Electric had hoped
14 Nichia would not further obstruct this discovery, but instead during that meet and
15 confer, Nichia's counsel indicated that it would object to this Application for Letter
16 Rogatory. Feit Electric has been diligent and flexible in attempting to secure this
17 important evidence, and it would be unjust to deprive Feit Electric of this critical
18 discovery. *See Fisher and Paykel Healthcare Ltd.,* *2 (holding that the Court
19 should permit such discovery and adjust the proceedings as necessary to
20 accommodate the process).

21 **IV.   CONCLUSION**

22       For the reasons presented above, Feit Electric respectfully requests that the
23 Court approve, date, and sign the concurrently submitted Letter Rogatory. After
24 the Court signs the Letter Rogatory, Feit Electric further respectfully requests that
25 the clerk authenticate the Court's signature by affixing the Court's seal thereto, and
26 that the Letter Rogatory be thereafter returned by the clerk to counsel for Feit
27 Electric so that the Letter Rogatory may be promptly transmitted to the
28 Appropriate Judicial Authority of the State of Japan.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY

4833-3936-2545v7/106220-0002

20-cv-00359

| | | |
|---|---|---|
| DATED: July 8, 2021 | | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |
| | By: | */s/ Kal K. Shah* |
| | | Kal K. Shah<br>Simeon G. Papacostas<br>Katherine A. Smith |
| DATED: July 8, 2021 | | STRADLING YOCCA CARLSON & RAUTH<br>A PROFESSIONAL CORPORATION |
| | By: | */s/ Salil Bali* |
| | | Salil Bali<br>Matthew R. Stephens |
| | | *Attorneys for Defendant*<br>*Feit Electric Company, Inc.* |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10

FEIT ELECTRIC'S APPLICATION FOR LETTER ROGATORY

4833-3936-2545v7/106220-0002

20-cv-00359