Salil Bali, SBN 263001
  sbali@sycr.com
Matthew R. Stephens, SBN 288223
  mstephens@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Simeon G. Papacostas (admitted pro hac vice)
  spapacostas@beneschlaw.com
Katherine A. Smith (admitted pro hac vice)
  ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

Attorneys for Defendant
Feit Electric Company, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>       Plaintiff,<br><br>   v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>       Defendant. | CASE NO. 2:20-cv-00359-GW-E<br><br>Honorable George Wu, Ctrm. 9D<br>Magistrate Charles F. Eick<br><br>**DEFENDANT FEIT ELECTRIC COMPANY, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER**<br><br>Date:  August 19, 2021<br>Time:  8:30 a.m.<br>350 West 1st Street<br>Courtroom 9D<br>Los Angeles, CA, 90012<br><br>Complaint filed January 13, 2020 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4813-1460-9651/106220-0002

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on Thursday, August 19, 2021, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Feit Electric Company, Inc. ("Feit Electric") will move the Court for an Order granting Leave to Amend Its Answer.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 17, 2021 at 2:00 p.m. Central Time, between Plaintiff Nichia Corporation's ("Nichia") counsel, Robert P. Parker and Feit Electric's Counsel Kal K. Shah.  Feit Electric subsequently followed up with Nichia's counsel to confirm their opposition to this motion on July 20, 2021.  As the parties were unable to reach an agreement on the matters set forth herein, Feit Electric now raises them to the Court.

This Application is based on this Notice, the attached Memorandum in support, the declaration of Kal K. Shah, the pleading on file herein and upon such other matters as may be presented to the Court in connection with this Application.

DATED:  July 22, 2021      BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:  /s/ Kal K. Shah
Kal K. Shah

DATED:  July 22, 2021      STRADLING YOCCA CARLSON & RAUTH

By:  /s/ Salil Bali
Salil Bali
Matthew R. Stephens

*Attorneys for Defendant*
*Feit Electric Company, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................ 1

    A. Abandonment and Improper Revival of The Great-Grandparent '062 Application ................................................................................. 1

    B. Procedural Background ...................................................................... 5

III. APPLICABLE LAW ...................................................................................... 6

IV. ARGUMENT .................................................................................................. 7

    A. There Is Good Cause For Granting Feit Electric Leave To Amend ................................................................................................. 7

    B. Leave to Amend Feit Electric's Answer Should Be Granted ............... 9

        1. Feit Electric's Amendments Poses No Undue Prejudice On Nichia ............................................................................... 9

        2. Feit Electric's Amendments Would Not Be Futile ................. 10

        3. Feit Electric Has Not Acted In Bad Forth Or A Dilatory Motive ...................................................................................... 12

        4. Feit Electric has Not Caused Any Undue Delay ....................... 13

        5. Feit Electric Has Not Filed Any Previous Amended Answer ..................................................................................... 13

V. CONCLUSION ............................................................................................. 13

Stradling Yocca
Carlson & Rauth
LAWYERS
NEWPORT BEACH

ii
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |                                    20-cv-00359

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Trs. v. Roche Molecular Sys.*,
   No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 16556
   (N.D. Cal. Mar. 3, 2008) ..................................................................................... 8

*Ecoject, Inc. v. Luraco, Inc.*,
   No. 16-00487-AG-KES, 2017 WL 6939158
   (C.D. Cal. Mar. 22, 2017) ................................................................................. 10

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ...................................................................... 7, 10

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) .................................................................... 8, 11

*Guardant Health, Inc. v. Foundation Medicine, Inc.*,
   No. 17-1616-LPS-CJB, 2020 WL 2477522 (D. Del. Jan. 7, 2020) ................... 12

*Hoffman-La Roche, Inc. v. Promega Corp.*,
   319 F. Supp. 2d 1011 (N.D. Cal. 2004) ............................................................ 12

*Hyperion Fund, L.P. v. Samarium Technology Grp., Ltd.*,
   No. 07-cv-07505-FMC-RCx, 2008 WL 11410006
   (C.D. Cal. Sep. 3, 2008) ..................................................................................... 7

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ......................................................................... 6, 7

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
   No. 2:10-CV-4466, 2012 WL 1577420 (C.D. Cal. May 4, 2012) ....................... 7

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988), *overruled on other grounds by*
   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 10

*O'Shea v. Epson Am., Inc.*,
   No. 09-cv-8063-PSG, 2010 WL 4025627 (C.D. Cal.) ...................................... 13

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iii

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002 |                                    20-cv-00359

*In re Rembrandt Technologies LP Patent Litigation*,
    899 F.3d 1254 (Fed. Cir. 2018) ................................................................. 11

*Rivera v. Remington Designs, LLC*,
    No. LA CV16–04676 ..................................................................................... 9

*Separation Design Group IP v. Inogen, Inc.*,
    No. LA CV15–08323 ..................................................................................... 9

*SKC Kolon PI, Inc. v. Kaneka Corp.*,
    No. CV 16-05948 AG, 2017 U.S. Dist. LEXIS 231737
    (C.D. Cal. July 31, 2017) ............................................................................... 9

*U.S. v. Webb*,
    655 F.2d 977 (9th Cir. 1981) .................................................................. 7, 13

*In re Western States Wholesale Nat'l Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ........................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 15 ................................................................................... *passim*

Fed. R. Civ. P. 16 ............................................................................ 1, 6, 7, 8

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iv

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002

20-cv-00359

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Feit Electric Company, Inc. ("Feit Electric") respectfully moves the Court for leave to amend its Answer to add a defense for unenforceability of U.S. Patent No. 9,752,734 ("patent-in-suit" or "'734 Patent") based on inequitable conduct during prosecution of the great-grandparent application to '734 Patent.

The Court's scheduling order requires any amendments of pleadings be made by way of motion under Rule 16 of the Federal Rules of Civil Procedure. Based on recently discovered facts, which corroborate that Nichia's agent Mr. Teruhito Miki and/or its prosecuting attorney Mr. Masayasu Mori intentionally misrepresented to the U.S. Patent and Trademark Office ("PTO") that the great-grandparent application was abandoned unintentionally, Feit Electric seeks leave to amend its Answer. There is good cause to modify the Court's scheduling order under these circumstances because Feit Electric has been diligently pursuing its proposed unenforceability defense since learning of this information.

Moreover, the Court should grant leave to amend under Rule 15 of the Federal Rules of Civil Procedure. Significantly, the proposed amendments are based on Nichia's own actions and facts known to Nichia since long before it brought this case. As a result, Nichia will not be prejudiced by the Court granting Feit Electric leave to amend.

## II. BACKGROUND

### A. Abandonment and Improper Revival of The Great-Grandparent '062 Application

The '734 Patent asserted in this case claims the benefit of a series of prior continuation applications and patents, the earliest of which is Application No. 11/639,062 ("the '062 application") filed on December 14, 2006. The '062 application issued as U.S. Patent No. 8,366,295 ("the '295 Patent") with Yuichiro Tanda and Toshio Matsushita as named inventors.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002

20-cv-00359

1  During prosecution of the '062 application, the PTO issued a Final Office
2  Action dated July 14, 2011.  (Declaration of Kal K. Shah ("Shah Decl."), Ex. B
3  (Final Office Action).)  Nichia submitted a request for reconsideration, but the
4  PTO denied the request in an Advisory Action dated November 10, 2011. (*Id*., Ex.
5  C (After-Final Response) and Ex. D (Advisory Action).)  Nichia did not file a
6  further reply to the Final Office Action prior to the final deadline of January 14,
7  2012 and instead allowed the '062 application to be abandoned.  Accordingly, the
8  PTO issued a Notice of Abandonment dated January 30, 2012, which noted that the
9  PTO Examiner assigned to the '062 application had called Nichia's attorney of
10 record and "verified that no response has been submitted."  (*Id*., Ex. E (Notice of
11 Abandonment).)  This confirms that Nichia had deliberately decided not to
12 continue prosecution of the '062 application.
13      Several months later, on May 24, 2012, Nichia filed a Petition to Revive
14 seeking to revive the abandoned '062 Application based on "unintentional delay."
15 (*Id*., Ex. F (Petition to Revive).)  In particular, the Petition to Revive included a
16 Statement of Unintentional Delay that purported to show that the entire delay in
17 filing the required reply to the Final Office Action from the due date for the reply
18 until the filing of the Petition to Revive was unintentional.  (*Id*.)
19      According to the Statement of Unintentional Delay, the '062 application
20 "was prosecuted by U.S. representatives upon instructions from a Japanese
21 representative who communicates with personnel in charge who belongs to an
22 Intellectual Property department hereinafter IP Personnel within Nichia
23 Corporation."  (*Id*.)  This IP Personnel admittedly "was very disappointed by the
24 repeated rejections from the USPTO" and, according to Nichia, purportedly "made
25 her own personal decision not to respond to the outstanding office action weighing
26 the balance of the chance of success and the cost effectiveness."  (*Id*.)  The IP
27 Personnel then notified the Japanese representative, who instructed the U.S.
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |                                    20-cv-00359

representatives on the same day, November 14, 2011, to allow the '062 application to go abandoned. (*Id.*)

Notwithstanding the assertion that the IP Personnel's decision was "her own personal decision," the IP Personnel had requisite authority, and on behalf of Nichia deliberately chose not to respond to the Final Office Action after receiving the Advisory Action. Nichia thus permitted the '062 application to become abandoned. Just recently, on June 30, 2021, Nichia supplemented its document production with monthly reports for its Intellectual Property department. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

The Statement of Unintentional Delay alleges that the IP Personnel misunderstood, and her decision did not reflect, "the Applicants' commitment" to the '062 application. "Applicant(s)" is further designated on the header of the document as "Yuichiro TANDA *et al.*" (*Id.*, Ex. F (Petition to Revive).) The Statement goes on to repeatedly reference to "Applicants' commitment" and that this application was "highly important" to the Applicants, suggesting the named inventors did not authorize the IP Personnel's decision to abandon the application. (*Id.*) Relying on these assertions the PTO granted the Petition to Revive and re-opened prosecution. (*Id.*, Ex. G (Decision on Petition to Revive).)

Toshio Matsushita, one of two named inventors, was deposed on June 10-11, 2021.[1] Contrary to Nichia's representations to the PTO that "Applicants" sought revival and did not approve of the abandonment, Mr. Matsushita testified that he (1) did not keep track of pending applications listing him as an inventor; (2) was not even aware that the '062 application was ever abandoned; and (3) did not

---

[1] Nichia represented in its initial disclosures that the other inventor, Yuichiro Tanda, could be reached through Nichia's counsel, but since has refused to provide Mr. Tanda for a deposition. Accordingly, Feit Electric is concurrently pursuing Letter Rogatory as to Mr. Tanda. (Dkt. No. 140).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |
20-cv-00359

contact any Nichia IP Personnel to request that the application be revived. (*Id.*, Ex. A (Matsushita Dep. Tr.) at 37:24-38:16, 81:13-82:25.)

The Statement of Unintentional Delay further alleges that subsequent to abandonment, certain "U.S. Personnel" (Mr. Teruhito Miki) checked the status of U.S. pending applications and found that the '062 application was abandoned. (*Id.*, Ex. F (Petition to Revive).) According to the Statement "[a]s soon as such knowledge was obtained, the U.S. Personnel promptly contacted the Japanese representative to instruct the U.S. representatives to prepare a Petition to Revive the application [and a RCE]." (*Id.*) ████████████████,
████████████████████████████████
████████████████████████████████
████████████████████████████████

Nichia withheld from the PTO the real reason for its about face. Shortly after the IP Personnel's decision to abandon, Panasonic announced that its filament-like clear LED light bulb (LDAHV4L27CG) was awarded the 2011 Good Design Gold Award by the Japan Institute of Design Promotion. (*Id.*, Ex. J (Panasonic 2011 Press Release).) Subsequently, in the first half of 2012 prior to the filing of Nichia's Petition to Revive, Panasonic's LED light bulb won at least three other industry design awards, including the IF Product Design Gold Award, Universal Design Award, and the Red Dot Design Award,. (*Id.*, Ex. K (Panasonic 2012 Press Release).)

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002|                                           20-cv-00359

██████████████████████████████████████████████████ This indicates that Nichia was aware of the prior awards to Panasonic and ultimately considered Panasonic's LED light bulb important to the continued prosecution of the '062 application.

In view of Nichia's incomplete and misleading narrative to the PTO and the additional factual evidence obtained by Feit Electric regarding abandonment and revival of the '062 application, Nichia's statement that the delay from the abandonment was unintentional is misleading and was made with an intent to deceive the PTO.

Based on this recently uncovered information, Feit Electric immediately served further discovery aimed specifically at the facts and circumstances relating to the abandonment and revival of the '062 Application. This includes written interrogatory responses, requests for admission, notices for personal deposition of Nichia's IP Personnel (Ms. Kiyomi Maruyama) and U.S. Personnel (Mr. Teruhito Miki) referenced in the Petition to Revive, notice for corporate deposition of Nichia, and subpoenas for the U.S. attorneys who prosecuted the '062 application (Mr. Masayasu Mori and Mr. Christopher D. Ward) and their firm Mori & Ward, LLP.

### B. Procedural Background

On January 13, 2020, Plaintiff Nichia Corporation's ("Nichia") filed the instant lawsuit alleging that Feit Electric infringed U.S. Patent No. 9,752,734 ("the '734 Patent"). (Dkt. No. 1). Feit Electric filed its Answer to the Complaint on May 29, 2020. (Dkt. No. 44). The Court held a claim construction hearing on January 21, 2021 and issued a Ruling on *Markman* Hearing on February 19, 2021.

On February 26, 2021, the Court issued a Scheduling Order, setting, among others, the following dates and requirements:

- Any amendments of pleadings must be made by way of a motion under Fed. R. Civ. P. 16. Final infringement contentions are to be made by March 26, 2021. Final invalidity contentions are to be made by April 23,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |
20-cv-00359

2021. Advice of counsel disclosures must be made by May 7, 2021. Privilege logs are to be exchanged by May 28, 2021.

- All regular discovery will be completed by August 20, 2021.
- Initial expert disclosures will be made by September 3, 2021; rebuttal expert disclosures by October 1, 2021, and all expert discovery will be completed by October 29, 2021.

(Dkt. No. 93).

## III.   APPLICABLE LAW

A party seeking to amend a pleading after a court issues its scheduling order must demonstrate good cause to modify the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609). Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Upon a showing of good cause under Rule 16, the party seeking leave to amend a pleading must also demonstrate amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Johnson*, 975 F.2d at 608. According to Rule 15(a), a party may amend a pleading after responsive pleadings have been filed with leave of court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) places the issue of leave to amend within the discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). As a result,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002 |                                                                 20-cv-00359

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id*. at 979 (citations omitted).

This Court has identified five factors relevant to whether a motion for leave to amend should be granted under Rule 15(a): "(1) futility of amendment; (2) undue prejudice to the opposing party by allowing the amendment; (3) bad faith or dilatory motive on the part of the moving party; (4) undue delay by the movant; or (5) repeated failure to cure deficiencies by amendments previously allowed." *Hyperion Fund, L.P. v. Samarium Technology Grp., Ltd.,* No. 07-cv-07505-FMC-RCx, 2008 WL 11410006, *1 (C.D. Cal. Sep. 3, 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  These factors are not of equal weight, but rather "it is the consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden of showing why leave to amend should not be granted is on the nonmoving party.  *U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466, 2012 WL 1577420, at *2 (C.D. Cal. May 4, 2012) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188-87 (9th Cir. 1987)).

## IV. ARGUMENT

### A. There Is Good Cause For Granting Feit Electric Leave To Amend

Amendments to a scheduling order under Rule 16(b) require a showing of "good cause," which "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Here, there is sufficient good cause to amend the scheduling order to allow Feit Electric to amend its Answer to add unenforceability defense based on inequitable conduct during prosecution of the great-grandparent '062 application.

Feit Electric only recently uncovered key facts supporting its proposed unenforceability defense. Specifically, Mr. Matsushita's deposition confirmed that, contrary to the statements made by Nichia and its prosecuting attorney Mr. Masayasu Mori to the PTO, Mr. Matsushita as one of the identified "Applicants"

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002
20-cv-00359

was not following the progress of the application such that the '062 application was not properly revived.² Moreover, Feit Electric diligently served requests for production seeking prosecution materials for the '734 Patent and related patents as early as September 15, 2020. (Shah Decl., Ex. M (RFP No. 16).) Yet Nichia waited until June 30, 2021 to produce the monthly reports for its Intellectual Property department.

Inequitable conduct must be pled with particularity under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009); Fed. R. Civ. P. 9(b). Feit Electric, however, was unable to plead its unenforceability defense with particularity until it recently obtained this information. In such instances, "[w]aiting to file the motion until after obtaining corroborating deposition testimony is also sufficient to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)." *Bd. of Trs. v. Roche Molecular Sys.*, No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 16556, at *21 n.7 (N.D. Cal. Mar. 3, 2008).

At the time of the Rule 16 scheduling conference, Feit Electric did not know and could not reasonably foresee that the named inventors had no involvement whatsoever in the prosecution of the great-grandparent '062 application or that Nichia withheld key facts from the PTO regarding the decision to revive that application. Rather, as soon as it learned last month of the facts in support of its proposed uneforceability defense, Feit Electric served further discovery regarding this defense and prepared this motion to amend the Court's scheduling order. Courts have found good cause to amend pleadings in such instances. *See, e.g., SKC Kolon PI, Inc. v. Kaneka Corp.*, No. CV 16-05948 AG (AJWx), 2017 U.S. Dist. LEXIS 231737, at *3 (C.D. Cal. July 31, 2017) (finding good cause for leave to amend answer to plead inequitable conduct defenses where defendant has shown

---

² Notably, Mr. Matsushita's deposition was the second deposition in the case - and the only depositions in the case to date have been taken by Feit Electric.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002 |

20-cv-00359

that it couldn't have reasonably met the scheduling order's deadline for filing amended pleadings despite its diligence); *Rivera v. Remington Designs, LLC,* No. LA CV16–04676 JAK (SSx), 2017 WL 3581164, *2 (C.D. Cal. Jul. 14, 2017) (finding good cause for leave to amend complaint where no substantial delay existed after issue regarding product identified in the complaint was raised); *Separation Design Group IP v. Inogen, Inc.*, No. LA CV15–08323 JAK (JPRx), 2016 WL 7610616, *2 (C.D. Cal. Oct. 21, 2016) (finding good cause for leave to amend complaint where plaintiff sought first to comply with its Rule 11 obligations by investigating newly released product and did not unduly delayed or act in bad faith in seeking leave to amend).

Therefore, good cause exists for the Court to modify its scheduling order to allow Feit Electric to amend its Answer.

### B. Leave to Amend Feit Electric's Answer Should Be Granted

Rule 15(a) provides that courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). None of the factors considered by this Court in deciding whether a motion for leave to amend should be granted under Rule 15(a), including futility of amendment, undue prejudice to the opposing party, bad faith or dilatory motive, undue delay, and repeated failure to cure deficiencies by amendments previously allowed, favor denying Feit Electric's motion.

#### 1. Feit Electric's Amendments Poses No Undue Prejudice On Nichia

When deciding whether or not to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend". *Id*. (citations omitted).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER

4813-1460-9651/106220-0002

20-cv-00359

In this case, Nichia cannot reasonably argue it will be prejudiced if the Court granted Feit Electric leave to amend its Answer. Nichia has always been in possession of the facts surrounding its revival of the '062 application upon which Feit Electric's proposed amendments are based. *See Ecoject, Inc. v. Luraco, Inc.*, No. 16-00487-AG-KES, 2017 WL 6939158, *3 (C.D. Cal. Mar. 22, 2017) (finding no undue prejudice in granting leave to amend answer with inventorship defense where plaintiff "should already be in possession of most of the evidence surrounding inventorship and conception").

Further, expert discovery has not yet begun and Nichia will have ample opportunity to retain a rebuttal expert regarding the proposed unenforceability defense. If additional time is required to complete fact discovery regarding Feit Electric's unenforceability defense, any prejudice will be the result of Nichia's delays in producing relevant documents and witnesses.

## 2.     Feit Electric's Amendments Would Not Be Futile

"A proposed amendment is futile only if 'no set of facts can be proved under the amendment that would constitute a valid claim or defense.'" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Feit Electric's proposed amendments plead the factual bases to support its unenforceability defense based on inequitable conduct during prosecution of the great-grandparent '062 application with particularity as required under Rule 9(b).

With regard to a claim for inequitable conduct, a party must allege that "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 n.3. Here, Feit Electric pleads that at least Nichia's agent Mr. Teruhito Miki and/or its prosecuting attorney Mr. Masayasu Mori, each associated with the filing and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002
20-cv-00359

prosecution of the '062 application and having a duty of candor and good faith in dealing with the PTO, misrepresented in the Petition to Revive that the delay in abandonment of the '062 application was unintentional. Feit Electric alleges facts corroborating that the IP Personnel (Ms. Kiyomi Maruyama) deliberately allowed the '062 application to be abandoned on behalf of Nichia. The Petition to Revive, however, mischaracterizes her decision as "her own personal decision." Feit Electric also alleges facts surrounding the critical success of Panasonic's LED light bulb in the period between abandonment and revival of the '062 application that provide a motivation for the misrepresentation that the delay in abandonment was unintentional. Mr. Teruhito Miki and Mr. Masayasu Mori did not disclose this information to the PTO.

The PTO would not have revived the '062 application if it had known that Nichia deliberately allowed the application to become abandoned and then simply changed its mind. Thus, the false statement of "unintentional delay" from the abandonment of the '062 application is material. *See In re Rembrandt Technologies LP Patent Litigation*, 899 F.3d 1254, 1272-73 (Fed. Cir. 2018) (holding that a patentee's statement that the delay in payment of maintenance fees was "unintentional" is material to patentability).

The facts pled in Feit Electric's proposed amendments also are sufficient for the Court to reasonably infer that the Mr. Teruhito Miki and/or Mr. Masayasu Mori knew that 1) Nichia intentionally abandoned the '062 application and then simply changed its mind and 2) withheld this information and misrepresented to the PTO that the delay from abandonment was unintentional with a specific intent to deceive the PTO.

Nichia's inequitable conduct during the prosecution of the '062 application renders the '734 Patent unenforceable under the doctrine of infectious unenforceability. "Pursuant to this infectious unenforceability doctrine, inequitable conduct associated with one patent may render a related patent

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 | 20-cv-00359

unenforceable—so long as the inequitable conduct at issue bears 'an immediate and necessary relation' to the enforcement of the related patent." *Guardant Health, Inc. v. Foundation Medicine, Inc.*, No. 17-1616-LPS-CJB, 2020 WL 2477522, *5 (D. Del. Jan. 7, 2020) (citing *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F. 2d 804, 80-11 (Fed. Cir. 1990) and *Hoffman-La Roche, Inc. v. Promega Corp.*, 319 F. Supp. 2d 1011, 1017 (N.D. Cal. 2004). As set forth in Feit Electric's proposed amendments, the '734 Patent is part of a chain of continuation applications that share the same specification and claim priority back to '062 application. As a result, but for revival of the '062 application, the '734 Patent could not claim priority to the '062 application and the publication of the '062 application would anticipate all of the claims of the '734 Patent. Therefore, the inequitable conduct that led to the revival of the '062 application is related to enforcement of the claims of the '734 Patent. See *Guardant Health,* 2020 WL 2477522 at *10 ("a later continuation patent will almost surely be found to bear an "immediate and necessary relation" to the patent obtained by way of the inequitable conduct").

### 3. Feit Electric Has Not Acted In Bad Forth Or A Dilatory Motive

There is no evidence of bad faith or dilatory motive on the part of Feit Electric. For purposes of such an analysis, bad faith includes "tactics such as adding a defendant for the purpose of defeating diversity jurisdiction." *O'Shea v. Epson Am., Inc.*, No. 09-cv-8063-PSG, 2010 WL 4025627, *2 (C.D. Cal.) (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)). Here, as stated in the foregoing, Feit Electric wishes to add a new unenforceability defense to account for newly discovered information. Thus, this factor weighs in favor of granting Feit Electric leave to amend, or at most it is neutral in the analysis, albeit outweighed by the supporting factors.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |
20-cv-00359

### 4. Feit Electric has Not Caused Any Undue Delay

While the Court must consider whether Feit Electric has unduly delayed in seeking this proposed amendment, the timeline of events leading up to this motion shows that Feit Electric caused no undue delay. Here, it has barely been a month since Feit Electric deposed Mr. Matsushita and even less since Nichia belatedly produced relevant documents to Feit Electric's outstanding requests for production. If anything, it is Nichia's own delay that has dictated the timing of this motion.

This factor also weighs in favor of granting Feit Electric leave to amend its Answer, yet even if it did not, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980. Here, since there has been no showing of bad faith on the part of Feit Electric or prejudice to Nichia, leave to amend should be granted.

### 5. Feit Electric Has Not Filed Any Previous Amended Answer

Finally, there have been no previous amendments to the Answer by Feit Electric. Accordingly, this factor also weighs in favor of granting leave to amend.

## V. CONCLUSION

For the foregoing reasons, this Court should grant Feit Electric leave to amend its Answer to add an unenforceability defense based on inequitable conduct during prosecution of the '734 Patent's great-grandparent application.

DATED: July 22, 2021         BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: */s/ Kal Shah*
Kal Shah

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

13
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 | 20-cv-00359

| | |
|---|---|
| DATED: July 22, 2021 | STRADLING YOCCA CARLSON & RAUTH<br>A PROFESSIONAL CORPORATION |
| | By: */s/ Salil Bali* |
| | Salil Bali<br>Matthew R. Stephens |
| | *Attorneys for Defendant*<br>*Feit Electric Company, Inc.* |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14
FEIT ELECTRIC'S MOTION FOR LEAVE TO AMEND ANSWER
4813-1460-9651/106220-0002 |
20-cv-00359