WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
ELIZABETH M. WELDON (SBN 223452)
eweldon@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA  92626
Telephone:  (714) 427-7000
Facsimile:   (714) 427-7799

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN M. ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (*pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN
lallen@rfem.com
Rothwell, Figg, Ernst & Manbeck P.C.
607 14th Street N.W. – Suite 800
Washington, DC 20005
Telephone:  (202) 783-6040
Facsimile:  (202) 783-6031

Attorneys for Plaintiff Nichia Corporation

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>   Plaintiff<br><br>   v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>   Defendant. | Case No. 2:20-cv-00359-GW-E<br><br>**PLAINTIFF NICHIA CORPORATION'S OPPOSITION TO FEIT ELECTRIC COMPANY, INC.'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date:    August 19, 2021<br>Time:    8:30 a.m.<br>Ctrm:    9D<br>            350 West 1st Street,<br>            Los Angeles, CA, 90012<br>Complaint filed January 13, 2020 |

## Table of Contents

                                    **Page**

ARGUMENT ........................................................................................................................ 1
I      The Parties Have Proposed a Revised Case Schedule ................................... 1
II     Feit's Motion Should be Denied ................................................................... 2
        1.     The Availability of Yuichiro Tanda ................................................... 4
        2.     The Availability if "IP Personnel" .................................................... 5
        3.     The Deposition of Nichia's Prosecution Counsel ............................. 6
        4.     Nichia's "Japanese Roots" and the Pandemic .................................. 6
CONCLUSION .................................................................................................................. 7

Plaintiff Nichia Corporation ("Nichia") opposes defendant Feit Electric Co., Inc.'s ("Feit's") Motion to Modify the Scheduling Order ("Motion"). Feit asks the Court to extend the discovery deadline in this case by five months, from the current deadline of August 20, 2021 to January 20, 2022. Feit's Motion should be denied on two grounds.

*First*, after Feit filed the Motion, the parties submitted a Joint Stipulation to seek leave to withdraw Feit's Motion and to modify the case schedule. [Dkt. 158.] The parties' proposed schedule, if granted, would extend the fact discovery deadline by about 45 days (from August 20 to October 6, 2021).

*Second,* if the Court does not endorse the parties' proposed schedule, then the Court should not extend the fact discovery deadline by five months, as Feit requests. To be blunt, Feit dithered. For more than a year after this case was filed, Feit actively opposed discovery. Feit engaged in little discovery for the first 18 months, and then only moved forward because Nichia insisted and Magistrate Eick ordered Feit to do so. Feit should not be allowed a five-month extension to make up for its own litigation tactics, and its failure to take timely discovery when it had the chance.

## ARGUMENT

### I. The Parties Have Proposed a Revised Case Schedule

Following Feit's filing of the Motion, the parties discussed the case schedule and agreed that some modification was necessary. The parties then negotiated a Joint Stipulation, which they filed on July 27, 2021. The Joint Stipulation seeks leave for Feit to withdraw the Motion, and proposes a modification to the case schedule that adjusts the various deadlines by between 45 and 60 days. [Dkt. 158.]

The Joint Stipulation sets out good cause for the modified schedule as follows:

>(1) The parties have not completed the written discovery that is necessary for them proceed with the remaining depositions. The parties strongly disagree as to which of them is responsible for this situation, and each party has filed discovery motions that have been decided by Magistrate Judge Eick. Additional motions are pending, and others may be filed if necessary. The extension of the deadlines will allow Judge Eick to rule on these matters, and for the parties to proceed accordingly.
>
>(2) The Covid-19 pandemic has had an impact on discovery, particularly with respect to Nichia witnesses in Japan. As the Court is aware, the only lawful way to take depositions in Japan is at facilities maintained by the American consular facilities, but the facilities are not available and will not be for the foreseeable future. Japanese witnesses have agreed to come to the United States (specifically Hawaii, for logistical reasons). But limitations on travel by public transportation in Japan, strict quarantine requirements following the witness' return to Japan, and additional restrictions resulting from the Tokyo Olympics, has made scheduling difficult. This confluence of circumstances has limited the parties' ability to schedule remaining depositions during the time available in the current schedule.

[Dkt. 158 at 2.]

For these reasons, Nichia asks the Court to modify the case schedule – or at least extend the discovery deadline – in accordance with parties' stipulation.

## II. Feit's Motion Should be Denied

If the Court does not approve the Joint Stipulation, then it should deny Feit's motion (or only grant it to adopt a schedule that is substantially consistent with the Joint Stipulation). Feit has not provided any justification for a five-month extension of the deadline to complete discovery. All of Feit's complaints about the

current schedule are the results of Feit's own tactics of procrastination and obstruction. For context, a brief history of this lawsuit is in order.

Nichia filed its complaint on January 2020, asserting infringement of Nichia's U.S. Patent No. 9,752,734 (the "'734 Patent"). Feit filed a motion to dismiss, which the Court denied. [Dkt. 43.] Feit then filed a motion to strike Nichia's initial infringement contentions, which the Court also denied. [Dkt. 59.] The Court then proceeded to the *Markman* briefing and hearing. The Court issued its *Markman* ruling on February 19, 2021, and soon thereafter set a schedule for the remainder of the case. [Dkt. 93.]

During this period, more than a year into the case, Feit refused to participate in any significant discovery. Indeed, it asked the Court to hold document production in abeyance pending conclusion of the *Markman* process and the Court's issuance of its decision construing the claims. The Court granted Feit's request. [Dkt. 59 ("Counsel will advise Magistrate Judge Eick regarding today's hearing and the postponement of discovery matters until this motion is resolved."); Dkt. 66.] During this period, Feit served minimal discovery. [Declaration of Robert P. Parker ("Parker Dec."), ¶ 2.]

Following the *Markman* decision in February 2021, the Court issued a case schedule that called for "[a]ll regular discovery [to be] completed by August 20, 2021." [Dkt. 93.] Given the six-month discovery period, one would have expected Feit to proceed with discovery forthwith. Not so. Feit issued no further written discovery and noticed no depositions, until two months later.

On April 26, 2021, Nichia told Feit that arrangements for the depositions of Nichia witnesses would be difficult because of COVID-related restrictions on travel and for other reasons. Nichia explained that two Nichia witnesses would be in Hawaii for depositions in another case, and Nichia proposed to coordinate depositions in both cases for the same time period in June. Initially, Feit agreed to that plan, and Nichia made the necessary arrangements. Feit reneged on the deal.

3

Nichia was forced to file a motion *for a protective order directing Feit to take the deposition of Nichia's witnesses*. [Dkt. 118.] Judge Eick granted Nichia's motion and ordered that Feit take the depositions as Feit had agreed. [Dkt. 123.]

By June 2021, of course, only two months remained for all remaining fact discovery. Even then Feit procrastinated. As Feit concedes in its Notice of Motion, it raised the idea of modifying the case schedule with Nichia's counsel on June 17, 2021. [Dkt. No. 151 (Notice of Motion at i).] Feit did not file the present Motion until July 20 – more than a month later, when over half of the remaining discovery period had passed. Why the delay? Feit is mum.

Now Feit complains that it needs five additional months for discovery. It says that it has been diligent in its discovery efforts. As explained above, that is not true. As explained below, Feit's remaining arguments are spurious.

1. The Availability of Yuichiro Tanda

According to Feit, Nichia "misrepresented the availability" of Mr. Yuichiro Tanda one of the named inventors on the patent-in-suit. Not so.

Nichia disclosed at the outset of this case, in its initial disclosures pursuant to Rule 26(a), that Mr. Tanda was no longer a Nichia employee, but could be contacted through Nichia's counsel. [Dkt. 141-1 (Shah Dec.) Ex. H. at 2.] Feit now claims that "Nichia expressly represented he was within Nichia's authority," Motion at 9, but that is not true. Nichia's initial disclosures state the opposite: "Yuichiro Tanda *is no longer employed by Nichia*, but may be contacted through Nichia's counsel." [*Id.* (emphasis added).]

As explained above, Feit took no interest in discovery, from Mr. Tanda or otherwise, until Nichia pressed Feit forward in late April. Feit then raised the issue of Mr. Tanda's deposition for the first time, only to be reminded that Mr. Tanda was no longer a Nichia employee. On May 14, 2021, Feit noticed Mr. Tanda's deposition, and Nichia again reminded Feit that Mr. Tanda is not a party or affiliated with a party. At the request of Feit's counsel, and consistent with

1  Nichia's disclosure that Mr. Tanda could be contacted through counsel, Nichia
2  asked whether Mr. Tanda would appear for a deposition voluntarily in the United
3  States or elsewhere, but he has declined. [Parker Dec., ¶ 3, Ex. 1.] Finally, a few
4  weeks ago, just before the end of fact discovery, Feit file an application for the
5  issuance letters rogatory to secure Mr. Tanda's deposition in Japan. [Dkt. 125.]

Throughout this process, Feit has blamed its inability to secure Mr. Tanda's deposition on undersigned counsel. Now Feit says that Nichia has "misrepresented" Mr. Tanda's availability. Not so. From the time Nichia submitted its Rule 26(a) initial disclosures, Feit knew or should have known that it would have to secure Mr. Tanda's deposition, if at all, either through Mr. Tanda's agreement (which Nichia's counsel has requested, at Feit's behest), or through international process. Feit never raised the issue until the eleventh hour, and now chooses to blame Nichia. The fault is entirely Feit's.

2. The Availability if "IP Personnel"

Feit complains that it needs an extension so as to take the deposition of one of Nichia's IP Personnel, Ms. Kiyomi Maruyama. Again, Feit tries to blame Nichia for its own neglect. Ms. Maruyama is a Nichia employee who was involved in the prosecution of the patent-in-suit. Feit could have taken her deposition at any time. In June, Ms. Maruyama was diagnosed with a medical condition that is expected to make her unavailable for any work-related activity at least through the end of this year (if not more). Feit is aware of this, and has received confidential information regarding the reasons for this situation. [Dkt. No. 141 (Motion) at 11.]

Once again, the fault for Feit's predicament is Feit's alone, not Nichia's. Had Feit made a serious effort to begin discovery earlier, it would not be in this position. Why didn't Feit take discovery seriously, and work to schedule depositions before the very last minute? Feit does not say. Having chosen to delay discovery for its own undisclosed reasons, Feit should not be heard to complain that circumstances beyond anyone's control or expectations now thwart Feit's plans.

### 3. The Deposition of Nichia's Prosecution Counsel

Feit points out that the attorney who prosecuted the patent-in-suit, Mr. Masayasu Mori, is not available for deposition during the fact discovery period. However, he has been scheduled for deposition – without objection from Nichia – on August 26, 2021, just six days after the close of fact discovery. Feit will have his testimony, and a six-*day* delay does not justify a five-*month* adjustment to the fact discovery period.

At the risk of sounding monotonous, the fault for the problem once again is Feit's procrastination. Feit did not issue a third-party subpoena to Mr. Mori until June 15, 2021. Parker Dec. Ex. 2 (Mori subpoena). Why did Feit wait? Again, Feit does not say. But now Feit asks the Court to relieve Feit of the consequences of its own litigation decisions.

### 4. Nichia's "Japanese Roots" and the Pandemic

Feit says that a modification of the case schedule is warranted in light of Nichia's "Japanese roots" and the pandemic. [Dkt. 141 (Motion) at 13.] As to the former, Feit says only, "The parties have made great strides despite the numerous discovery challenges presented by Nichia's Japanese background." *Id.* Presumably, Feit is referring to the fact that many of Nichia's discovery documents are in Japanese. But again, that should not have been news to Feit when it decided to hold off on any significant discovery until two months before the end of the fact-discovery deadline.

Nichia agrees with Feit that the pandemic has been an issue. However, as Feit is aware, the parties had scheduled most depositions for both parties (except for Mr. Mori and his partner, Mr. Ward) during the discovery period. The parties had agreed to consider later deposition dates for two Nichia witnesses, Mr. Takagi and Mr. Swenson – with Mr. Takagi (a senior Nichia official) to be deposed at around the time of the parties' in-person mediation so he does not have to make two trips.

Parker Dec., Ex. 3 (Letter from Kal Shah to R. Parker, July 9, 2021) (showing witness schedules).

The modest extension set out in the parties' Joint Stipulation will accommodate all remaining concerns relating to Nichia's "Japanese roots" and the pandemic. There is no need, or justification, for a five-month extension.

## **CONCLUSION**

For the foregoing reasons, Feit's motion to modify the schedule should be denied. Nichia respectfully requests that the Court enter the parties' modest modification of the case schedule as set out in their Joint Stipulation, with such changes as the Court deems appropriate.

DATED: July 29, 2021      By: */s/ Elizabeth M. Weldon*

SNELL & WILMER L.L.P

WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
ELIZABETH M. WELDON (SBN 223452)
eweldon@swlaw.com
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROTHWELL, FIGG, ERNST & MANBECK P.C.

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN M. ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (*pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (*pro hac vice*)

lallen@rfem.com
ROTHWELL, FIGG, ERNST &MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Plaintiff Nichia Corporation*

4837-8565-3748.3