WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (*pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (*pro hac vice*)
lallen@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

Attorneys for Plaintiff Nichia Corporation

Salil Bali (SBN 263001)
sbali@sycr.com
Matthew R. Stephens (SBN 288223)
mstephens@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah (*pro hac vice*)
kshah@beneschlaw.com
Katherine A. Smith (*pro hac vice*)
ksmith@beneschlaw.com
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

Attorneys for Defendant
Feit Electric Company, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>           Defendant. | Case No. 2:20-cv-00359-GW-E<br>Hon. George H. Wu, Ctrm. 9D<br>Magistrate Judge: Charles F. Eick<br><br>**DISCOVERY MATTER**<br><br>JOINT STIPULATION RE NICHIA'S MOTION TO COMPEL FEIT TO PRODUCE DOCUMENTS AND SAMPLES PURSUANT TO RFP NOS. 2 AND 37<br><br>Hearing Date: August 20, 2021<br>Time:     9:30 a.m.<br>Ctrm:     750<br><br>Fact Disc. Cut-off: Aug. 20, 2021<br>Expert Disc. Cut-off: Oct. 29, 2021 |

Pretrial Conference: January 13, 2022
Jury Trial: January 25, 2022

# **TABLE OF CONTENTS**

I.    INTRODUCTORY STATEMENTS ........................................................ 1

    A.    Nichia's Introduction ........................................................ 1

    B.    Feit's Introduction ........................................................... 4

II.   STATEMENT OF FACTS.................................................................... 6

    A.    Nichia's Statement of Facts ............................................. 6

    B.    Feit's Statement of Facts ................................................. 9

III.  ISSUES IN DISPUTE ........................................................................ 10

    A.    Nichia's Request for Production Nos 2 and 37 ...................... 10

        Nichia's Contentions and Proposed Resolution for RFP No. 2 .................................................................................... 11

        Feit's Position and Proposed Resolution for RFP No. 2 .......... 12

        Nichia's Contentions and Proposed Resolution for RFP No. 37 .................................................................................. 14

        Feit's Position and Proposed Resolution for RFP No. 37 ........ 17

14885692 v2

1    Pursuant to Fed. R. Civ. P. 34 and C.D. Cal. Local Rules 37-1 through 37-4,

2    Plaintiff Nichia Corporation ("Nichia") and Defendant Feit Electric Company, Inc.

3    ("Feit Electric") (collectively, the "Parties") submit the following joint stipulation

4    in connection with Nichia's motion to compel Feit to produce documents and

5    samples pursuant to Request For Production Nos. 2 and 37.  Because the close of

6    fact discovery is set as August 20, 2021, the parties request that the Magistrate

7    Judge decide this motion without hearing before August 20, 2021, to the extent

8    possible.

9  **I.     INTRODUCTORY STATEMENTS**

10    **A.     Nichia's Introduction**

11    This dispute concerns Feit's delays in producing samples of Accused

12    Products pursuant to Request for Production No. 2 and documents from a related

13    ITC case pursuant to Request for Production No. 37.  There does not appear to be a

14    dispute that the requested samples and documents are relevant and should be

15    produced; rather, the question is just one of delay—namely, Feit has said it will

16    produce the requested materials but it has not yet done so despite the passage of

17    many months.  Meanwhile the close of fact discovery (including compliance with

18    orders on motions to compel) is August 20, 2021.  In view of these facts, and the

19    past disputes between the parties regarding Feit's changing positions on whether it

20    will provide certain discovery and its delays in providing relevant discovery, Nichia

21    felt like its only option for ensuring that it would receive the requested discovery—

22    which is important to this case—is by filing this motion.

23    Request for Production No. 2 requests that Feit "[p]roduce three (3) samples

24    of each Accused Product."  Nichia offered to pay Feit's reasonable costs for the

25    productions and shipping.  Subject to its objections, Feit stated in its September 11,

26    2020 response that it "will conduct a reasonable search and produce corresponding

27    samples if available."  To-date, Nichia has _still_ not received _any_ samples from Feit.

28    Part of the excuse for Feit's delay is that it contends there were too many products

1

and samples that were requested.  However, this excuse lacks merit because Nichia repeatedly offered to try to narrow the scope of the case based on financial information about the Accused Products, or information about Feit's top-selling Accused Products, but Feit continually refused to produce such information.

On July 1, 2021, Feit finally—after much ado, including the filing of a motion to compel—produced *some* financial information in this case (i.e., aggregate data).[1]  From that, Nichia was able to determine which of the Accused Products were Feit's top selling filament-style LED lighting products—information that Nichia had requested from Feit multitudinous times in the past.  In view of the summary sales information, Nichia wrote to Feit on July 7, 2021, offering to narrow Request for Production No. 2 to Feit's top ten best-selling Accused Products.  Feit responded on July 13, questioning the relevancy of the identified products, and agreeing to "provide samples if available and not unduly burdensome."  Ex. 1 [July 13, 2021 email from Kal Shah to Mark Rawls].

The parties met and conferred on July 16, 2021.  Nichia's counsel explained that the ten identified products were Feit's top ten best-selling products in the United States, according to Feit's own production.  In view of this representation, Feit's counsel preliminarily agreed to Nichia's request to produce some samples, but said it would need to look into what samples of what products were available.  Also, Feit would not agree to a date certain for production of the requested samples.  In a follow-up email on July 19, 2021, Feit said it "should have more details by week end."  Ex. 2 [7/19/21 email from Kal Shah to Mark Rawls].

Request for Production No. 37 requests that Feit produce "[a]ll documents reviewed or produced in any venue relating to the Accused Products.  Without limitation, this includes responsive Documents produced by any entity in the

---

[1] The parties continue to dispute whether the information produced is in full compliance with Interrogatory No. 10.  *See* Dkt. 3 (ordering that Feit provide a complete response without objection).

investigation number 337-TA-1220 in the U.S. International Trade Commission captioned Certain Filament Light-Emitting Diodes and Products Containing Same. This also includes responsive documents produced by any entity in *Lexington Luminance LLC v. Feit Electric Company, Inc.*, Case No. 2-18-cv-10513 (C.D. Cal.). On March 29, 2021, Feit objected and agreed that it would "search documents collected for any relevant litigation such as the U.S. International Trade Commission captioned Certain Filament Light-Emitting Diodes and Products Containing Same for properly framed and served documents requests in this action so as to cover any relevant and responsive documents from those matters; however, there is no basis for the wholesale production of documents from that action." Nichia followed up with Feit on April 6, June 22, June 29, and July 2 regarding this request, and made specific requests for the production of categories of relevant information. On July 13, 2021, Feit responded, stating that it is "in the process of gathering the requested materials from the Regents ITC proceeding, noting that we will not be producing materials that include confidential business information; however, the latter is a limited amount of documents." On July 16, 2021, the parties met and conferred, and Feit agreed to produce responsive, relevant documents by the end of the following week so long as they did not contain third party confidential business information. With respect to relevant third party confidential business information in the ITC case (*e.g.*, supplier information, including information from ▮▮▮▮), Feit said it would look into this information but could not yet make a representation regarding whether it would be produced. In follow-up correspondence on July 19, 2021, Feit seemingly backtracked. It did not expressly confirm that its production would be issued by July 23, 2021, and regarding the scope of its production, it stated "we will produced [sic] as we believe is appropriate and we can discuss any corresponding disputes thereafter." Ex. XX (7/19/21 email from Kal Shah to Mark Rawls). Of course, Feit's email completely ignores that the close of fact discovery is August 20, 2021, so there is insufficient

3

1  time to "discuss any corresponding disputes thereafter." *See id.*

2      In view of the foregoing, and because the close of fact discovery is August

3  20, 2021, Nichia is left with no option but to move to compel Feit to produce the

4  requested samples and ITC documents.

5      **B.    Feit's Introduction**

6      Feit Electric objects to this filing as improper under the Local Rules of the

7  Central District of California and respectfully requests the Court's assistance in

8  clarifying the application of Local Rule 37 through a hearing or corresponding

9  ruling. As Feit Electric understands the Rule, it serves to pinpoint precise disputes

10  and actual impasses such that Court intervention is limited to those issues where

11  such intervention is truly necessary. But as Nichia's application of this process here

12  (as well as throughout this case) as a placeholder, then even when Feit Electric

13  undertakes the efforts that Nichia purportedly claims are necessary to avoid

14  needless motion practice, Nichia continues to use this process as a cudgel to rush

15  the process and allow Nichia to manufacture deficiencies it then raises in its

16  supplement. This requires Feit Electric to repeatedly respond to Joint Stipulation

17  arguments that do not reflect its efforts, while Nichia then asks this Court to wade

18  through stale issues. This is not and cannot be what Local Rule 37 is meant to

19  accomplish. (L.R. 37-1 ("counsel for the parties must confer in a good-faith effort

20  to eliminate the necessity for hearing the motion or to eliminate as many of the

21  disputes as possible.")).

22      Despite the clear import of the Local Rules, Nichia games the system using

23  the following *modus operandi*: (i) it sends a barrage of letters, but does not

24  expressly meet the requirements of Local Rule 37; (ii) it unilaterally interjects

25  issues in calls without fair notice -- for instance this submission follows what

26  Nichia termed as "housekeeping" during a Rule 30(b)(6) conference; (iii) Feit

27  Electric then offers a compromise in an effort to avoid the cost and burden on the

28  court of motion practice, (iv) Nichia serves a joint stipulation nevertheless,

4

asserting "we are serving this joint stipulation now out of an abundance of caution" (Kal K. Shah Declaration ("Shah Decl."), Ex. A (7/21/21 email from J. Colgate to K. Shah)); (v) Feit Electric satisfies what it understood to be the compromise but still must somehow now respond to the outdated Joint Stipulation; and (vi) because the motion has been filed nonetheless, Nichia asserts some nominal deficiency to goad the Court into ordering further discovery based on outdated information.

Nichia's conduct is at odds with both the spirit and letter of Local Rule 37. It puts no onus on Nichia to reduce or eliminate issues. It does not account for Feit Electric's corresponding efforts to avoid or narrow the scope of motion practice and requires Feit Electric to brief issues it specifically sought to avoid by providing information that otherwise is subject to proper objections. It presents this Court with stale and often misleading views of the discovery issues.

This latest iteration is a prime example. With respect to Request for Production No. 2, Nichia asked for three samples of over 800 products. Obviously, this is unworkable. Nichia ultimately recognized the impropriety of its position and asked for samples for ten products. Feit Electric has agreed and is collecting them. Moreover, Feit Electric has given Nichia updates on its progress and even indicated it would send what it can *this week*. Yet, Nichia brings this motion based on its positions from a week ago (and with no actual dispute on this issue).

Similarly, on June 22, 2021, Nichia's lead counsel sent an email asking for specifically identified documents from a co-pending ITC case. Notwithstanding the irrelevance of that matter, Feit Electric agreed to produce the identified documents, except for those that contained Confidential Business Information of other Respondents to that action.[2] Feit Electric further produced the documents accordingly. Nichia, because it prematurely submitted its Joint Stipulation, cooks up

---

[2] Such material is not under Feit Electric's control and, moreover, is subject to a strict Protective Order. Notably, Nichia has not sought those matters directly from the ITC or other respondents.

a new "deficiency" -- not identified in Nichia's June 22, 2021 email -- to pursue its stale motion. The Joint Stipulation does not reflect the above and is, as a result, inaccurate.

Nichia tactics are abusive and harassing. Feit Electric has produced or is in the process of producing the documents and samples at issue. There is no reason this Court should be further burdened with this matter.[3]

## II.   STATEMENT OF FACTS

### A.   Nichia's Statement of Facts

Nichia requested the samples at-issue eleven months ago, and the requested ITC documents at-issue five months ago.  Feit does not contest that the requested samples and documents are relevant—it just has not yet produced them, and refuses to commit to a date certain for doing so.  In the parties' July 16, 2021 meet and confer, Feit seemingly committed to producing the sample and ITC information the following week.  However, in July 19, 2021 follow-up correspondence, intended to confirm the agreement, Feit did not confirm a date certain for its production.  Ex. 2 (7/19/21 email from Kal Shah to Mark Rawls).  Instead, Feit suggested that it would look into the sample and ITC matters, and the parties could further discuss any disputes thereafter.  There is no longer time for "kicking the can down the road."  If Feit cannot provide a date certain for its highly-relevant productions, then Nichia's only option is to move the Court for an order requiring the productions.

<u>Samples</u>

During the parties' July 16, 2021 meet and confer, the parties discussed Nichia's narrowed request for samples, given that Feit had not yet produced any samples pursuant to Nichia's Request for Production No. 2.  Mr. Shah confirmed

---

[3] Nichia employed similar tactics recently with respect to its Joint Stipulation regarding Interrogatory Nos. 9-11. As a result, even though Feit Electric produced detailed financials for over 800 products, this Court was given the perception that Feit Electric had not provided such information. This Court then ruled that Feit Electric should respond, allowing Nichia to use the Court's ruling to extract scope that was far beyond what is needed based on Nichia's own admissions.

14885692 v2

that Feit was already looking into Nichia's narrowed request, and that so long as the products that samples were requested of were available, Feit would be able to produce them.  Mr. Shah represented that Feit would know by the end of the following week (*i.e.*, July 23, 2021).  Nichia counsel asked how long it would take for Feit to then produce the samples, and Mr. Shah represented that it is "not a two-step process."  Either the samples are available or they are not, and if they are, Feit should be able to send them out that same week.  Colgate Dec. at ¶ 8.

On July 19, 2021, Nichia sent Feit an email confirming the parties' discussion.  Nichia wrote: "Regarding our request for samples, you indicated that Feit is working to obtain the samples on the list that we provided in our letter, and that you would send to us this week the samples that Feit located."  Ex. 2.  Feit responded inconsistently with its representations during the July 16 meet and confer.  It stated, "As mentioned, I will update you regarding our search for samples.  I am not sure if we will be able to send this week as well, but should have more details by week end."  *Id*.

ITC Documents

During the parties' July 16 meet and confer, they also discussed Nichia's Request for Production No. 37 with respect the pending ITC investigation involving Feit and filament-style LED bulbs.  Specifically, Nichia called out several categories of documents from the ITC case that should be produced, including:

- Confidential Exhibit A to Respondent Feit Electric Co., Inc.'s Response to Complaint under Section 337 of the Tariff Act of 1930 and Response to the Notice of Investigation;
- Deposition transcripts of Feit employees;
- Deposition transcripts of Feit experts;
- Joint Stipulation of Material Facts between The Regents and Feit Relating to Importation and Inventory;

7

- Expert reports and pre-hearing briefing related to invalidity and infringement (Feit's/Respondents' reports *and UCSB's*);
- Unredacted trial transcripts and post-hearing briefs as soon as available; and
- Information provided in that case by any of Feit's direct or indirect suppliers. For sample, Feit's recent motion in limine in the ITC case indicates that ▮▮▮▮ has produced a number of documents relating to LED filaments. As ▮▮▮▮ supplies LED filaments in Feit's accused products in this case, that information is highly relevant and should be produced here. Similarly, any information from ▮▮▮▮ or other supplies of LED filaments in Feit products should be produced here.

*See* Ex. 1 (7/13/21 letter from M. Rawls to K. Shah).

In response to the identified categories of documents, Feit represented that it was planning to produce almost everything Nichia asked for, with the exception of some information that might be confidential business information of other respondents (such as Satco). Nichia explained that it was not interested in confidential business information from other respondents, but to the extent there was relevant CBI in the ITC case (such as from Feit's direct or indirect suppliers) that Feit's CBI objection was not a proper basis to withhold documents. *See* Ex. 2 (7/19/21 email from K. Shah to M. Rawls). Feit represented that it was collecting the information and did not know about the Feit supplier documents from, e.g., ▮▮▮▮, but it would follow up with Nichia the following week and, if necessary, have an additional meet and confer on that issue. *See id.* Feit also represented that it thought it would be able to produce the ITC documents (except for the supplier documents) by Friday, July 23, 2021. *See id*.

On July 19, 2021, Nichia sent Feit an email memorializing the above discussion between the parties regarding the ITC documents. Ex. 2 (7/19/21 email from K. Shah to M. Rawls). Feit responded the same day stating, "we will produced [sic] what we believe is appropriate and we can discuss any

8

1    corresponding disputes thereafter." *See id*.  This response suggests that Feit may be

2    backtracking on its prior agreement.

3                                    ***

4         In view of Feit's July 19 email, Feit's delay thus-far in producing the

5    requested samples and the documents from the ITC case, and the August 20, 2021

6    close of fact discovery, Nichia has prepared this joint stipulation.  Nichia intends to

7    move the Court for an order to compel production if the disputes are not resolved

8    by the time Feit's inserts to the joint stipulation are due.  (Given the August 20,

9    2021 close of fact discovery, Nichia cannot wait a week—after seeing if Feit

10   produces the requested samples and documents—to start the L.R. 37 joint

11   stipulation process.)

12        **B.     Feit's Statement of Facts**

13         As explained above, with respect to RFP No. 2, Feit Electric is in the

14   process of locating and producing samples. As of this writing, it has received some

15   samples already and has agreed -- information that Nichia does not include in its

16   submission because it jumped the gun -- to send what it has located by the end of

17   this week and continue its efforts. While the precise date of completion is difficult

18   to pinpoint given the current challenges in logistics, Feit Electric anticipates this

19   will be completed in the next 10 days.

20         With respect to RFP No. 37, lead counsel for Nichia raised this issue on a

21   meet and confer and sent Feit Electric's counsel the following list of documents

22   sought from the ITC:

23        • "Confidential Exhibit A to Respondent Feit Electric Co., Inc.'s
             Response to Complaint under Section 337 of the Tariff Act of
24           1930 and Response to the Notice of Investigation
25        • Deposition transcripts of Feit employees.
          • Deposition transcripts of Feit experts.
26        • Joint Stipulation of Material Facts between The Regents and Feit
             Relating to Importation and Inventory
27

28

                                       9

- Expert reports and pre-hearing briefing related to invalidity and infringement [Feit's/Respondents' reports and UCSB's].
- Unredacted trial transcripts and post-hearing briefs as soon as available"

(Shah Decl., Ex. B (6/22/19 email from R. Parker to K. Shah)). Despite the fact that some of these requests were impossible, and trial has not yet occurred, Feit Electric indicated it would obtain and produce these documents, excluding portions with confidential business information of the other Respondents.

Feit Electric produced the majority of these documents on July 26, 2021, and it continues the process with respect to a handful of other documents that require redactions.

In short, there is no deficiency. Nichia instead brings new issues outside the scope of the express compromise offered by its lead counsel. Nichia's position is improper and obligating Feit Electric to provide this briefing, and this Court to consider it, needlessly wastes resources.

## III.    ISSUES IN DISPUTE

To-date, Feit has not produced samples of Accused Products or documents produced in investigation number 337-TA-1220 in the U.S. International Trade Commission captioned Certain Filament Light-Emitting Diodes and Products Containing Same, both of which were requested in Nichia's Request for Production Nos. 2 and 37, which have been pending for eleven and five months, respectively.

### A. Nichia's Request for Production Nos. 2 and 37

**Request for Production No. 2:**

Produce three (3) samples of each Accused Product.

**Feit's response:**

In addition to its General Objections, Feit Electric specifically objects to this Request as the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff has defined "Accused Product" to include "all Feit LED filament-style bulbs having at least one straight LED filament" and "all Feit LED filament-

10

style bulbs having at least one curved LED filament." (*See* Plaintiff's First Set of Interrogatories at Paragraph 7; Preliminary Infringement Contentions at 3-7 and Appendices 1 and 2). Thus, this Request encompasses dozens of Feit Electric products, wherein production of three samples, let alone one sample, of each would be excessive and unreasonably burdensome to procure.

In accordance with its Objections, and reserving the right to raise further objections, Feit Electric will conduct a reasonable search and produce corresponding samples if available.

Ex. 4 (Feit's 9/11/20 responses to Nichia's Second Set of Requests for Production).

### *Nichia's Contentions and Proposed Resolution for RFP No. 2*

Notwithstanding that Feit agreed to "conduct a reasonable search and produce corresponding samples if available" ten months ago, Feit has not yet produced <u>any</u> samples. Thus, the issue raised by Nichia's motion to compel is that Feit should be ordered to produce samples pursuant to Nichia's discovery request.

Throughout this litigation, Nichia has represented that it will try to narrow the scope of the case and focus on the top selling Accused Products if Feit would agree to produce financial information or identify its top-selling filament-style LED lighting products. Feit continually refused. On July 1, 2021, Feit finally produced aggregated financial information for each of the Accused Products. Colgate Dec. at ¶ 9. Based on that information, Nichia sent Feit a letter on July 7, 2021, offering to accept – in response to its Request for Production No. 2 – three (3) samples of the following subset of Accused Products (*i.e.*, Feit's top-selling products), instead of thee (3) samples from each of the Accused Products:



- 
- 
- 
- 
- 
- 
- 
- 

11

- █████████
- █████████

Ex. 5 (7/7/21 letter from M. Rawls to K. Shah).

Notwithstanding Nichia's substantial movement in offering to compromise on Feit's production of samples, Feit continues to delay.  It is now July 20, 2021, and Feit still has not confirmed whether it can produce three samples of each of ten products.  Surely it does not take Feit this long to get back to its customers. Moreover, while Feit has stated that it will get back to Nichia on whether it can produce the requested samples by July 23, 2021, its most recent email of July 19, 2021 states that Feit is not sure if can send samples this week, "but should have more details by week end."  To be clear, Feit's response indicates that it will take <u>16 days</u> just to "have details" on which of ten products it has available to send as samples.  And this does not even count that it has been <u>ten months</u> since Feit originally indicated that it would do a reasonable search for samples (including the ten on Nichia's amended list) and produce those that are available.

In view of the foregoing delays, the importance of the samples at issue for Nichia's proof of infringement, the upcoming August 20, 2021 close of fact discovery, and the upcoming September 3, 2021 deadline for initial expert disclosures, Nichia seeks a Court order compelling Feit to produce three (3) samples of each of the ten products in the above bullet-point list by August 20, 2021.

### *Feit's Position and Proposed Resolution for RFP No. 2*

Again, Feit Electric is well into the process of producing the samples identified in Nichia's July 7 letter. (Colgate Decl., Ex. 5 (7/7/21 letter from M. Rawls to K. Shah)). It is worth noting that this process takes time as (1) California is operating, again, in limited capacity due to COVID-19, and (2) Feit Electric offers thousands of products, requiring time to locate and procure the samples, get them to outside counsel and then have them sent to Nichia's counsel. At the time of

14885692 v2

this Joint Stipulation, not only had Feit Electric agreed to produce *all* the samples identified in the letter, but Feit Electric only had about two weeks to procure them from the time that Nichia identified them. Nichia's impatience and failure to acknowledge reality does not warrant this Court's attention. *See, e.g.*, *Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records").

**Request for Production No. 37**

All Documents reviewed or produced in any venue relating to the Accused Products. Without limitation, this includes responsive Documents produced by any entity in the investigation number 337-TA-1220 in the U.S. International Trade Commission captioned Certain Filament Light-Emitting Diodes and Products Containing Same. This also includes responsive Documents produced by any entity in *Lexington Luminance LLC v. Feit Electric Company, Inc.*, Case No. 2-18-cv-10513 (C.D. Cal.).

    **Feit's response:**

Feit Electric specifically objects to this Request as unduly broad and burdensome as it seeks "[a]ll Documents reviewed or produced in any venue relating to the Accused Products." Presuming the referenced "Accused Products" are those identified in Nichia's Initial Infringement Contentions, there are over 600 "Accused Products." Requiring Feit Electric to identify all Documents it has produced, or even reviewed, places an excessive burden on Feit Electric. Further, this Request is greatly burdensome as it would require Feit Electric to correlate the "Accused Products" with other cases where such filament-style products were no the focus, such as in *Lexington Luminance.*

Additionally, Feit Electric specifically objects to this Request to the extent it is not reasonably related to any claim or defense. Patent infringement is based upon how a particular patent's claims read on specific accused products. At issue in other venues relating to the "Accused Products" are entirely different patents and circumstances. Thus, what is reviewed or produced in other venues has no bearing

14885692 v2

on the patent and issues in this action.  Further, monetary damages may be recovered din a patent infringement suit, whereas an injunction may only be granted at the U.S. International Trade Commission.  Documents reviewed and produced as between damages and an injunction will vary greatly.  Thus, this Request is improper, and Nichia must request specific documents that hold some relevance to the subject action.

Feit Electric also specifically objects to this Request to the extent it seeks product that is subject to the attorney-client privilege, work product doctrine, or any other applicable privilege.

Feit Electric further notes that it will search documents collected for any relevant litigations such as the U.S. International Trade Commission captioned Certain Filament Light-Emitting Diodes and Products Containing Same for properly framed and served document requests in this action so as to cover any relevant and responsive documents from those matters; however, there is no basis for the wholesale production of documents from that action.

Ex. 6 (Feit's Responses to Nichia's Second Set of Requests for Production).

### *Nichia's Contentions and Proposed Resolution for RFP No. 37*

There does not appear to be much dispute regarding the documents that *should* be produced in response to Nichia's Request for Production No. 37, as Feit has represented that it was planning to produce almost everything Nichia asked for. The main issue is that Feit simply has not yet produced the indisputably relevant documents from the ITC case captioned Certain Filament Light-Emitting Diodes and Products and Products Containing Same, notwithstanding that Nichia's document request has been pending for five months, and that the close of fact discovery is less than a month away.  Nichia has even followed up with specific example categories of documents it is seeking.  The list includes:

- Confidential Exhibit A to Respondent Feit Electric Co., Inc.'s Response to Complaint under Section 337 of the Tariff Act of 1930 and Response to the Notice of Investigation;
- Deposition transcripts of Feit employees;

14

14885692 v2

- Deposition transcripts of Feit experts;
- Joint Stipulation of Material Facts between The Regents and Feit Relating to Importation and Inventory;
- Expert reports and pre-hearing briefing related to invalidity and infringement (Feit's/Respondents' reports *and UCSB's*);
- Unredacted trial transcripts and post-hearing briefs as soon as available; and
- Information provided in that case by any of Feit's direct or indirect suppliers. For sample, Feit's recent motion in limine in the ITC case indicates that ███████ has produced a number of documents relating to LED filaments. As ██████ supplies LED filaments in Feit's accused products in this case, that information is highly relevant and should be produced here. Similarly, any information from ████████ or other supplies of LED filaments in Feit products should be produced here.

*See* Ex. 1 (7/13/21 letter from M. Rawls to K. Shah).

The only category of ITC-related documents for which there appears to be some dispute regarding whether Feit will produce are documents that consist of Feit's supplier's confidential business information. *See* Ex. 1 (July 13, 2021 email from Kal Shah to Mark Rawls). To the extent Feit produced these documents in the ITC case, and to the extent they are also relevant to this case, Feit should be ordered to produce these documents here. The following reasons support Feit's production. *See* Ex. 1 (Nichia's July 13, 2021 letter to Kal Shah, setting forth each of these same reasons).

*First*, Feit waived this objection by not including it in its March 29, 2021 responses to Nichia's Request for Production No. 37. *See* Ex. 6 (Feit's 3/29/21 responses to Nichia's 2nd Set of RFPs). Accordingly, Feit cannot refuse to produce documents on this basis now. *See, e.g., Blue Spike, LLC v. Vizio, Inc.*, Case No. 8-17-cv-01172 (CDCA 2028).

14885692 v2

1    *Second*, even if Feit had not waived its objection based on third party

2    confidentiality, that is not a reason to withhold documents or to redact relevant

3    portions of a document.  *See, e.g., Blue Spike, LLC v. Vizio, Inc.*, Case No. 8-17-cv-

4    01172, slip op. at 5 (CDCA 2018) ("Blue Spike now objects to the production of

5    documents produced elsewhere under the protective orders.  Blue Spike did not

6    object earlier, and those protective orders presumably have a provision for third-

7    party notice before production.  Blue Spike should notify third-parties and produce

8    the documents after a reasonable period.  If third-parties object, they can meet and

9    confer with Vizio or seek a protective order.") (citation omitted).  *See also Bd Trst*

10   *of Leland, et al v. Corning Inc., et al.*, 2-00-cv-10584 (CDCA 2008) (compelling

11   production of settlement agreement between plaintiff and another defendant);

12   *Sherman v. CLP Res., Inc.*, No. CV 12-8080-GW (PLAX), 2015 WL 13543541, at

13   *5 (C.D. Cal. July 17, 2015) ("Defendant may not withhold or redact documents …

14   solely on the basis of third-party confidentiality or privacy concerns, as plaintiff's

15   need for this discovery outweighs such considerations."); *Mike v. Dymon, Inc.*, No.

16   CIV. A. 95-2405-EEO, 1996 WL 606362, at *3 (D. Kan. Oct. 17, 1996)

17   ("Confidenitality is generally not grounds to withholding information from

18   discovery.").  Feit also has not demonstrated that it has standing to assert third party

19   confidentiality.  *WNE Cap. Holdings Corp. v. Rockwell Automation, Inc.*, No. CV

20   09-0733-WS-C, 2011 WL 13254691, at *6 (S.D. Ala. Aug. 4, 2011).

21       *Third*, the information Nichia seeks is highly relevant for numerous reasons.

22   <u>First</u>, the ITC case concerns Feit's LED filament products, which are the subject

23   matter of this lawsuit.  <u>Second</u>, there are overlapping technical issues, including

24   whether Feit's LED filament products have a transparent board.  <u>Third</u>, we

25   understand that several of the prior art references asserted in the ITC case are also

26   at issue here.  <u>Fourth</u>, we understand that Feit has based part of its invalidity

27   defense in the ITC case on US 2007/0139949A1, a pre-grant publication of a family

28   member of the '734 Patent (the patent-in-suit in this case).  <u>Fifth</u>, the documents are

16

needed for the upcoming depositions of Feit's witnesses, which are scheduled to take place on August 10, 12, 18 and 20.  The depositions of Feit's witnesses from the ITC case are also important to Nichia's preparation for the August 10-20 depositions.

In summary, Feit should be ordered to produce documents responsive to Nichia's Request for Production No. 37 that are relevant to this case, including documents in the categories Nichia identified in bullet-point list above and documents produced in the ITC case that contain its supplier's confidential business information.  Feit should be ordered to produce these documents prior to the close of fact discovery.  Further, to the extent Feit produces these documents after the deposition(s) of any Feit witnesses, and to the extent these documents are relevant to those depositions, Nichia should be granted leave to reopen those depositions to ask questions related to the late-produced documents.

### Feit's Position and Proposed Resolution for RFP No. 37

Nichia's position again ignores reality. Nichia's lead counsel sent a list of specific ITC case documents to Feit Electric's lead counsel, and Feit Electric has produced those documents (and will do so in the near future to the extent there are some that are being processed). Notably, that ITC proceeding is unrelated, involves numerous other products, and until Nichia's recent reduction of scope of RFP No. 37, its requests were outside reasonable discovery limits of Federal Rule of Civil Procedure 26. Nichia now shifts its position -- without apprising the Court of Feit Electric's efforts and raising new issues -- to obtain documents that have not yet been the subject of a meet and confer. This is improper. *Thompson v. Riverside County Sheriff Dept.*, 519CV00122RSHK, 2019 WL 9443181, at *3 (C.D. Cal. Dec. 26, 2019) (denying motion to compel where it was "premature and an improper discovery motion filed in violation of the Local Rules and Procedures.").

Feit Electric has produced, or is producing, the documents under its control that it has understood Nichia's lead counsel is seeking. To the extent there is more,

17

1    Feit Electric is willing to meet and confer on the scope and corresponding

2    relevance.

3

4    DATED:  July 29, 2021            By: */s/ Elizabeth Weldon*

5
                                     SNELL & WILMER L.L.P
6

7                                    WILLIAM S. O'HARE (SBN 82562)
                                     wohare@swlaw.com
8                                    ELIZABETH M. WELDON (SBN 223452)
                                     eweldon@swlaw.com
9                                    600 Anton Blvd., Suite 1400
                                     Costa Mesa, CA 92626
10                                   Telephone: (714) 427-7000
11                                   Facsimile: (714) 427-7799

12                                   ROTHWELL, FIGG, ERNST & MANBECK P.C.
13

14                                   ROBERT P. PARKER (*pro hac vice*)
                                     rparker@rfem.com
15                                   MARTIN M. ZOLTICK (*pro hac vice*)
                                     mzoltick@rfem.com
16                                   JENNY COLGATE (*pro hac vice*)
                                     jcolgate@rfem.com
17                                   MICHAEL JONES (*pro hac vice*)
18                                   mjones@rfem.com
19                                   DANIEL R. MCCALLUM (*pro hac vice*)
                                     dmccallum@rfem.com
20                                   MARK RAWLS (*pro hac vice*)
21                                   mrawls@rfem.com
                                     D. LAWSON ALLEN (*pro hac vice*)
22                                   lallen@rfem.com
23                                   ROTHWELL, FIGG, ERNST &MANBECK P.C.
                                     607 14th Street N.W., Suite 800
24                                   Washington, DC 20005
25                                   Telephone: (202) 783-6040
                                     Facsimile: (202) 783-6031
26

27                                   *Attorneys for Plaintiff Nichia Corporation*

28

14885692 v2

1    By: /s/ Kal Shah

2    STRADLING YOCCA CARLSON & RAUTH,
3    P.C.

4    SALIL BALI (SBN 263001)
     sbali@sycr.com
5    MATTHEW R. STEPHENS (SBN 288223)
     mstephens@sycr.com
6    STRADLING YOCCA CARLSON & RAUTH, P.C.
7    660 Newport Center Drive, Ste. 1600
     Newport Beach, CA 92660
8    Telephone: (949) 725-4000

9    BENESCH, FRIEDLANDER, COPLAN &
10   ARONOFF LLP

11   KAL SHAH (admitted *pro hac vice*)
     kshah@beneschlaw.com
12   SIMEON PAPACOSTAS (admitted *pro hac vice*)
     spapacostas@beneschlaw.com
13   KATHERINE A. SMITH
     ksmith@beneschlaw.com
14   BENESCH, FRIEDLANDER, COPLAN &
15   ARONOFF LLP
     71 S. Wacker Drive, Suite 1600
16   Chicago, IL 60606
17   Telephone: (312) 212-4949
     Facsimile: (312) 767-9192
18

19

20                  **ATTORNEY ATTESTATION**

21        I, Elizabeth M. Weldon, am the ECF User whose ID and password are being

22   used to file this stipulation.  In compliance with Local Rule 5-4.3.4, I hereby attest

23   that all other signatories listed, and on whose behalf the filing is submitted, concur

24   in the filing's content and have authorized the filing.

25   Dated: July 30, 2021          SNELL & WILMER L.L.P.

26                                 By: /s/ Elizabeth M. Weldon
                                   Elizabeth M. Weldon
27   4840-0073-8292.1              Attorneys for Nichia Corporation

28

                                      19

14885692 v2