Salil Bali, SBN 263001
  sbali@sycr.com
Matthew R. Stephens, SBN 288223
  mstephens@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Telephone: 949-725-4000

Kal K. Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Simeon G. Papacostas (admitted *pro hac vice*)
  spapacostas@beneschlaw.com
Katherine A. Smith (admitted *pro hac vice*)
  ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant*
*Feit Electric Company, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>    Defendant. | CASE NO. 2:20-cv-00359-GW-E<br><br>Honorable George H. Wu, Ctrm. 9D<br>Magistrate Charles F. Eick<br><br>**DEFENDANT FEIT ELECTRIC COMPANY, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ORDER FOR THE ISSUANCE OF LETTER ROGATORY**<br><br>Date: August 13, 2021<br>Time: 9:30 a.m.<br>Courtroom 750, 255 East Temple St.<br>Los Angeles, CA 90012<br><br>Complaint filed January 13, 2020 |

## I. INTRODUCTION

Plaintiff Nichia Corporation ("Nichia") has not shown good cause to warrant denial of Defendant Feit Electric Company, Inc.'s ("Feit Electric") Application for the Issuance of Letter Rogatory ("Application") for Mr. Yuichiro Tanda. Nichia's only basis to oppose is timing and the end of fact discovery. The Parties, however, have agreed that Feit Electric may incorporate Tanda's testimony in its case, even if obtained after the close of discovery (Dkt. 158, n. 1), and Feit Electric's Application should accordingly be accepted on this basis alone. To the extent the Court considers Nichia's arguments in its Opposition, none of them have merit. That is, Nichia's arguments ignore the many impediments and obstacles that prolonged the already incredibly arduous process of obtaining Tanda's testimony, such as: (1) the on-going pandemic; (2) the many obstacles to obtaining Tanda's testimony under Japanese law; and (3) Nichia's own unclear and dilatory dealings on this issue. Further, despite Nichia's contrary assertions, Mr. Tanda's testimony is critical to Feit Electric's defenses, not only with respect to non-infringement and invalidity, but particularly regarding unenforceability based on the abandonment and revival of a parent application to U.S. Patent No. 9,752,734 ("the '734 Patent"). Feit Electric worked diligently to jump through the appropriate procedural hoops to exhaust any other potentially simpler remedies before filing its Application.

## II. ARGUMENT

### A. Nichia's Only Objection Is Moot, and for That Reason Alone, Feit Electric's Application Should Be Granted.

The parties recently filed a Joint Stipulation to Continue to Modify the Case Schedule, in which Nichia agreed to extend fact discovery from August 20, 2021 to October 6, 2021. Dkt. No. 158. The discussions leading up to that filing specifically addressed Tanda's testimony. Counsel for Feit Electric stated:

And, further agreement that the … Tanda testimony can be

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

SUPP. MEMO ISO MOTION FOR LETTER ROGATORY OF MR. TANDA
20-cv-00359

> incorporated into Feit Electric's positions when obtained, regardless of whether or not such testimony occurs after the close of fact discovery.

(Kal K. Shah Declaration, Ex. A (7/23/2021 emails between K. Shah and R. Parker)). To which Nichia's counsel confirmed:

> As you propose, if the court issues letters rogatory and you have the opportunity to take Tanda's deposition before the trial date, Nichia will not object to the deposition on the ground that it was taken after the close of fact discovery.

(*Id.*) Thus, it is clear that Nichia no longer disputes the timing of Feit Electric's Application, and thus Feit Electric's Application should be granted.

### B. This Court Should Grant Feit Electric's Application Because Nichia Does not Oppose Feit Electric's Application *Per Se.*

A party opposing the issuance of letters rogatory must show good cause for a court to deny the application. *See, e.g.*, *Viasat, Inc. v. Space Sys.*, No. 12-cv-0260-H, 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013). Nichia does not oppose Feit Electric's principle effort to depose Tanda. Dkt. No. 140-1 at 12. Instead, Nichia argues that Feit Electric's Application should be denied to the extent it would be the basis for any potential delay of interim deadlines or the trial schedule. *Id.*

Indeed, courts in this district reject oppositions to letters rogatory requests when based "only on the grounds that Issuance of the letters rogatory will result in further delay." *Sundance Image Tech., Inc. v. Cone Eds. Press, Ltd.*, C.A. No. 02-cv-2258 B (AJB), 2005 WL 8173275, at *2 (C.D. Cal. Jun. 24, 2005). In such cases, the requests are granted because the mere allegation of hypothetical delay is not a "'good reason' why such letter should not issue" and therefore the opposing party "ha[s] not shown good cause why the Court should not grant Defendants motion." *Id*; *see also Miller v. Holzmann*, No. 95-1231 (RCL/JMF), 2006 WL 3093122, at *1 (D.D.C. Oct. 31, 2006) ("[I]t would be an abuse of discretion to

refuse to grant the defendants' request because of a wild guess as to how long something in a foreign country will take.").

Indeed, consistent with the general policy that foreign governments should be enlisted to help obtain discovery from non-parties only as a last resort, courts regularly grant motions for international discovery late in discovery after conducting party discovery. *See, e.g.*, *Miller*, 2006 WL 3093122 (granting motion for letter rogatory filed two weeks before the close of fact discovery); *Liqwd, Inc. v. L'Oreal USA, Inc.*, 17-14-JFB-SRF, 2018 WL 11189616 (D. Del. Nov. 16, 2018) (granting motion for letter rogatory filed ten months before trial); *Tulip Comps. Int'l B.V. v. Dell. Comp. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (granting motion for letters rogatory filed four months before trial).

Nichia has not demonstrated any viable reason for why this Court should reject Feit Electric's Application. Thus, this Court should grant Feit Electric's Application as Nichia does not *per se* oppose Feit Electric's Application. *Sundance*, 2005 WL 8173275.

**C.     Nichia's Assertion that Feit Electric Has Delayed in Seeking Letters Rogatory Is Unsupported.**

Feit Electric remains hopeful it can secure Tanda's deposition testimony prior to the fact discovery deadline. Indeed, Feit Electric has Japanese counsel relationships it can promptly employ to assist in obtaining Tanda's deposition should this Court grant Feit Electric's Application. Thus, Feit Electric believes that even if an extension of the case would be necessary, it could be narrowly tailored and extremely limited.

If the latter is the case, then Feit Electric may need to, and indeed would expeditiously, notify the Court requesting such a narrowly tailored extension. While an extension would hopefully be not likely, Feit Electric must correct several of Nichia's allegations that it somehow was not diligent in discovery as to Mr. Tanda, as such a finding would have import into any future motion for a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

SUPP. MEMO ISO MOTION FOR LETTER ROGATORY OF MR. TANDA
20-cv-00359

narrow and limited extension.

As an initial matter, courts in this circuit regularly extend discovery deadlines when a litigant timely seeks international third party discovery through a request for letters rogatory. *See, e.g.*, *Farstone Tech., Inc. v. Apple Inc.*, No. 8:13-cv-1537-ODW(Ex), 2015 WL 12656268, at *1 (C.D. Cal. Jul. 31, 2015) (granting issuance of letters rogatory and setting new discovery cutoff date three months later); *Crypto Asset Fund, LLC v. Opskins Grp., Inc.*, No. 19-cv-06983-CJC (JCx), 2020 WL 4557059, at *2 (C.D. Cal. Jan. 14, 2020) (granting request for letters rogatory and, as a result, extending deadline 60 days to take deposition of foreign national); *Min Shian Indus. Co. v. Liquid Metal Motorsports, Inc.*, 819CV00233JLSKES, 2020 WL 2405274, at *4 (C.D. Cal. Jan. 31, 2020) (considering "extending relevant case management deadlines" as an option if letters rogatory process were to exceed the time remaining before discovery); *Blue Spike LLC v. Vizio, Inc.*, No. 8:17-cv-01172-DOC, 2018 WL 8646477, at *7 (C.D. Cal. Aug. 31, 2018) (considering possibility of "extension of the discovery deadline to conduct foreign discovery"); *Al-Misehal Com. Grp. Ltd. v. Armored Grp. LLC*, No. 2:10-cv-01303-JWS, 2011 WL 2147599, at *2 (D. Ariz. Jun. 1, 2011) (extending discovery by half a year to accommodate for letters rogatory process in response to a party's request for an extension of time to execute a letter rogatory to depose foreign national). There can be no dispute that the issuance of letters rogatory is good cause for extending discovery. And, as Feit Electric exhibited diligence in its discovery efforts, Nichia has no basis to oppose such a request for an extension.

Nichia's Opposition purports to set forth a timeline demonstrating how Feit Electric allegedly delayed in seeking testimony from Tanda, on the purported basis that Feit Electric "should have known" that Tanda was a third party. Dkt. No. 140-1 at 15. But if Nichia's timeline demonstrates anything, it is that Feit Electric was reasonable and diligent every step of the way. Feit Electric filed its Application on

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

SUPP. MEMO ISO MOTION FOR LETTER ROGATORY OF MR. TANDA
20-cv-00359

July 8, 2021, roughly two months after learning that Tanda was no longer under Nichia's control, including the month-long meet-and-confer process with Nichia.

Nichia originally identified Tanda as a witness with relevant knowledge in its Initial Rule 26(a) Disclosures served on June 22, 2020, and further stated that Tanda "is no longer employed by Nichia, ***but may be contacted through counsel***." Dkt. No. 140-6 at 2 (emphasis added). On April 27, 2021, Feit Electric and Nichia's counsel engaged in negotiations regarding deposition dates for several witnesses in this case. Dkt. No 140-7. Feit Electric informed Nichia that it "intend[s] to depose Mr. Tanda." *Id.* Nichia's counsel responded that Tanda was "no longer a Nichia employee or otherwise under Nichia's authority," but confirmed that it was able to easily contact him when stating that "[h]e informs us that he is not willing to travel to the United States for deposition." *Id.* Until this point, Feit Electric had no knowledge that Mr. Tanda was allegedly not under Nichia's control.

Upon learning this information, Feit Electric submitted an amended deposition notice for Tanda on May 14, 2021. Dkt. Not. 140-10. Feit Electric subsequently engaged in a month-long meet-and-confer process with Tanda's counsel. Dkt. No. 140-11. Indeed, Feit Electric offered to take Tanda's deposition in a myriad of convenient international locations or virtually — all of which Tanda declined as of June 7, 2021. *Id.* Feit Electric's diligent efforts proved unfruitful. At this point Feit Electric evaluated its discovery options while simultaneously deposing the other named inventor, Matsushita, on June 10, 2021. Feit Electric's hope was that Matsushita's testimony would render unnecessary and redundant Tanda's testimony, such that Feit Electric need not seek it. *See, e.g.*, *Cover v. Windsor Surry Co.*, C.A. No. 14-cv-05262-WHO, 2016 WL 8231158, at *3 (N.D. Cal. Dec. 19, 2016). However, upon learning that Matsushita lacked the requisite knowledge to specific key aspects underlying Feit Electric's claims and defenses, Feit Electric immediately proceeded to prepare and file its Application. Dkt. Nos.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

SUPP. MEMO ISO MOTION FOR LETTER ROGATORY OF MR. TANDA
20-cv-00359

125 and 140.

For these reasons, Feit Electric respectfully requests this Court grant its Motion.

DATED: July 30, 2021  BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: /s/ Kal K. Shah

Kal K. Shah
Simeon G. Papacostas
Katherine A. Smith

DATED: July 30, 2021  STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION

By: /s/ Salil Bali

Salil Bali
Matthew R. Stephens

*Attorneys for Defendant*
*Feit Electric Company, Inc.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

SUPP. MEMO ISO MOTION FOR LETTER ROGATORY OF MR. TANDA
20-cv-00359