Salil Bali (SBN 263001)
  sbali@sycr.com
Matthew R. Stephens (SBN 288223)
  mstephens@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Simeon G. Papacostas (admitted *pro hac vice*)
  spapacostas@beneschlaw.com
Katherine A. Smith (admitted *pro hac vice*)
  ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant*
*Feit Electric Company, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>  Plaintiff,<br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>  Defendant. | Case No. 2:20-cv-00359-GW-E<br>Hon. George H. Wu, Ctrm. 9D<br>Magistrate Judge: Charles F. Eick<br><br>**FEIT ELECTRIC COMPANY, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING ITS MOTION TO COMPEL SUPPLEMENTAL RESPONSE BY NICHIA TO INTERROGATORY NOS. 13, 17, AND 18**<br><br>Hearing Date: August 13, 2021<br>Time:    9:30 a.m.<br>Courtroom 750, 255 East Temple St.<br>Los Angeles, CA 90012 |

Fact Disc. Cut-off: Aug. 20, 2021
Expert Disc. Cut-off: Oct. 29, 2021
Pretrial Conference: January 13, 2022
Jury Trial: January 25, 2022

Defendant Feit Electric Company, Inc.'s ("Feit Electric's") Interrogatory Nos. 13, 17, and 18 require Plaintiff Nichia Corporation ("Nichia") to disclose various aspects of how to identify with specificity the claimed "wavelength conversion member formed unitarily with a transparent member" of the '734 patent, as construed by this Court, and to provide to Feit Electric information regarding how it differentiates this limitation, for example from its own patent's recitations of a "wavelength conversion member" alone or a "transparent member" alone. This is information that goes to the heart of *how* Nichia is applying the Court's construction in this case and *the scope* of that application, and is therefore indisputably relevant to at least Feit Electric's non-infringement and invalidity positions, and will moreover inform the expert discovery that follows afterward.

Nichia's refusal to provide this information, while it mischaracterizes Feit Electric's position as purportedly rearguing claim construction, confirms Nichia's repeated gamesmanship in refusing its own discovery obligations.[1] But once again, Feit Electric's motion *does not* seek renewed claim construction. Rather, Feit Electric asks that Nichia clarify how it distinguishes the claimed "wavelength conversion member formed unitarily with a transparent member" from any other "member," how such a component is made, how it is identified in an accused product, and how it functions. Nichia's current deficient response merely recites the Court's construction, but fails to actually apply it to the accused products.

But in doing so, Nichia once again sidesteps that the propounded discovery asks for it to describe "how the properly construed claims compare to the allegedly infringing device" and to further "[c]ompare[] the claims to the accused device." *Id*. (citing *International Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1369, 70 U.S.P.Q.2d 1209 (Fed. Cir. 2004) (affirming summary judgment of non-infringement)). That the Court was able to construe the claim term does not absolve

---

[1] Nichia made the same meritless arguments in opposing Feit Electric's earlier motion to compel on the application of the "central portion" limitation. *See, e.g.*, Dkt. No. 152

Nichia from its obligation to provide the requested information. Nichia's response therefore remains insufficient.

Nichia claims that its answers "reflect *Nichia's* understanding of the claim terms, and they are consistent with the Court's *Markman* ruling," and further claims that it is "at a loss to understand" what is being requested here. *See* Dkt. No. 142-1 at 3-4. But Nichia's alleged confusion simply does not square with its positions it has taken earlier in this case when it asked far broader questions and demanded detailed information that went well beyond merely providing notice of, for example, non-infringement contentions and damages theories. *See generally* Dkt. No. 124. Specifically Nichia has not explained, for instance, how to determine where on any accused product light is converted, where it passes through, or both (or even how to differentiate between such effects). That is, Nichia has failed to respond to fundamental, standard inquiries regarding how it defines and applies a key claim limitation to the accused products. Either Nichia is able to apply the Court's construction of the claimed "wavelength conversion member formed unitarily with a transparent member," or it cannot. Either way, Nichia should be ordered to provide all the details regarding its positions on this claim term now.

***First***, Interrogatory No. 13 clearly asks, *inter alia*, that Nichia identify the methodologies or tests that it asserts are applicable for determining whether a member is a "wavelength conversion member formed unitarily with a transparent member," and further asks Nichia to identify "the results that would provide the distinction" between that and, for example, a "wavelength conversion member." But while Nichia acknowledges "Nichia's testing of the Accused Products is ongoing and Nichia will supplement this Interrogatory as appropriate," *see* Dkt. No. 142-4, it has not revealed the methodology it plans to use in order to identify the claimed "wavelength conversion member formed unitarily with a transparent member." Rather, it merely restates its tautological interrogatory response:

> [I]f a member is both a wavelength conversion member ("a component that converts wavelength") and a transparent member (a member that "allows light to pass through"), then it is a wavelength conversion member formed unitarily with a transparent member.

Dkt. No. 142-1 at 17. Nichia further claims that "[a] member that both converts wavelength and allows light to pass through meets the requirement for the claimed unitary member, while a member that does only one of those things does not," *id*. at 18, and that "identify[ing] a resin-phosphor mixture in Feit [Electric]'s products as the claimed unitary member," is sufficient to show a "wavelength conversion member formed unitarily with a transparent member." Dkt. No. 142-1 at 18. But Nichia fails to explain ***how*** one could be both a wavelength conversion member and a transparent member, and moreover how it can act as a "single unit" under the Court's construction, rather than merely a wavelength conversion member. Nor does it differentiate between the circular description in its responses and the "wavelength conversion member" described in the specification, or for that matter a "covering member" or the "wavelength conversion member and a sealing member being formed unitarily" as the patent describes in Fig. 7. *See* Dkt. No. 142-5 at 2:31-33. Nichia cannot claim it has provided the delineations that Interrogatory No. 13 asks for, while at the same time attempting to keep all of its options open. Nichia also failed to cite any documents, as requested. Nichia's response is therefore deficient.

**Second**, Nichia's argument regarding Interrogatory No. 17 also merely repeats its non-responsive descriptions from its deficient interrogatory response. Nichia's refusal to provide a meaningful answer here is perfectly illustrated by its attempt to differentiate the wavelength conversion member shown in Figures 4 and 5 of the patent from what it claims is the wavelength conversion member formed unitarily with a transparent member shown in Figure 6 and also (incorrectly) Figure 7. Dkt. No. 142-1 at 27. Specifically, Nichia attempts to draw a purported

3

distinction where "the embodiments described in FIGS. 6 and 7 teach that, *instead of a separate wavelength conversion member 50 being provided* [i.e., the member shown in Figs. 4 and 5], either the transparent member 40C or the transparent covering member 46B additionally serves as the wavelength conversion member *because phosphor is mixed into the resin that forms the corresponding transparent member*." *Id*. But the description of "wavelength conversion member 50" of Figs. 4 and 5 is virtually the same as what Nichia claims is allegedly different in Figs. 6 and 7. Specifically, the '734 patent specification states that "a wavelength conversion member 50 can be disposed around the periphery of the light emitting element 10 as shown in Fig. 4 as necessary." Dkt. No. 142-5 at 7:25-27. Furthermore, "[t]he wavelength conversion member 50," i.e., the same element, "*is composed of resin with the aforementioned phosphors mixed therein*." *Id*. at 12:35-38. At bottom, if Nichia's position is that these labels—i.e., sealing member, covering member, transparent member, wavelength conversion member, and their combinations—are interchangeable, it should so state. Moreover, if Nichia believes a distinction exists, it should describe it while explaining any deviations between its view and the corresponding descriptions in its patent. Nichia's feigned confusion is no excuse to not respond, and until it takes a position, its response remains deficient.

**Third,** regarding Interrogatory No. 18, Nichia simply has not responded to the request to "[i]dentify with specificity any alterations to the light emanating from each LED in the accused products," let alone provided the additional details requested. Instead, Nichia spends pages pasting its prior *Markman* briefing and rehashing its deficient response that, like its prior responses at issue here, provides broad generalities divorced from the accused products. Nichia's claim that it has responded "fully" is belied by its incorrect and self-serving assertion that the information requested is not relevant, and further by its implicit admission that it simply has not provided the actual information requested when it states "[t]o the

4

extent Feit would like to know more, the physics is well understood . . ." Dkt. No. 142-1 at 35. If Nichia understands the physics of the specific alterations of light in each accused product it claims infringes, then it should provide it. Moreover, as previously briefed, Nichia cannot unilaterally deem a request irrelevant and then use that as a basis to refuse to respond. How Nichia differentiates between the claimed wavelength conversion member formed unitarily with a transparent member and a wavelength conversion member on its own is unquestionably relevant to the infringement inquiry, on which Nichia bears the burden of proof. Nichia itself found that interrogatories concerning Feit Electric's non-infringement contentions to be "(obviously) of critical importance." Dkt. No. 126 at 1-2. Nichia further contended that this type of information "will be reviewed and potentially relied on by [the parties'] technical and damages experts." Dkt. No. 124-1 at 16. Moreover, Nichia's view of the claim scope bears directly on the prior art related defenses. Whereas the clarity of the current construction and the parties' ability to meaningfully apply it bears directly on indefiniteness, which, contrary to Nichia's erroneous assertions, is still an open issue in this case. *Finjan, Inc. v. ESET, LLC*, 3:17-CV-0183-CAB-BGS, 2021 WL 1241143, at *3 (S.D. Cal. Mar. 29, 2021), *reconsideration denied*, 3:17-CV-0183-CAB-BGS, 2021 WL 2012248 (S.D. Cal. May 19, 2021) ("A defined term is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope."). In short, there can be no dispute as to relevance here.

The questions regarding how Nichia applies the Court's construction are all questions that Interrogatory Nos. 13, 17, and 18 call for Nichia to answer. But Nichia has failed to provide any of these details. Its responses are accordingly deficient.

For the foregoing reasons, Feit Electric respectfully requests that this Court order Nichia to provide a complete and fulsome response to Interrogatory Nos. 13, 17, and 18.

DATED: July 30, 2021     BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:  /s/ Kal K. Shah

Kal K. Shah
Simeon G. Papacostas
Katherine A. Smith

DATED: July 30, 2021     STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION

By:  /s/ Salil Bali

Salil Bali
Matthew R. Stephens

*Attorneys for Defendant
Feit Electric Company, Inc.*