Salil Bali (SBN 263001)
  sbali@sycr.com
Matthew R. Stephens (SBN 288223)
  mstephens@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Simeon G. Papacostas (admitted *pro hac vice*)
  spapacostas@beneschlaw.com
Katherine A. Smith (admitted *pro hac vice*)
  ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant*
*Feit Electric Company, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>　　　　　Plaintiff,<br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>　　　　　Defendant. | Case No. 2:20-cv-00359-GW-E<br>Hon. George H. Wu, Ctrm. 9D<br>Magistrate Judge: Charles F. Eick<br><br>**FEIT ELECTRIC COMPANY, INC.'S SUPPLEMENTAL MEMORNADUM IN OPPOSITION TO NICHIA'S MOTION TO ENFORCE COURT'S MAY 17, 2021 ORDER WITH RESPECT TO INTERROGATORY NOS. 4 AND 6**<br><br>Hearing Date: August 13, 2021<br>Time:　　9:30 a.m.<br>Courtroom 750, 255 East Temple St.<br>Los Angeles, CA 90012<br><br>Fact Disc. Cut-off: Aug. 20, 2021 |

4848-5573-3236/106220-0002

Expert Disc. Cut-off: Oct. 29, 2021
Pretrial Conference: January 13, 2022
Jury Trial: January 25, 2022

## I. INTRODUCTION

Feit Electric Company, Inc. ("Feit Electric") has fully complied with the Court's May 17, 2021 order. (Dkt. No. 115). And, even after providing complete responses, Feit Electric has willingly supplemented in an effort to move discovery forward. Nichia's motion thus highlights its overarching hypocrisy and own discovery faults. Tellingly, Nichia fails to provide any proof for its assertions that Feit Electric somehow has further responsive documents. Nichia has presented no testimony or other factual basis to support its belief that Feit Electric is knowingly withholding documents. Moreover, exemplified by Feit Electric's many attempts to respond as Nichia desires, Feit Electric has gone back time and time again to find and produce more documents. It has absolutely no incentive or reason to refuse to give anything. Nichia is clearly just using a straw man to put Feit Electric in a bad light and harass it with the threat of sanctions through the Court.

Regarding Interrogatory No. 4, Nichia's motion improperly asserts that "Feit has to date ***not supplemented its response*** to eliminate these extraneous documents, or agreed to identify documents that fall within each of the relevant categories." In actuality, Feit Electric served a ***fourth*** supplemental response on July 16, 2021, nearly a week before Nichia filed this motion. Specifically, at Nichia's request, Feit Electric willingly revised its prior responsive Bates range to remove summary documents listing purchase order and invoice information.[1] With this adjustment, over 80-percent of the originally provided Bates numbers remained. Thus, Nichia's claim that "the vast majority of the documents on Feit's list do not fall into any of the categories listed" is completely misleading.

Regarding Interrogatory No. 6, Nichia continues to erroneously convey to

---

[1] Based on Nichia's pattern of conduct, Feit Electric included purchase order and invoice summary documents out of an abundance of caution. Nichia, of course, carped about this nominal inclusion and demanded the Bates range be filtered to remove these handful of documents (which it took the time itself to identify in its June 24 letter). (*See* Allen Dec., Ex. 11).

this Court that Feit Electric has more than incidental information on LED filament models and manufacturers. Its assertions simply are not true, and apparently, a declaration from Aaron Feit, Feit Electric's CEO (Dkt. No. 112-45), and further testimony in the co-pending ITC case, *Certain Filament Light-Emitting Diodes* (337-TA-1220) ("ITC case"), are insufficient to convince Nichia otherwise. Feit Electric has no more information to produce on this issue. Harassing Feit Electric through extensive motion practice and threatening it with sanctions will not make that fact any less true. Accordingly, as Feit Electric has responded in full, Nichia's demand for sanctions is entirely unwarranted.

## II.   ARGUMENT

### A.   *Feit Electric Has Provided a Complete Response to Interrogatory No. 4.*

In Feit Electric's third and fourth supplemental responses to Interrogatory No. 4, it provided a Bates range identifying the particular documents listed in the order, or standard purchase orders, invoices and a supplier agreement.[2] Rather than spending its time actually reviewing Feit Electric's fulsome response, Nichia tellingly asserts that many of the "documents *appear* to be non-responsive," significantly inflates the number of "unresponsive" documents, and conveniently glosses over the fact that Feit Electric has conveyed multiple times that no further responsive agreements exist. Nichia's arguments further lack any specificity or proof. Threatening sanctions without performing the proper pre-filing diligence is a sanctionable offense in itself. *Bangkok Broad. & T.V. Co., LTD. v. IPTV Corp.*, CV 09-3803 SJO (SSX), 2010 WL 11523703, at *6 (C.D. Cal. Feb. 12, 2010), *order enforced*, CV0903803SJOSSX, 2010 WL 11519581 (C.D. Cal. Mar. 24, 2010)

---

[2] Feit Electric has repeatedly expressed to Nichia that it does not have any further responsive agreements. Even the agreement referenced in its second supplemental response (bearing Bates Nos. FE 000811 to FE 000812) is not particularly relevant to the "Accused Products." Moreover, in light of Nichia's complaining, Feit Electric took several detailed looks at this issue and its responses and confirmed that it has no other responsive documents. Nichia simply will not listen.

(citing *Sokos v. Hilton Hotels Corp.*, 283 F. Supp. 2d 42, 54–56 (D.D.C. 2003) (imposing sanctions on a party for bringing a frivolous motion for sanctions)).[3]

Additionally, Nichia filed this motion several days after receiving Feit Electric's fourth supplement *to which Nichia agreed would be sufficient*. After the June 30 meet and confer, counsel for Feit Electric made clear that "while we do not believe that our current response is in any way insufficient or lacking given the broad scope of the requests, in an effort to resolve your concerns here and in the spirit of cooperation, we will supplement to revise the current Bates number range so that it only includes actual agreements, contracts, and purchase orders." (Dkt. No. 144-3 at 17, email from S. Papacostas to J. Colgate; *see also* Dkt. No. 144-3 at 12, email from S. Papacostas to J. Colgate ("[W]e have committed to revising the Bates range as discussed on the parties' call and as I already confirmed in my prior email below.")). Counsel for Nichia responded that it "look[ed] forward to receiving Feit's revised Bates ranges for Interrogatory No. 4." (Dkt. No. 144-2 at 15, email from J. Colgate to S. Papacostas). With this understanding, Feit Electric invested the time and resources to do so, and yet Nichia still brought this motion. Nichia's litigation behavior here makes a mockery of the actual purpose of discovery and improperly treats it like a moving target.

Further, the Court's order regarding Interrogatory No. 4 stated that it was "*limited to an identification* of standard purchase orders, standard invoices, licensing agreements, agreements with manufacturers and settlement agreements, relating to Defendant's filament-style LED lighting products." (Dkt. No. 115) (emphasis added). That is precisely what Feit Electric produced (long ago), and identified (twice now). Feit Electric identified the Bates numbers associated with any purchase orders and standard invoices and incorporated the supplier agreement

---

[3] Should Nichia's motion be denied, Feit Electric respectfully requests an award of attorney's fees for defending this motion. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) ("Rule 37(a)([5])(B) allows for attorney's fees to be awarded to a party who successfully defends a motion to compel.").

specified in its second supplemental response. This response is unquestionably compliant with the Court's Order. Feit Electric's response is also sufficient under Rule 33(d), which requires a responding party to "specify[] the records that must be reviewed" and "giv[e] the interrogating party a reasonable opportunity to examine and audit the records …." Fed. R. Civ. P. 33(d). Feit Electric specifically identified which records must be reviewed, records which were produced to Nichia on June 3, if not earlier. Feit Electric has satisfied its obligations.

### B. *Nichia's Motion Is Based on Information Feit Electric Does not Have.*

As the Ninth Circuit has noted, "[o]rdering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile." *In re Citric Acid Litig.*, 191 F.3d 1090, 1108 (9th Cir. 1999) (denying a motion to compel a U.S. entity to produce documents from a Swiss entity because the U.S. party did not have legal control). Feit Electric has never refused to provide information on LED package supplier and LED package model number for the "Accused Products." In its good faith efforts to respond to this interrogatory, Feit Electric conducted a search of its production to locate any bill of materials or similar documents that might contain this information. Conversely, Nichia reveals that it did not conduct a serious or thorough review of the identified documents before filing this motion[4] when it states that the "documents Feit has produced that are ***potentially responsive*** …." But as Feit Electric has repeatedly explained, it simply does not maintain this information in the ordinary course of its business, the information is not in its possession, custody, or control, and to the extent any was produced, it was purely incidental and *ad hoc*.

---

[4] Furthermore, Nichia's complaint that that a handful of responsive documents were not included in the listing is of no consequence. *Kaneka Corp. v. Zhejiang Med. Co., Ltd.*, CV 11-2389 SJO (SS), 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016) ("The Court does not construe Rule 33(d) to require the identification of ***all documents*** that touch on the subject of the interrogatory.") (emphasis in original).

Nichia falsely claims that it has requested "information that [Feit Electric] has a right to receive from its suppliers," and points to a declaration in which Feit Electric received some information via email. However, that email relates to only one supplier and unspecified products and fairy light bulbs, which are not the type of LED product at issue in this case. Nichia cannot use it as conclusive evidence on this issue. Contrary to Nichia's speculatory claim, Feit Electric does not, in fact, have a legal right to this information and cannot compel its suppliers to produce this information, which should end the inquiry. *See California Inst. of Tech. v. Broadcom Ltd.*, CV 16-3714-GW (AGRX), 2017 WL 6940509, at *4 (C.D. Cal. Oct. 6, 2017) (denying motion to compel additional discovery on defendants' worldwide sales revenue for accused products where defendants did not track information about end products containing accused chips, and there was no evidence in the record that any third parties share that information). Feit Electric has explained this in its response(s), then by sworn declaration, and most recently again in Aaron Feit's deposition testimony in an ITC case. *See* Kal K. Shah Declaration, Ex. A (3/4/2021 Tr. at 61-62 ("we normally purchase a product for the product, not for the components … different suppliers for the same product use different components … Even though a supplier says they're using [one supplier's] chip, sometimes they don't put in what they say they're putting in."), 99-100 (Mr. Feit explaining that that Feit Electric does not track this information because it is unreliable and retailers only care about the specifications of the overall product)); *see also id.* at 123-124 & 185. Notably, Feit Electric identified its suppliers months ago, and Nichia's failure to even attempt to seek those documents directly from the suppliers belies any prejudice it now claims. *tagTrends*, 2014 WL 12587045, at *2 (denying plaintiff's motion to compel where Plaintiffs "'made absolutely no effort … to obtain records directly from' [third-party suppliers]. Indeed, Plaintiffs apparently never served any subpoenas upon the third-party … They cannot expect Defendant to conduct their discovery for them.").

## III. CONCLUSION

For the foregoing reasons, Nichia's motion should be denied.

DATED: Jul. 30, 2021  BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: /s/ Kal K. Shah

Kal K. Shah
Simeon G. Papacostas
Katherine A. Smith

DATED: Jul. 30, 2021  STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION

By: /s/ Salil Bali

Salil Bali
Matthew R. Stephens

*Attorneys for Defendant
Feit Electric Company, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2021, I electronically served the foregoing document to the attorneys of record for Plaintiff NICHIA CORPORATION as follows:

WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
ELIZABETH M. WELDON (SBN 223452)
eweldon@swlaw.com
JENNY HUA (SBN 298984)
jhua@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROBERT P. PARKER (admitted *pro hac vice*)
rparker@rfem.com
MARTIN ZOLTICK (admitted *pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (admitted *pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (admitted *pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (admitted *pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (admitted *pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (admitted *pro hac vice*)
lallen@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

/s/ Kal K. Shah

Kal K. Shah
*Attorney for Defendant Feit Electric Company, Inc.*