Salil Bali (SBN 263001)
  sbali@sycr.com
Matthew R. Stephens (SBN 288223)
  mstephens@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Simeon G. Papacostas (admitted *pro hac vice*)
  spapacostas@beneschlaw.com
Katherine A. Smith (admitted *pro hac vice*)
  ksmith@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant
Feit Electric Company, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>                    Defendant. | Case No. 2:20-cv-00359-GW-E<br>Hon. George H. Wu, Ctrm. 9D<br>Magistrate Judge: Charles F. Eick<br><br>**FEIT ELECTRIC COMPANY, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO NICHIA'S MOTION TO COMPEL FEIT TO PRODUCE DOCUMENTS AND SAMPLES PURSUANT TO RFP NOS. 2 AND 37**<br><br>Hearing Date: August 20, 2021<br>Time:      9:30 a.m.<br>Ctrm:      750<br><br>Fact Disc. Cut-off: Oct. 6, 2021<br>Expert Disc. Cut-off: Dec. 10, 2021<br>Pretrial Conference: March 3, 2022<br>Jury Trial: March 15, 2022 |

## I.   INTRODUCTION

Nichia Corporation's ("Nichia") moving the Court, in this manner, is inappropriate and violates the spirit and intent of the Local Rules. Contrary to Nichia's "out of an abundance of caution" approach (Dkt. No. 162-3, Ex. A), a motion to compel is not intended as a catalyst for accelerating discovery, particularly, where the other party has already complied or conveyed its ongoing efforts to do so. Especially in this District where the Local Rules expressly require the parties to "confer in a good-faith effort to eliminate the necessity" of motion practice. L.R. 37-1. Here at the time Nichia filed its motion, Feit Electric Company, Inc. ("Feit Electric") had already provided, or was in the process of providing, the requested discovery. Thus, under L.R. 37, there never was an issue to begin with, and Nichia's motion practice only further demonstrates its improper use of the Court to needlessly increase litigation costs. Nichia's complaint that the RFPs have been outstanding for 11 months is both misleading and ignores the schedule of this case. As Nichia well knows, the Court only entered the parties' Scheduling Order in February. (Dkt. No. 93). Moreover, the purported urgency of Nichia's demands here is further belied by the fact that Nichia only raised these issues recently.

Dragging in the Court when there is absolutely no basis is an abuse of this Court's time and resources. Nichia's Joint Stipulation is both improper, and without merit, and should therefore be denied.

## II.   REQUEST FOR PRODUCTION NO. 2

There is no issue here. On July 7, 2021 Feit Electric agreed to search for and produce the samples requested by Nichia. Feit Electric has at no time indicated otherwise; yet, by July 16, 2021 Nichia demanded to engage in a meet and confer and on July 21, 2021 Nichia served its portion of the joint stipulation on Feit Electric. Feit Electric again raised its confusion with the necessity of motion practice given that it had agreed to produce the requested samples but complied with the local rules and responded to the joint stipulation. Nichia nevertheless filed

1

this motion to compel on July 30, 2021 (Dkt. No. 162-1). Nichia started this process of motion practice, as a "placeholder," merely a week after Feit Electric agreed to search for the requested samples. Accordingly, both this Court's and Feit Electric's time and resources have been wasted by Nichia.

To date, Feit Electric has shipped to Nichia samples for eight of the ten model numbers identified in Nichia's July 7 letter. (Dkt. No. 162-2 (7/7/21 letter from M. Rawls to K. Shah)). Feit Electric has been and is continuing to try to locate samples for the remaining two model numbers, 72120 and BPCECFC/827/6, and will ship them to Nichia in due course if located. Feit Electric re-emphasizes that at the time the motion was filed, it had agreed to produce each and every sample Nichia identified, and now, it has either done so or is making great efforts to do so.

## III.   REQUEST FOR PRODUCTION NO. 37

For responding to RFP No. 37, Nichia had identified six categories of ITC case documents. As an initial matter, Nichia's apparent backtracking as it argues that its own lead counsel's identification of what it requested is somehow not a narrowing of issues is simply not credible, and further underscores Nichia's attempt to manufacture a dispute where there never was one. Furthermore, the only redactions in the materials produced were based on secondary considerations of the Claimant (for different patents than the '734 patent at issue here), and dealt with confidential business information that is subject to a court order Feit Electric is not at liberty to violate.

In any event, as noted in Feit Electric's portion of the Joint Stipulation (*id.*), Feit Electric **had already produced documents corresponding to those categories**. Their corresponding Bates numbers are found below:

- Confidential Exhibit A to Respondent Feit Electric Co., Inc.'s Response to Complaint under Section 337 of the Tariff Act of 1930 and Response to the Notice of Investigation. (Bates numbers FE 457661 to FE 457665).

2

- Deposition transcripts of Feit employees. (Bates numbers FE 457803 to FE 458260).
- Deposition transcripts of Feit experts. (Bates numbers FE 458261 to FE 458498; FE 458504 to FE 458906).
- Joint Stipulation of Material Facts between The Regents and Feit Relating to Importation and Inventory. (Bates numbers FE 457666 to FE 457695).
- Expert reports and pre-hearing briefing related to invalidity and infringement [Feit's/Respondents' reports and UCSB's]. (Bates numbers FE 457696 to FE 457802).
- Unredacted trial transcripts and post-hearing briefs as soon as available. (These are not yet available).

Thus, even before the filing of the Joint Stipulation, like RFP No. 2, Feit Electric had already agreed to produce documents responsive to Nichia's counsel's identified categories, and accordingly there was no dispute here. Despite this Nichia proceeded to file this motion, and as such Nichia's Joint Stipulation is both improper and without merit, and should be denied.

## II. CONCLUSION

For the foregoing reasons, Nichia's motion should be denied.

DATED: August 6, 2021          STRADLING YOCCA CARLSON & RAUTH
                               A PROFESSIONAL CORPORATION

                               By:  */s/ Salil Bali*
                                    Salil Bali
                                    Matthew Stephens
                                    Attorneys for Defendant

DATED: August 6, 2021          BENESCH, FRIEDLANDER, COPLAN &
                               ARONOFF LLP

                               By:  */s/ Kal Shah*
                                    Kal Shah
                                    Simeon Papacostas
                                    Katherine A. Smith

                               ***Attorneys for Defendant***
                               ***Feit Electric Company, Inc.***

3