WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
ELIZABETH M. WELDON (SBN 223452)
eweldon@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (*pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (*pro hac vice*)
lallen@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

Attorneys for Plaintiff Nichia Corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>Defendant. | Case No. 2:20-cv-00359-GW-E<br><br>**DISCOVERY MATTER**<br><br>PLAINTIFF NICHIA CORPORATION'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR FEIT'S FAILURE TO COMPLY WITH THE COURT'S MAY 17, 2021 ORDER WITH RESPECT TO INTERROGATORY NO. 6<br><br>Hearing Date: December 3, 2021<br>Time: 9:30 a.m.<br>Ctrm: 750 |

i

Fact Disc. Cut-off: Nov. 9, 2021
Expert Disc. Cut-off: Feb. 17, 2022
Pretrial Conference: April 21, 2022
Bench Trial: May 3, 2022
Jury Trial: TBD

ii

# **NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2021 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 750 of the United States District Court, Central District of California, the Roybal Federal Building located at 255 E. Temple Street, Courtroom 750, 7th Floor, Los Angeles, CA 90012, Plaintiff Nichia Corporation ("Nichia") will move and hereby respectfully moves the Court to issue sanctions against Feit Electric Company, Inc. ("Feit") for its failure to comply with this Court's multiple orders to respond to Nichia's Interrogatory No. 6.

This Motion is made following a conference of counsel pursuant to L.R. 37-1, which took place on November 1, 2021 between Plaintiff's counsel Robert Parker, Mark Rawls, Lawson Allen, and Bill O'Hare, and Defendant's counsel Simeon Papacostas and Salil Bali.

This Motion is made pursuant to Federal Rules of Civil Procedure 33 (a) & (b) & (d), and 37 (a)(3)(B)(iii), (a)(5)(A), (b)(2)(A)(i), (b)(2)(A)(ii), and (b)(2)(C) on the grounds that:

Feit has still not provided a more-than-cursory response to Nichia's interrogatory, notwithstanding that it was ordered to do so three times by this Court.

Nichia initially filed a motion to compel Feit to provide the information requested by Nichia Interrogatory No. 6, which the Court granted on May 17, 2021. *See* Dkt. 115.

When Feit took the position that it did not have the information, despite having the legal right to obtain the information, Nichia had to file a second motion to compel, which the Court granted on August 5, 2021. *See* Dkt. 185.  The Court ordered Feit to retrieve the information from its suppliers and provide it Nichia by September 2, 2021. *See id.*

Feit did not comply with the Court's second order.  Instead, Feit asked Judge Wu to review the order in part (and did not seek a stay of the deadline for compliance

in the interim). Judge Wu denied that request on September 16, 2021, thereby affirming the Court's second order. *See* Dkt. 216. Judge Wu also stated during the hearing on Feit's motion for partial review that Feit had the option of accepting Nichia's offer of a compromise.

Feit did not comply with the Court's third order. The parties met and conferred for nearly eight weeks, before finally reaching an agreement on stipulation language. Then Feit reneged and unilaterally—without notice to Nichia—filed a "stipulation" that did not reflect the parties' agreement and was entirely inadequate. *See* Dkt. 226. Nichia was forced to respond by filing an objection to the stipulation. *See* Dkt. 227. Since then, Feit had made clear that it has no intention of complying with the Court's third order by either: (1) asking its suppliers for the requested information and answer Interrogatory No. 6, or (2) agreeing to Nichia's compromise.

In view of Feit's serial violations of three Court orders directed to Nichia Interrogatory No. 6, including its complete failure to even ask its suppliers for the information at issue (as the Court ordered it to do), the parties' failure to reach agreement on a stipulation along the lines that Nichia had offered to Feit in accordance with the Court's suggestion at the September 16 hearing, and also in view of fact discovery having closed on November 9, 2021 and opening expert reports being due on December 7, 2021, Nichia asks the Court to issue a sanctions order.

*First*, Nichia requests as a sanction that the Court preclude Feit from contesting "representativeness" in this lawsuit. The information Nichia seeks is directly relevant to the scope of Feit's liability for infringement. Nichia needs to rely on showings of representativeness to prove its infringement case (*i.e.*, Nichia must rely on a subset of products – "representative" products – to prove infringement of the larger set), and yet Feit has acted in blatant disregard of three Court Orders provide information that related to this topic. The Court has already ruled that Nichia made a prima facie case of "representativeness" in its Infringement Contentions, and Feit has thus far not rebutted that showing. *See* Dkt. 59 at 7. However, Feit's statements and

actions with respect to Interrogatory No. 6 indicate that Feit has every intention of using the information (or the lack of information) it was ordered to provide to contest Nichia's showings of "representativeness" at trial.  Accordingly, Nichia requests an order that Feit is precluded from challenging that any Accused Straight-Filament Product (a Feit LED filament-style bulb having at least one straight LED filament) is representative of any other Accused Straight-Filament Product, or that any Accused Curved Filament Product (a Feit LED filament-style bulb having at least one curved LED filament with a center portion between two ends in a longitudinal direction) is representative of any other Accused Curved-Filament Product, and the representativeness of these products is taken as established for purposes of this action.[1]

As an alternative, Nichia requests that the Court at least grant an order as follows:

> Feit is precluded from using information related to Interrogatory No. 6—specifically, information regarding the suppliers or model numbers of filaments used in the Accused Products in this case—or the lack of such information, to avoid or limit its liability and such other issue or evidentiary sanctions the Court may determine are necessary to remedy Feit's failure to comply with the Court's orders.

*Second*, pursuant to Fed. R. Civ. P. 37(b)(2)(C), Nichia asks the Court to impose monetary sanctions on Feit to compensate Nichia for its time related to this discovery dispute, which is the fourth time Nichia has had to address the issue with the Court.

---

[1] An "Accused Straight-Filament Product" is a Feit LED filament-style bulb having at least one straight LED filament, and an "Accused Curved Filament Product" is a Feit LED filament-style bulb having at least one curved LED filament with a center portion between two ends in a longitudinal direction. *See* Dkt. 79 at 4 (order denying Feit's motion to strike Nichia's infringement contentions) (quoting Dkt. 50-3 at 3-4 (Nichia's Infringement Contentions)).

3

|  |  |
|---|---|
| 1 | This Motion is based on this Notice of Motion, the concurrently-filed Joint |
| 2 | Stipulation and supporting declarations and evidence, any memoranda filed by the |
| 3 | parties in connection with this motion, the pleadings on file herein, and upon such |
| 4 | other matters as may be presented to the Court at the time of the hearing. |

DATED: November 12, 2021        By: */s/ Elizabeth M. Weldon*

SNELL & WILMER L.L.P

WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
ELIZABETH M. WELDON (SBN 223452)
eweldon@swlaw.com
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROTHWELL, FIGG, ERNST & MANBECK P.C.

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN M. ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
DANIEL R. MCCALLUM (*pro hac vice*)
dmccallum@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (*pro hac vice*)
lallen@rfem.com
ROTHWELL, FIGG, ERNST &MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Plaintiff Nichia Corporation*