DAVID GURNICK (SBN 115723)
dgurnick@lewitthackman.com
JEFFREY A. KOBULNICK (SBN 228299)
jkobulnick@lewitthackman.com
JESSICA W. ROSEN (SBN 294923)
jrosen@lewitthackman.com
LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
16633 Ventura Boulevard Eleventh Floor
Encino, CA 91436
Telephone: (818) 990-2120
Facsimile: (818) 981-4764

ROBERT P. PARKER (*pro hac vice*)
rparker@rfem.com
MARTIN ZOLTICK (*pro hac vice*)
mzoltick@rfem.com
JENNY COLGATE (*pro hac vice*)
jcolgate@rfem.com
MICHAEL JONES (*pro hac vice*)
mjones@rfem.com
MARK RAWLS (*pro hac vice*)
mrawls@rfem.com
D. LAWSON ALLEN (*pro hac vice*)
lallen@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
901 New York Avenue N.W.
Suite 900 East
Washington, DC 20001
Telephone:  (202) 783-6040
Facsimile:   (202) 783-6031

Attorneys for Plaintiff Nichia Corporation

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>Defendant. | Case No.  2:20-cv-00359-GW-E<br><br>***REDACTED***<br><br>**PLAINTIFF NICHIA CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE FEIT FROM PRESENTING ANY EVIDENCE OR ARGUMENTS BASED ON INFORMATION WITHHELD DURING FACT DISCOVERY, UNTIMELY PRODUCED, OR CONTRARY TO COURT ORDER**<br><br>Hearing Date: August 25, 2022<br>Time:       8:30 a.m.<br>Ctrm:       9D |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................ii

I.    INTRODUCTION ........................................................................................... 1

II.    ARGUMENT ................................................................................................. 4

    A.    Feit and its Experts Should be Precluded from Offering Opinions or Other Evidence Based in Whole or in Part on the Identity of the Filament Manufacturer(s).................................................. 4

    B.    Feit and its Experts Should be precluded from Offering Evidence or Opinions (i) Based on Communications with Mr. Mitchell, and/or (2) Regarding Feit's Suppliers' Ability or Willingness to Implement Non-Infringing Alternatives to Accused Products .......................................................................... 6

    C.    Feit and its Experts Should be Precluded from Offering Evidence or Opinions Based on Information That Was Not Disclosed in Response to Nichia's Interrogatory Nos. 11 and 16 ......... 8

        1.    Interrogatory No. 11 .................................................... 8

        2.    Interrogatory No. 16. ................................................... 9

        3.    Evidence or Opinions Based on Information Not Provided in Feit's Responses to Interrogatories 11 and 16 Should be Precluded ....................................................................10

    D.    Feit and Dr. Lebby Should Be Precluded from Offering Non-Infringement Opinions or Other Evidence on Previously-Undisclosed Non-Infringement Positions.................................12

    E.    Feit and its Experts Should be Precluded from Relying on Dr. Lebby's Opinions on the Availability and Acceptability of the Alleged Non-Infringing Alternatives Because They Were Untimely Disclosed Under the Scheduling Order. ..............................15

III.    CONCLUSION ............................................................................................17

# TABLE OF AUTHORITIES

<u>**Page**</u>

**Cases**

*Asia Vital Components Co., Ltd. v. Asetek Danmark A/S,*

    377 F.Supp.3d 990 (N.D. Cal. Mar. 26, 2019) ........................................................10

*Grain Processing Corp. v. Am. MaizeProds. Co.,*

    185 F.3d 1341 (Fed. Cir. 1999) ...........................................................................16

*Hubert v. Equinox Holdings, Inc.,*

    No. CV210086PSGJEMX, 2022 WL 1591331 (C.D. Cal. Mar. 15,

    2022) ................................................................................................................6

*Karanti v. Bos. Sci. Corp.,*

    No. CV19713PSGIEMX, 2020 WL 8096331 (C.D. Cal. Nov. 24, 2020) ..............6

*Smart Skins LLC v. Microsoft Corp.,*

    No. C15-544, 2016 WL 4148091 (W.D. Wash. July 1, 2016) ..............................16

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*

    259 F.3d 1101 (9th Cir. 2001) ...........................................................................10

**Rules**

Fed. R. Civ. P. 26(b) .............................................................................................10

Fed. R. Civ. P. 37(c)(1) ...........................................................................................1

In this motion *in limine,* Plaintiff Nichia Corporation ("Nichia") asks the Court to preclude defendant Feit Electric Co., Inc. ("Feit") from presenting evidence or arguments that include, refer to, or are based on information that Feit neglected to produce during discovery, that was untimely produced during expert discovery, or that is contrary to Orders issued in this case.  The preclusion should apply to the introduction or use of any such evidence or arguments in support of a motion for summary judgment, at trial, or at any other phase of this proceeding.  A statement showing the information required by paragraph 9 and note 6 of the Court's Standing Order Re Final Pre-Trial Conferences for Civil Jury Trials ("Standing Order") is included in Part I below.

## I.  INTRODUCTION

Rule 37 provides that, if a party improperly withholds information during discovery (including information required to be disclosed in a Rule 16 scheduling order), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, unless the failure was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1).  In the circumstances of this case, as explained below, Feit has no justification for its failure to provide the requested information in response to Nichia's discovery requests.  Feit's failures fly in the face of two Court orders compelling Feit to provide complete discovery responses, and the Court's scheduling order setting out the order of the proceeding.

Pursuant to the Standing Order, the following list identifies the discovery requests to which Feit provided deficient or improper responses, the rules and Orders supporting preclusion, and the evidence that should be precluded:

A.    Nichia's Interrogatory No. 6 sought information regarding the filament components used in the Accused Products.  Feit refused to provide the information, despite a Court order to do so.  Ultimately, this Court barred Feit from "alleg[ing] non-infringement as it relates to an Accused Product model based on the identity of the filament manufacturer(s) or filament

model number(s)." Dkt 253. Nonetheless, Feit's technical expert, Dr. Lebby, offers a non-infringement opinion based in part on the purported identity of the filament manufacturer. In view of this Court's prior order, Feit and its experts should be precluded from offering opinions or other evidence based on in whole or in part on the identity of the filament manufacturer(s).

B.    Feit's damages expert, Ms. Hall, relies on information she purportedly received from Feit's in-house counsel, John Mitchell. Feit's expert cites Mr. Mitchell with respect to the availability of non-infringing alternatives to the Accused Products. Feit did not identify Mr. Mitchell on its Rule 26(a) disclosures. Moreover, during fact discovery, Feit refused to designate a Rule 30(b)(6) witness to testify on the topic of non-infringing alternatives. Also, during fact discovery, Feit refused to obtain information from its suppliers on the grounds that it would interfere with Feit's supplier relationships. Notwithstanding the foregoing, Feit now alleges that it could have arranged with suppliers to "design around" the patent-in-suit. In view of the positions Feit took during fact discovery, Feit and its experts should be precluded from offering evidence or opinions (i) based on communications with Mr. Mitchell, and/or (ii) regarding Feit's suppliers' ability or willingness to implement non-infringing alternatives to Accused Products.

C.    Nichia's Interrogatory Nos. 11 and 16 sought, respectively, the factual basis for Feit's position on damages, and facts regarding the availability of non-infringing alternative products. Pursuant to Nichia's motion to compel, Judge Eick ordered Feit to provide "complete answers without objection." Dkt. 131, 173. Feit's damages expert, Ms. Hall, offers opinions on damages based on information that was not disclosed in response to Nichia's interrogatories, regarding the cost and availability of

non-infringing alternatives.  Also, Feit's technical expert, Dr. Lebby, offers opinions on alternatives not disclosed in response to Nichia's interrogatories.  Feit and its experts should be precluded from offering and relying on evidence and opinions based on information that was not disclosed in response to Nichia's interrogatories 11 and 16 regarding the cost and availability of non-infringing alternatives.

D.    Nichia's Interrogatory No. 9 asked for the factual basis for Feit's non-infringement defense.  Pursuant to Nichia's motion to compel, Judge Eick ordered Feit to provide a complete response without objection. Dkt. 131.  Interrogatory Nos. 3 and 15 also asked for information on Feit's non-infringement defenses.  Feit's expert, Dr. Lebby, now bases his non-infringement opinion on grounds that Feit did not disclose in its interrogatory responses.  Feit and Dr. Lebby should be precluded from offering opinions or other evidence based on those undisclosed non-infringement grounds.

E.    Pursuant to this Court's scheduling order, each party was required to serve opening expert reports on issues for which that party had the burden of proof.  The parties then had the opportunity to serve rebuttal reports.  Feit did not serve an opening expert report on the availability or acceptability of non-infringing alternatives to the Accused Products, even though Feit has the burden of proof on that issue for alternatives that were not on the market as of the hypothetical negotiation date (Sept. 2017).  Feit offered expert opinions on this issue in its rebuttal reports instead.  Feit and its experts should be precluded from relying on Dr. Lebby's opinions on the availability and acceptability of the alleged non-infringing alternatives because they were not timely disclosed under the scheduling order.

Feit's failure to comply with the Court's orders specifically, and with its discovery obligations generally, has harmed Nichia.  In each instance, Feit's experts

relied on information that Nichia's experts did not have in hand when they prepared their expert reports, and therefore Nichia's experts did not have an opportunity to address those points. Nichia also did not have complete discovery responses available when deposing Feit's fact witnesses. Further, as to newly disclosed non-infringement positions, Nichia could have used the discovery to perform additional testing on the Accused Products or to otherwise develop additional evidence to rebut these new positions.

The fact that Feit's failures arose in each of five separate instances discussed below confirms that this was not just a simple oversight in one instance. Feit should not be allowed to use the undisclosed and untimely information for any purpose in this proceeding.

## II.    ARGUMENT

### A.    Feit and its Experts Should be Precluded from Offering Opinions or Other Evidence Based in Whole or in Part on the Identity of the Filament Manufacturer(s)

During fact discovery, Nichia served an interrogatory asking Feit to provide information regarding the sources of the components in its products. Feit refused to provide the information. Nichia moved to compel a response, and Judge Eick granted that motion. When Feit still refused to provide information, Nichia filed a motion for sanctions. In a series of orders, this Court encouraged the parties to try to resolve the issue by a stipulation. Nichia was leery of reaching agreement, because Feit would not agree to a stipulation without loopholes, qualifications, and "outs." Nichia was forced to ask the Court again for relief. *See* Dkt. 253 at 2. The Court then entered an order as follows:

Feit Electric shall not contest Nichia's showings of representativeness or allege non-infringement as it relates to an Accused Product model *based on the identity of the filament manufacturer(s)* or filament model number(s).

*Id.* at 3 (emphasis added). The order contains of no limitations or exceptions.

Given Feit's reluctance to agree to a "clean" stipulation, and because Nichia's expert on these issues had to offer his opinions on infringement first, Nichia asked its technical expert whether the source of the filaments has any bearing on the issues in this case. Nichia's expert stated in his opening expert report: "For some products, Feit argues that the factory the product is manufactured at, or the identity of the LED filament supplier, is material. Feit does not explain why. At any event, I have reviewed testing data covering products from multiple factories and LED filament suppliers and concluded that there is no material difference." Declaration of Jenny L. Colgate (Colgate Dec.) at Ex. A, ¶ 242.

Then, despite the Court's order, and as Nichia feared, Feit's technical expert offered a non-infringement opinion based in-part on the information it was precluded from relying on—"the identity of the filament manufacturers." Specifically, Dr. Lebby, states in his rebuttal expert report:

> 154. Moreover, *I find that the identities of the LED filament suppliers for the Accused Products are material to the infringement analysis for various reasons.* For example, the resins the suppliers choose to use for any given filament model or over time can have their own specific gravity, density, viscosity etc., and this means phosphor granules can be suspended, float, or sink in the resin material as per the engineers design. Resin materials can be supplied in a number of optical characteristics. They can be translucent, transparent, and opaque depending on optical specification requirements.

Declaration of Jenny L. Colgate ("Colgate Dec."), Ex. B at ¶ 154 (emphasis added).

This testimony is directly contrary to the Court's order. *See* Dkt. 253 at 2. Feit and its experts should be precluded from relying on this opinion, and from offering opinions or other evidence based in whole or in part on the identity of the filament manufacturer(s), for purposes of summary judgment or at trial.

**B.**    **Feit and its Experts Should be precluded from Offering Evidence or Opinions (i) Based on Communications with Mr. Mitchell, and/or (2) Regarding Feit's Suppliers' Ability or Willingness to Implement Non-Infringing Alternatives to Accused Products**

Feit's damages expert, Ms. Hall, relies in numerous and important respects on conversations she had with Mr. John Mitchell, Feit's in-house counsel.  *See, e.g.,* Colgate Dec., Ex. C at ¶¶ 41-43, 45, 47-50, 122, 123, 125, 127, 144, and 147.  Much of this testimony is focused on Feit's and its suppliers' ability or willingness to implement non-infringing alternatives.  Yet Feit never identified Mr. Mitchell as a person likely to have discoverable information pursuant to Rule 26(a)(1)(A) (*see* Colgate Dec., Ex. D).  This is sufficient grounds to preclude Ms. Hall from offering those opinions for which she relied on information from Mr. Mitchell.  *See Karanti v. Bos. Sci. Corp.*, No. 19-7136, 2020 WL 8096331, *3 (C.D. Cal. Nov. 24, 2020), *reconsideration denied*, No. 19-7136, 2021 WL 667000 (C.D. Cal. Jan. 19, 2021) (finding that Plaintiff's failure to identify witness in initial disclosures or discovery responses violated Rule 26(a) and (e), and thus, Court refused to consider witness's declaration); *Hubert v. Equinox Holdings, Inc*., No. 21-0086, 2022 WL 1591331, *1 n.2 (C.D. Cal. Mar. 15, 2022) (same).  *See also SPEX Techs. v. Apricorn, Inc.*, No. 16-07349, 2020 WL 1289546, *3 (C.D. Cal. Jan. 21, 2020) (excluding all testimony on the issue of non-infringing alternatives where, *inter alia*, expert's testimony was informed mainly by conversations with company personnel who were never presented for examination).

In addition, Ms. Hall's testimony based on Mr. Mitchell's information should be precluded on a separate and independent ground that Feit failed to designate Mr. Mitchell as a 30(b)(6) witness.  According to Ms. Hall, she and Mr. Mitchell discussed Feit's ability to "design around" the patent-in-suit and transition the Accused Products to non-infringing alternatives.  She testified that she

Colgate Dec., Ex. C at

¶ 144. However, during fact discovery, Nichia specifically asked Feit to provide a Rule 30(b)(6) witness to address "any effort by Feit or its supplier(s) to design-around the Patent-in-Suit," and Feit refused to designate a witness. Colgate Dec., Ex. E at 25 (Topic No. 32). In other words, during fact discovery Feit refused to designate a witness to testify on the design-around issue, but then in expert discovery Ms. Hall purports to rely on information from Feit's in-house counsel to support her opinion on that subject. For this additional reason, Feit and Ms. Hall should be precluded from offering evidence or opinions based on communications with Mr. Mitchell about alleged non-infringing alternatives to Accused Products.

Moreover, Feit's actions on this matter raise additional concerns. As noted in Section II(A) above, Feit resisted discovery that would require it to obtain information from its suppliers, "assertedly because compliance with the Order supposedly would cause interference with 'supplier relationships' and 'suspicion' among suppliers and because compliance with the Order supposedly would require Defendant 'to expend a significant amount of time and resources'." Dkt. 223 at 2 (denying Nichia's motion for sanctions without prejudice). But Ms. Hall now relies on information she purportedly received from Mr. Mitchell ██████████████. *See* Colgate Dec., Ex. C at ¶ 144. In other words, when it suited Feit, Feit hid behind fraught supplier relationships to avoid producing information regarding the Accused Products, and it refused to provide a 30(b)(6) witness on the subject of design-arounds – but now that it's time for Feit put to on its damages case, Feit's expert relies on Mr. Mitchell ████████████████. Having chosen the "can't-interfere-with-client-relations" route during discovery, and having refused to designate a 30(b)(6) witness, Feit should not be allowed to change course. Feit and its expert should be precluded from relying on information regarding Feit's suppliers' purported willingness or

ability to provide non-infringing alternatives.  *See Prism Techs., LLC v. T-Mobile USA Inc.*, No. 12-124, 2015 WL 5883764, *3 (D. Neb. Oct. 8, 2015) (granting motion to strike portions of expert reports that rely on non-infringing alternatives and precluding any argument or evidence to be presented at trial on the matter because alleged infringer refused to produce any documents or witnesses during fact discovery to support a theory on non-infringing alternatives, thus depriving patent holder the opportunity to conduct discovery on the issue); *SynQor, Inc. v. Artesyn Tech., Inc.*, No. 07-497, 2011 WL 3625036, *11 (E.D. Tex. Aug. 17, 2011) (granting motion *in limine* where alleged infringer made a tardy disclosure of non-infringing alternative evidence, and the Court found that if the tardy evidence were allowed, the patent holder would have "been deprived of a reasonable opportunity" of conducting rebuttal discovery).

For these reasons, the Court should preclude Feit and its experts from offering evidence or opinions (i) based on communications with Mr. Mitchell, and/or (ii) regarding Feit's suppliers' ability or willingness to implement non-infringing alternatives to Accused Products.

### C.    Feit and its Experts Should be Precluded from Offering Evidence or Opinions Based on Information That Was Not Disclosed in Response to Nichia's Interrogatory Nos. 11 and 16

Feit and its experts, Ms. Hall and Dr. Lebby, should be precluded from offering evidence or opinions based on information that was not disclosed in Feit's responses to Nichia's Interrogatory Nos. 11 and 16.

### 1.  Interrogatory No. 11

Nichia's Interrogatory No. 11 asked Feit to state the legal and factual basis for its position as to the proper measure of damages in this case, including the amount of any reasonable royalty, how the amount of the reasonable royalty was determined, and identify any documents supporting the calculation.  *See* Dkt. 124-2 at 13.  In response, Feit objected, and contended that "in the unlikely event the '734 Patent is

found to be infringed and valid and enforceable, any damages would be non-existent or nominal as there are numerous easy design-arounds such that in a hypothetical negotiation, Feit Electric would simply redesign rather than pay a royalty." *Id.*

Nichia moved to compel a complete response from Feit, contending that Feit had failed to explain how the amount of the reasonable royalty would be determined based on the purported design-around products, and had failed to identify any documents supporting that calculation. Dkt. 124-1 at 25. The Court granted Nichia's motion, ordering that "On or before July 26, 2021, Defendant shall serve complete answers without objection to Interrogatory Nos. 9, 10 and 11. These interrogatories seek discovery that is nonprivileged, relevant to the parties' claims or defenses and proportional to the needs of the case." Dkt. 131.

On July 26, 2021, Feit served first supplemental responses to Nichia's interrogatory nos. 9-11. *See* Colgate Dec., Ex. F. Feit responded by, *inter alia*, citing case law regarding design-arounds and damages; alleging that Feit "could and would switch to an alternative configuration, many of which could be implemented at no cost rendering the corresponding damages to be $0"; and identifying the alleged design-arounds identified in response to Nichia Interrogatory No. 16, along with the allegation that they could "be implemented with no associated cost or impact on the product." *See id*. at 29-30 (No. 11). Feit did not identify or produce any supporting documents. *See id*.

## 2. Interrogatory No. 16.

Nichia's Interrogatory No. 16 asked Feit to identify the factual bases for Feit's contention that there are numerous easy design-arounds, including identification of (i) all alleged design-arounds (including the dates such design arounds became available to Feit), (ii) the costs to implement such design-arounds; and (iii) any documents that corroborate such design-arounds and/or costs. *See* Colgate Dec., Ex.

G at 9-11 (No. 16).  Again, Nichia had to file a motion to compel a proper response, which the Court granted.  The Court's order on that motion states:

> The Motion is granted. Interrogatory No. 16 seeks information which is relevant, nonprivileged and proportional to the needs of the case. <u>See</u> Fed. R. Civ. P. 26(b). Plaintiff's response to Interrogatory No. 16 contains invalid objections and is not completely responsive to the Interrogatory. Plaintiff shall serve a complete, responsive Supplemental Answer without objection within fourteen (14) days of the date of this Order.

Dkt. 173.

In response, Feit identified certain alleged design-arounds, but did not identify the dates the design-arounds would have been available, the cost to implement the design arounds, or any documentary or testimonial evidence that supports or corroborates such design-arounds and/or costs.  *See* Colgate Dec., Ex. G at 9-11.

### 3. Evidence or Opinions Based on Information Not Provided in Feit's Responses to Interrogatories 11 and 16 Should be Precluded

The Court should preclude Feit and its experts from introducing any evidence or offering any opinions based on information that Feit improperly failed to provide in response Interrogatory Nos. 11 and 16.  *See, e.g., Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F.Supp.3d 990, 1002-1005 (N.D. Cal. Mar. 26, 2019) (granting motion to strike the late-disclosed theory from plaintiff's expert's report on grounds that defendant violated its Rule 26(e)(1) obligations by failing to disclose its theory in response to defendant's interrogatory, and further finding that plaintiff has not carried its burden to demonstrate that its failure was substantially justified or harmless); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("even though Deckers never violated an explicit court order to produce the Vuckovich report and event absent a showing in the record of bad faith or

1  willfulness, exclusion is an appropriate remedy for failing to fulfill the required

2  disclosure requirements of Rule 26(a)").

3          Ms. Hall states in her expert report, *inter alia*, that ███████████████

4  ████████████████████████████████████████████████████████████████

5  ███████████████████████████████ Colgate Dec., Ex. C at ¶ 144.  In the

6  same report, she says that it would take Feit's suppliers "no more than ██████████

7  ████ to implement any of the multiple design around alternatives available to Feit

8  Electric described above."  *Id*. at ¶ 19.  Feit should have provided any evidence that

9  might have supported these statements in response to Nichia's Interrogatory Nos. 11

10 and 16, as the Court ordered.  *See* Dkts. 131 and 173 (requiring "complete" responses

11 to the interrogatories).  Because Feit did not provide the information during fact

12 discovery, Feit and Ms. Hall should be precluded from offering or relying on any

13 evidence or opinions on damages based on that information at summary judgment or

14 at trial.

15         Additionally, Dr. Lebby addresses two alleged alternatives in his rebuttal

16 expert report that were not disclosed by Feit in its responses to Interrogatory Nos. 11

17 or 16.   Specifically, Dr. Lebby identified the following alleged non-infringing

18 alternatives that were not disclosed in Feit's responses to the interrogatories: (1)

19 "other alternative arrangements of the LED chips on the board" and (2) "subsets of

20 Accused Products found not to infringe."  *Compare* Colgate Dec., Ex. B at ¶¶ 169-

21 170, 187 and Ex. F (Interrogatory No.11) and Ex. G (Interrogatory No. 16).  Again,

22 because these alleged alternatives were not disclosed by Feit during discovery, Feit

23 and Dr. Lebby should be precluded from relying on them at trial.  *See Sherwin-*

24 *Williams Co. v. PPG Indus., Inc.*, No. 17-01023, 2019 WL 7494202, *11, *13 (W.D.

25 Pa. Nov. 12, 2019), *report and recommendation adopted in part, rejected in part*,

26 No. CV 17-01023, 2020 WL 1283465 (W.D. Pa. Mar. 18, 2020) (precluding alleged

27 infringer from relying on non-infringing alternatives that were untimely identified

28 for first time in rebuttal expert report).

Because Feit incorporated previously undisclosed information responsive to Interrogatory Nos. 11 and 16 in its experts' rebuttal reports, Nichia's experts did not have the opportunity to address it, and Nichia did not have the opportunity to ask Feit's witnesses about it or otherwise develop a factual record to rebut it.  Feit (including Dr. Lebby and Ms. Hall) should be precluded from relying on this previously undisclosed information at summary judgment and at trial.

### D. Feit and Dr. Lebby Should Be Precluded from Offering Non-Infringement Opinions or Other Evidence on Previously-Undisclosed Non-Infringement Positions

In Interrogatory No. 9, Nichia asked Feit to identify the factual and legal bases for its non-infringement positions.  *See* Colgate Dec., Ex. F at 1-26 (Feit's response to Nichia's interrogatory asking Feit to "[s]et forth in detail the principal and material factual and legal bases for Your defense of non-infringement.").  This interrogatory, like Interrogatory No. 11, was addressed in the Court's July 15, 2021 order requiring that "[o]n or before July 26, 2021, Defendant *shall serve complete answers without objection* to Interrogatory Nos. 9, 10 and 11."  *See* Dkt. 131 (emphasis added).

Other Nichia interrogatories also requested information regarding Feit's non-infringement defenses.  Interrogatory No. 3 asked that Feit "[s]et forth in detail the complete basis for Your defense of non-infringement for [Feit models] BPG1640/950CA/FIL/2(K) and LUNA/7/SMK/FIL."  Colgate Dec., Ex. H at 1 (No. 3).  As with Interrogatory Nos. 9 and 11, the Court also ordered Feit to respond in full and without objection to this interrogatory.  Dkt. 115.  Also, Interrogatory No. 15 asked that Feit "[d]escribe in detail what Feit Electric contends to be a proper application of the Court's claim constructions, including any areas where Feit Electric does not agree with Nichia's application of the Court's claim construction ruling. This should include at least the 'numerous aspects of Nichia's application of this Court's claim construction ruling' that Feit Electric represented it 'does not agree with' in Feit Electric's Final Invalidity Contentions."  Colgate Dec., Ex. G at 7-8

1    (No. 15).  Again, Feit did not identify the non-infringement theories noted below in

2    response to either of these interrogatories.

3        In his rebuttal report on infringement, Feit's technical expert, Dr. Lebby,

4    identifies several purported non-infringement positions that Feit never included in its

5    discovery responses.  This issue had a significant consequence.  Because Nichia's

6    expert witness issued his infringement report based on the non-infringement

7    positions that Feit had identified in its interrogatory response, he did not have the

8    opportunity to address the new non-infringement positions on which Dr. Lebby

9    relies.  Nichia also did not have the opportunity to question Feit witnesses on the

10   factual bases for these positions, or to perform testing on the accused products or

11   otherwise develop the factual record to rebut these positions.

12       The following portions of Dr. Lebby's rebuttal report purport set out non-

13   infringement positions that were not included in Feit's interrogatory responses:

14   (i)    Dr. Lebby opines that the LED chips of the Accused Straight-Filament

15          Products are not "mounted" on the board because their "wiring portions are

16          suspended from the first surface of the board…."  Colgate Dec., Ex. B at p.

17          83, ¶142; *see also id.*, pp. 82-83, ¶¶139-142 (further explaining his new

18          position).  Feit had not cited "unmounted wiring portions" as a non-

19          infringement ground in its discovery responses.

20   (ii)   Dr. Lebby opines that light does not pass through the encapsulant of the

21          Accused Products (the claimed "wavelength conversion member formed

22          unitarily with a transparent member"), but instead only passes through air

23          bubbles or (where applicable for a subset of products) exposed sides of the

24          board.  *Id.* at Section X(A)(1), ¶¶74-81 (further explaining his new

25          position).  Feit had not previously offered these grounds for non-

26          infringement.

27   (iii)  Dr. Lebby opines that claim 1 of the patent-in-suit requires phosphor having

28          a uniform distribution and otherwise is not "a single component that both

1    converts wavelength and allows light to pass through." *Id.* at Section
2    X(A)(2), ¶¶82-93 (further explaining his new position).  He also refers to
3    this as phosphor being suspended in resin.  Feit had previously asserted
4    (without explaining the factual basis) that "the phosphor is readily
5    identifiable and separate in the cured resin mixture," and had identified this
6    a non-infringement position only for three particular Accused Curved-
7    Filament Products – but not at all with respect to the Accused Straight-
8    Filament Products. And Feit's interrogatory response is inadequate even
9    with respect to the three curved products because it does not refer to the
10    distribution of phosphor, which Dr. Lebby now says renders the products
11    non-infringing.

12    (iv)    Dr. Lebby opines that the support leads of the Accused Products do not
13    have a support function because other structures such as a glass stem or
14    support wires also provide support.  *Id.*, at Section X(B)(1), ¶¶120-124
15    (further explaining his new position).  Feit had stated previously that the
16    leads did not provide direct support, but had not disclosed that other
17    structures such as a glass stem or support wires provided more support than
18    the support leads or otherwise precluded the support leads from meeting
19    the claim's requirements.

20    (v)    Dr. Lebby opines that the Accused Products do not infringe under the
21    doctrine of equivalents because, for some of the products he identifies,
22    either different color light is emitted from first and second surface sides of
23    the board, or different phosphor distributions alter the amount of
24    wavelength conversion on the first and second surface sides of the board.
25    He says that this results in a "substantial difference" that precludes a finding
26    of infringement under the doctrine of equivalents. *Id.* at ¶¶116-119 (further
27    explaining his new position).  Previously, Feit had said only that "having
28    two separate units affects the light exiting the uncovered sections of the

board," but never mentioned the light exiting the covered sections on the first and second surface sides being (as Dr. Lebby now says) a substantial difference.

(vi)    Dr. Lebby argues that the claimed board must be linear, such that the Accused Curved-Filament Products, which have curved boards, cannot have a "longitudinal" (or "lengthwise") direction. *Id.*, ¶¶139-140 (further explaining his new position).   Feit had not disclosed this position previously.

(vii)   Dr. Lebby opines that claims 23 and 26 are not infringed. *Id*. at Section X(B)(2), ¶¶125-130 (further explaining his new position).  Feit had not previously asserted that these claims were not infringed.

Because Dr. Lebby's non-infringement opinion rests on positions that Feit did disclose in any of three separate interrogatories that called for that information, or in response to the Court's order requiring Feit to *serve a complete answer to Nichia's interrogatories without objection*, Feit and its experts should be precluded from relying on these non-infringement theories. *See Sherwin-Williams Co.*, 2019 WL 7494202 at *13-15 (precluding alleged infringer from relying on non-infringing alternatives that were untimely identified for first time in rebuttal expert report).

**E.    Feit and its Experts Should be Precluded from Relying on Dr. Lebby's Opinions on the Availability and Acceptability of the Alleged Non-Infringing Alternatives Because They Were Untimely Disclosed Under the Scheduling Order.**

Feit and its experts should be precluded from relying on Dr. Lebby's opinions on the availability and acceptability of the alleged non-infringing alternatives because Dr. Lebby's opinions were improperly and untimely served as "rebuttal" opinions in violation of the Scheduling Order. *See, e.g.,* Colgate Dec., Ex. B at ¶¶ 158-187 and Ex. C at ¶¶ 19, 142-147.

The Scheduling Order in this case set the due dates for opening expert reports and rebuttal reports.  Opening expert reports on issues for which a party has the

1   burden of proof were due on December 7, 2021.  Rebuttal expert reports were due on

2   March 10, 2022.  *See* Dkt. 225; *see also* Dkt. 92.

3        In this case, Feit had the burden of proof to show the "availability" and

4   acceptability of non-infringing alternatives that were not on the market on the date

5   of the parties' "hypothetical negotiation."  *See Grain Processing Corp. v. Am. Maize-*

6   *Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999) (if an alternative was not on the

7   market, the district court may infer that it was not available, and "[t]he accused

8   infringer then has the burden to overcome this inference by showing that the

9   substitute was available during the accounting period.").  In *Grain Processing*, the

10  defendant met its burden by showing the technical feasibility of manufacturing the

11  purported alternatives, the availability of the material needed to implement the

12  alternatives, and defendant's access to the necessary equipment, know-how, and

13  experience.  *Id*.  Neither of Feit's experts addressed this issue in their opening reports.

14       In fact, although Feit has the burden of proof on this issue, its technical expert,

15  Dr. Lebby, addressed the non-infringing alternatives issue for the first time in a

16  rebuttal report responding to points raised by Nichia's expert.  *See* Colgate Dec., Ex.

17  B at ¶¶ 158-187.  Not only was Dr. Lebby's opinion on this issue untimely, it had

18  significant consequences for Nichia.  Because Dr. Lebby failed to address the "non-

19  infringing alternatives" issue in his opening report, Nichia's expert did not have the

20  opportunity to rebut Dr. Lebby's positions.  Feit's approach thus ran counter to the

21  reason why the schedule provides that expert reports on issues where the parties have

22  the burden must come first – the party with the burden should state its position and

23  the other side must have a chance to respond.

24       Courts have stricken experts' reports in these circumstances.  *See, e.g., Smart*

25  *Skins LLC v. Microsoft Corp.*, No. 15-544, 2016 WL 4148091, *2 (W.D. Wash. July

26  1, 2016) (striking Microsoft's evidence of non-infringing alternatives presented in its

27  experts' rebuttal reports and striking the opinions of Microsoft's experts that rely on

28  these alternatives); *SPEX Techs.*, 2020 WL 1289546 at *3-4 (same).  For the reasons

1 | set forth above, the Court should preclude Feit and its experts from relying directly
2 | or indirectly on Dr. Lebby's belated opinion.

3 | **III.    CONCLUSION**

4 | For these reasons, Nichia's motions *in limine* should be granted.

5

6 | Respectfully submitted,

7 | DATED: July 27, 2022          ROTHWELL, FIGG, ERNST &MANBECK P.C.
                                   By: */s/ Jenny L. Colgate*
8 |                               ROBERT P. PARKER (*pro hac vice*)
9 |                               MARTIN M. ZOLTICK (*pro hac vice*)
                                   JENNY COLGATE (*pro hac vice*)
10 |                              MICHAEL JONES (*pro hac vice*)
11 |                              MARK RAWLS (*pro hac vice*)
                                   D. LAWSON ALLEN (*pro hac vice*)
12 |                              NICOLE M. DEABRANTES (*pro hac vice*)

13 |                              LEWITT, HACKMAN, SHAPIRO, MARSHALL
14 |                              & HARLAN

15 |                              By: */s/ Jeffery A. Kobulnick*
16

17 |                              DAVID GURNICK (SBN 115723)
                                   JEFFREY A. KOBULNICK (SBN 228299)
18 |                              JESSICA W. ROSEN (SBN 294923)

19
20 |                              *Attorneys for Plaintiff Nichia Corporation*

21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 27th day of July, 2022, a true and correct copy of the foregoing **PLAINTIFF NICHIA CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE FEIT FROM PRESENTING ANY EVIDENCE OR ARGUMENTS BASED ON INFORMATION WITHHELD  DURING FACT DISCOVERY,  UNTIMELY PRODUCED, OR CONTRARY TO COURT ORDER** was served, via electronic mail, upon the following counsel of record for Feit Electric Company, Inc.,:

Salil Bali
sbali@sycr.com
Matthew R. Stephens, SBN 288223
mstephens@sycr.com
**STRADLING YOCCA CARLSON & RAUTH, P.C.**
660 Newport Center Drive, Ste. 1600
Newport Beach, CA 92660
Tel. 949-725-4000

Kal Shah
kshah@beneschlaw.com
Mircea Tipescu
mtipescu@beneschlaw.com
Simeon G. Papacostas
spapacostas@beneschlaw.com
Louis Constantinou
lconstantinou@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*/s/ Jeffery A. Kobulnick*
Lewitt, Hackman, Shapiro, Marshall & Harlan