1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

SALIL BALI, SBN 263001
  sbali@stradlinglaw.com
MATTHEW STEPHENS, SBN 288223
  mstephens@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  949-725-4000
Facsimile:  949-725-4100

KAL SHAH (admitted *pro hac vice*)
  kshah@beneschlaw.com
MIRCEA TIPESCU (admitted *pro hac vice*)
  mtipescu@beneschlaw.com
SIMEON PAPACOSTAS (admitted *pro hac vice*)
  spapacostas@beneschlaw.com
LOUIS CONSTANTINOU (admitted pro hac vice)
  lconstantinou@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

Attorneys for Defendant
Feit Electric Co., Inc.

16

17

18

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| NICHIA CORPORATION,<br><br>          Plaintiff,<br><br>          v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>          Defendant. | CASE NO. 2:20-cv-00359-GW-E<br>Honorable George Wu, Ctrm. 9D<br>Magistrate Charles F. Eick<br><br>***REDACTED****<br><br>**DEFENDANT FEIT ELECTRIC'S RESPONSE TO PLAINTIFF NICHIA CORPORATION'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: September 15, 2022<br>Time:      8:30 a.m.<br>Ctrm:      9D |

Pursuant to Local Rule 56-1, Defendant Feit Electric Company ("Feit Electric") submits this Response to Plaintiff Nichia's Statement of Uncontroverted Material Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment on the issues of infringement, invalidity, and the damages.

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| 1. | U.S. Patent No. 9,752,734 (the "'734 Patent"), is titled "Light Emitting Device," and issued on September 5, 2017.<br><br>Evidence: **Parker Decl. Ex. 1** ('734 Patent), 1 (NichiaSJ000002) ("LIGHT EMITTING DEVICE" by item (54), and "Date of Patent : Sep. 5, 2017" by item (45)). | 1.  Undisputed. |
| 2. | Feit is one of the country's leading distributors of household lighting products.<br><br>Evidence: **Parker Decl. Ex. 40** (Feit.com – About Us) (NichiaSJ003737-NichiaSJ003741) ("We are a leader in first to market lighting innovations and driven to deliver the latest breakthrough in interior and exterior illumination."), | 2.  Disputed.<br>Feit Electric, not Mr. Feit[1], is a leader in first-to-market lighting innovations. Feit Electric is unclear as to the scope of Nichia's use of "household lighting products" and corresponding scope of "distributor" as both can have varying meanings depending on the context and therefore denies this statement as written. |

---

[1] Plaintiff incorrectly references "Feit" as opposed to Feit Electric throughout its statement of facts. Feit Electric references the company as Feit Electric and its principal as Mr. Feit.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ("All our factories and distribution centers are fully equipped with the most innovative testing laboratories to assure consistent quality and performance of our products."), ("We maintain an inventory of 100,000,000 bulbs and fixtures in our automated distribution centers allowing us to ship orders within 24 hrs."). | |
| 3. | According to Feit's website, it maintains an inventory of 100 million lighting products at locations around the world.<br><br>Evidence: **Parker Decl. Ex. 40** (Feit.com – About Us) (NichiaSJ003741) ("We maintain an inventory of 100,000,000 bulbs and fixtures in our automated distribution centers allowing us to ship orders within 24 hrs."). | 3.  Undisputed. |
| 4. | Feit's lighting products include hundreds of models of lightbulbs and related products that Feit characterizes as "LED filament bulbs."<br><br>Evidence: **Parker Decl. Ex. 41** (Feit.com – Vintage | 4.  Disputed.<br>Feit Electric offers hundreds of products models, some such models are or include lightbulbs that Feit Electric may characterize as "LED filament bulbs" but the bulbs have numerous differences from one to the next, many of which are readily identifiable upon visual inspection. Below are just a sample of the many variations of |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | Filament Bulbs) (NichiaSJ003747) ("Enhance any home's décor. Our vintage style or traditional LED filament bulbs are energy-saving and long-lasting."). | bulbs and their different components that may be characterized as "LED filament bulbs." Evidence: |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | | <br><br>**T6/S/CL/FILED**      **PS40/S/CL820FIL**<br><br>Dkt. No. 112-13 at 7-8, Appendix 1; *see generally id*.<br><br>https://www.feit.com/bulbs/ ("Feit Electric has a broad selection of energy efficient bulbs from LEDs to CFLs and a large selection of traditional bulbs such as Incandescent to Halogen.").<br>https://www.feit.com/product-category/general-purpose/ ("We carry a large variety of general purpose light bulbs for everyday use. Long-lasting, energy efficient bulbs for desk lamps, floor lamps and more."). |
| 5. | The accused products include bulbs with different sizes, shapes, tints, and filament shapes and configurations.<br><br>Evidence: **Parker Decl. Ex. 15** Opening Expert Report of Michael Gershowitz), Sections IX (NichiaSJ000881-NichiaSJ000892), X(A)(3) (NichiaSJ000894-Nichia000908), and Ex. E | 5.  Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ000990-NichiaSJ001013). | |

**Feit's Model 72007**

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| 6. | Since at least September 5, 2017, Feit has imported Feit Model No. 72007 ("Model 72007") into the United States, and sold and offered Model 72007 in the United States.<br><br>Evidence: **Parker Decl. Exs. 2-6** (FE 458499 – FE 458503 (Feit financial data)) (NichiaSJ000026-NichiaSJ000196). **Parker Decl. Ex. 7** (FE 456803 – FE 456834 (Feit financial data)) (NichiaSJ000197-NichiaSJ000229). **Parker Decl. Ex. 8** (Anu Singh Depo. Tr.), 36:18-40:6 (NichiaSJ000240-NichiaSJ000241), 206:20-213:3 (NichiaSJ000283-NichiaSJ000285). **Parker Decl. Ex. 9** (Rebuttal Expert Report of Dawn Hal), ¶ 148 (NichiaSJ000417). **Parker Decl. Exs. 10** (Defendant Feit Electric Company, Inc.'s Supplemental Response to Nichia Corporation's | 6.  Undisputed. |

6

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Interrogatory Nos. 3-8 Pursuant to Order (Dkt. No. 115)) at Supplemental Response to Interrogatory No. 8 (NichiaSJ000592) ██████████████ ), and **11** (Defendant Feit Electric Company, Inc.'s Supplemental Response to Nichia Corporation's Interrogatory Nos. 3-8 Pursuant to Order (Dkt. No. 115), Ex. B) (NichiaSJ000596) (████████████ ). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Response to Nichia Interrogatory Nos. 9-11 Pursuant to Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 10) (NichiaSJ000649) ("Feit Electric incorporates by reference the document produced bearing Bates | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | numbers FE 456803 to FE 456834 constituting sales information, including revenue and costs for all Feit Electric filament-style bulb sales from September 5, 2017 (the date of the issuance of the '734 Patent)."). **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. | |
| 7. | Feit generated ██████ in revenue from the sale or distribution of Model 72007 during the period September 5, 2017 to June 30, 2021.<br><br>Evidence: *See* Statement of Uncontroverted Material Facts ("SF") 6. **Parker Decl. Ex. 14** (Opening Expert Report of Lauren Kindler), Exhibits 1.1 (NichiaSJ000780-NichiaSJ000781) and 5.3 (NichiaSJ000823-NichiaSJ000824) (computing total revenues | 7.  Disputed.<br>████████████ |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | for all Accused Products and for Model 72007). **Parker Decl. Ex. 9** (Rebuttal Expert Report of Dawn Hall), Schedules 1.0 (NichiaSJ000444) and 3.3 (NichiaSJ000568) (computing total revenues for all Accused Products and for Model 72007). | |
| 8. | Model 72007 accounted for about ▮▮▮ of Feit's total revenues for the Accused Products between September 5, 2017 and June 30, 2021.<br><br>Evidence: *See* SF 7. Feit's total revenues for the Accused Products in this period ▮▮▮▮▮ for Model 72007. | 8.  Disputed. |
| 9. | During the period September 5, 2017 through June 30, 2021, Model 72007 generated more revenue for Feit than any other single Accused Product.<br><br>Evidence: *See* SFs 6-7. | 9.  Undisputed. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| 10. | Model 72007 is a string light product that includes multiple LED lightbulbs.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 (NichiaSJ001140-NichiaSJ001210) and CC-18 (NichiaSJ001496-NichiaSJ001565); *see also id.*, Ex. M at 2 (NichiaSJ001015) ("48 ft. Black Cord Weatherproof LED Filament String Light," and "SKU: 72007"). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001690-NichiaSJ001691) and IAL-TAR-18 (NichiaSJ001714). **Parker Decl. Ex. 17** (Gerardo Cisneros Depo. Tr.) at 55:9-16 (NichiaSJ001748). | 10. Undisputed. |
| 11. | Model 72007 contains at least one lightbulb (the "Model 72007 lightbulb") that includes a bulb, a base that screws into a socket, one or more LED filaments, and support structures. | 11. Disputed<br><br>Model 72007 is a string-light fixture, not a light bulb or light emitting device as is defined by the patent-in-suit. As such, there is no "Model 72007 lightbulb." Rather, string light fixture Model 72007 is provided with a string light fixture and corresponding box containing two dozen light bulbs. The |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), ¶126 (NichiaSJ000898-NichiaSJ000899) and Exs. CC-01 (NichiaSJ001140-NichiaSJ001210) and CC-18 (NichiaSJ001496-NichiaSJ001565); *see also id.* Ex. M at 1-3 (NichiaSJ001015-NichiaSJ001017) (Feit website for Model 72007). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001691-Nichia001693) and IAL-TAR-18 (NichiaSJ001714-NichiaSJ001716). **Parker Decl. Ex. 8** (Anu Singh Depo. Tr.) at 147:24-148:7 (NichiaSJ00268) (███████████████ ███████████████ ███████████████ **Parker Decl. Ex. 18** (FE 456721 (2018 catalogue)) (NichiaSJ001874). **Parker Decl. Ex. 19** (Nichia's Final Infringement Contentions, Appendix 1, served March 26, 2021) (NichiaSJ001969, NichiaSJ001974). | included bulbs are S14, 1 Watt Max medium (E26) base lamp bulbs, typically bearing model numbers S14/822/PC or S14/822/PC/24.

The included light bulbs vary over time in internal structure (including filament support structure). Individual retailers may use their own article numbers, such as 710090 to refer to the Model No. 72007 string light fixture and its included bulbs. The included bulbs include a base that screws into a socket, one or more LED filaments, and support structures that are not leads, but each should be reviewed individually for its properties as the specific support structures vary based on bulb model number and over time within the same model number. Additionally, this string light fixture may also be used with incandescent bulbs.

|

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request for Admission Nos. 1 (NichiaSJ001990), 2 (NichiaSJ001991), 3 (NichiaSJ001991), and 14 (NichiaSJ001996-NichiaSJ001997). <br><br> **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) (NichiaSJ002016-NichiaSJ002023), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. | *See* Decl. of Kal Shah, Ex. D. <br><br>  <br><br>  <br><br> Dkt. 418-19, Livingston Rep. Ex. IAL-TAR-001 at 3-5 (depicting box and separately packed bulbs). |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | | Feit Electric 48' LED Filament String Light Set (Item 710090)    S14/822/PC/24 Dkt. 112-13 at 7-8. Dkt. 418-19, Livingston Rep. Ex. IAL-TAR-001 at 3-5. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | | S14 LED String Light Replacement Bulbs (24-Pack) SKU: S14/822/PC/24/RP, available at https://www.feit.com/product/s14-led-string-light-replacement-bulbs-24-pack/ <br><br> 11 Watt Equivalent S14 LED String Light Replacement Bulbs SKU: S14/822/FILED/4, available at https://www.feit.com/product/led-string-light-replacement-bulbs/ <br><br> Dkt. 443-15, Cisneros Dep. Tr. at 55:9-21. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|------------------------------------------------------------|------------------------|
| | | Decl. of Kal Shah Ex. E, Mullane Dep. Tr. at 45:13-47:10. |
| 12. | Phosphor in the encapsulant of the Model 72007 lightbulb converts some of the blue light from the LED chips to yellow light, which then mixes with the remaining blue light to form white light.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), ¶¶ 38-46 (NichiaSJ000855-NichiaSJ000858), and Exs. CC-1 and CC-18, at claim element 1.3 (NichiaSJ001154-NichiaSJ001164, NichiaSJ001509-NichiaSJ001519). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in | 12. Disputed<br>There is no "Model 72007 lightbulb."<br>Feit Electric does not dispute that certain phosphors generally convert blue light to varying colors, including certain shades of yellow, as a natural phenomenon. Nichia has not evaluated or tested the various bulbs available for use with the string light fixture Model 72007 to establish that there is phosphor that converts some of the blue light from the LED chips to yellow light and then mixes with the remaining blue light to form white light. Specifically, Nichia has not shown the source or amount of alleged remaining blue light.<br><br>Evidence:<br>*See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11;<br>Dkt. 426 at 6-12[2];<br>Dkt. 76 at 39:12-40:9;<br>Dkt. 428-2, Gershowitz Dep. Tr. 134:3-135:12; 136:24-138:15; 139:19-24; 141:15-25; 147:18-149:13; 141:8-22; 152:7-18;<br>Dkt. 446-1, Gershowitz Rep. at ¶¶ 122; 153-157;<br>Dkt. 428-3, Livingston Tr. at 132:13-133:5; 151:6-152:18; Dkt. 112-13 at Appendices 2-3;<br>Dkt. 433-23;<br>Dkt. 443-16, Lebby Dep. Tr: 56:4-59:25; 101:10-104:24 (discussing slide 16 from |

---

[2] Feit Electric's citations to motions on the Court's docket incorporate all exhibits and other evidence cited in those motions.

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 4 (NichiaSJ002018) ("For light bulbs that emit white light, blue emitting LED die are utilized and the LED die and strip of material is covered with a phosphor in a carrier material such as silicon to convert the blue light to white light."), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. **Parker Decl.  Ex.** 22 (Lebby Depo. Tr.) at 376:7-12 (NichiaSJ002183) (█████████████████ ████████████████ ████████████████ ████████████████ | Gershowitz Rep. Ex. CC-01); Dkt. 433-23, Gershowitz Rep. Ex. CC-01. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ); *id.* at 378:12-14 (NichiaSJ002184) ). | |
| 13. | Neither Feit Electric Company, Inc. nor its experts know how the Model 72007 lightbulb is made. Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 38:12-18 (NichiaSJ002274) ); *id.* at 39:8-11 (NichiaSJ002274) | 13. Disputed There is no "Model 72007 lightbulb." The bulbs included with the Model 72007 string light are manufactured using routine and conventional methods. Feit Electric employs a team of engineers that are familiar with the product specifications and their general manufacturing techniques. This information is also widely available as the components and manufacturing processes used are well-known and in no way unique to or claimed by the patent-in-suit. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11; Dkt. 82 at 9; Dkt. 443-16, Lebby Dep. Tr. at 92:12-98:15; Decl. of Kal Shah Ex. C, Lebby Rebuttal at (¶¶ 160-163); Decl. of Kal Shah Ex. E, Mullane Dep. Tr. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

17
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| |  | at 43:17-21; Decl. of Kal Shah Ex. F, Alan Feit 30(b)(6) 118:23-119:2 Decl. of Kal Shah Ex. B, Feit Electric's First Supplemental Response to Nichia Interrogatory No. 9 at 5; Dkt. 443-15, Cisneros Dep. Tr at 28:17-29:13; 69:20-24 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

18
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ████████████████ ; *id.* at 104:11-12 (NichiaSJ002051) ████████████████ ); *id.* at 143:13-15 (NichiaSJ002061) ████████████ ); *id.* at 145:10-11 (NichiaSJ002062) (████████████ ); *id.* at 146:5-10, 147:4-6 and 13-19 (NichiaSJ002062). **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 18 (NichiaSJ000668-Nichia000669). **Dkt. 193** at 10 ("The information [from Feit Electric's suppliers] is provided on an *ad hoc* basis and is generally unreliable and unverifiable.") **Parker Decl. Ex. 42** (Feit Electric Company, Inc.'s | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

19

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|--------------------------------------------------------------|-------------------------|
| | Responses and Objections to Nichia Corporation's Second Set of Requests for Production (Nos. 37-38)) at Response to Request No. 38 (NichiaSJ003764) ("Feit Electric does not research, design, develop, engineer, make prototypes, specify in detail, or manufacture LED filament packages. Further, Feit Electric does not research, design, develop, engineer, make prototypes, specify in detail, or manufacture light bulbs or lamps comprising LED filament packages."). | |
| **Model 72007 – Infringement of Claim 1** | | |
| 14. | The Model 72007 lightbulb is a light emitting device.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.0 (NichiaSJ001141-NichiaSJ001143); CC-18 at claim element 1.0 (NichiaSJ001497-NichiaSJ001498). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 | 14. Disputed in part.<br>There is no "Model 72007 lightbulb." Rather, the Model 72007 is a string light fixture that includes with it some light bulbs. The light bulbs included with the Model 72007 fixture are light emitting devices as Feit Electric understands that term as it relates to the patent-in-suit.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ001689-NichiaSJ001690, NichiaSJ001692) and IAL-TAR-18 (NichiaSJ001713-NichiaSJ001715). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission No. 1 (NichiaSJ001900) (admitting "The Accused Products are each light emitting devices."). | |
| 15. | The Model 72007 lightbulb is capable of emitting white color light.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.0 (NichiaSJ001141-NichiaSJ001143); CC-18 at claim element 1.0 (NichiaSJ001497-NichiaSJ001498).; *see also id.*, Ex. E (NichiaSJ000990) (providing "CCT" and "Emitted Color" for products). **Parker Decl. Ex. 16** (Opening Expert Report of | 15. Disputed in part.<br>"There is no Model 72007 lightbulb."<br>Feit Electric admits that certain light bulbs provided with some Model 72007 produce a yellow to white hue.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001695-NichiaSJ001696, NichiaSJ001703-NichiaSJ001704) and IAL-TAR-18 (NichiaSJ001718-NichiaSJ001719, NichiaSJ001726-NichiaSJ001727). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 375:15-17 (NichiaSJ002183) ███████████ ███████████ ███████████ ); *id.* at 348:11-349:15 (NichiaSJ002176) ( ███████████ ). | |
| 16. | The Model 72007 lightbulb contains an LED filament.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.1 (NichiaSJ001144-NichiaSJ001149), CC-18 at claim element 1.1 (NichiaSJ001499-NichiaSJ001504). **Parker Decl. Ex. 16** (Opening Expert Report of | 16. Disputed in part. There is no "Model 72007 lightbulb." Feit Electric admits that certain light bulbs provided with the Model 72007 fixture contain a LED-based filament.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001691-NichiaSJ001692) and IAL-TAR-18 (NichiaSJ001714-NichiaSJ001715). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) (NichiaSJ002016-NichiaSJ002023), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Request for Admission Nos. 2 and 3. | |
| 17. | The LED filament of the Model 72007 lightbulb has a board.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.1 (NichiaSJ001144-NichiaSJ001149), CC-18 at claim element 1.1 (NichiaSJ001499-NichiaSJ001504).<br>**Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001694, NichiaSJ001698, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001717, NichiaSJ001721, NichiaSJ001725).<br>**Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED | 17. Disputed in part.<br>There is no "Model 72007 lightbulb."<br>Feit Electric admits that certain light bulbs provided with the Model 72007 fixture include an LED filament that incorporates a board.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007), 4 (NichiaSJ001991-NichiaSJ001992) (admitting that "The LED lightbulbs in Feit model number 72007 each include a board having a first surface on a first surface side thereof and a second surface on a second surface side thereof, the second surface being an opposite side to the first surface."). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 4 (NichiaSJ002018) (referring to "a strip of material" on which "a set of LED die are mounted"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 344:18-22 | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

25
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ002175) (when addressing Model 72007: ███████████ ). | |
| 18. | The board in the LED filament of the Model 72007 lightbulb has a center between two ends in a lengthwise direction.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.1 (NichiaSJ001144-NichiaSJ001149), CC-18 at claim element 1.1 (NichiaSJ001499-NichiaSJ001504).<br>**Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001695) and IAL-TAR-18 (NichiaSJ001718).<br>**Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 46, ¶ 108 (NichiaSJ002432) ███████████ | 18. Disputed.<br>There is no "Model 72007 lightbulb." Nichia has not defined the boundaries of what it means by "a center between two ends," so Feit Electric accordingly denies. Further, in its commercial state, the LED filament included in the light bulbs provided with Model 72007 products is substantially vertical, and does not run in a lengthwise direction within the bulb as disclosed in the '734 patent.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11; Dkt. 433 at 13-19, 23-27. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

26

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ██████); *id.* at p. 63, ¶ 123 (NichiaSJ002449) (██████████ ██████████ ████). **Parker Decl. Ex. 25** (Bretschneider Depo. Tr.) at 140:5-14 (NichiaSJ002532) ("If Claim 1 started with a light emitting device comprising a board having end portions and the center portion, then I only have one center portion. I know where that has to be. Then the discussion would be how large is the center portion. But if there is only one, if there is the center portion, then it would have to be the middle of the board. It would have to be the geometric center."). | |
| 19. | The board in the LED filament of the Model 72007 lightbulb has a first surface on a first surface side of the board and a second surface on a second surface side of the board, the second surface being an opposite side to the first surface.\n\nEvidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), | 19. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that certain light bulbs provided with some Model 72007 products include an LED filament with a first surface on a first surface side of the board and a second surface on a second surface side of the board.\n\nEvidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Exs. CC-01 at claim element 1.1 (NichiaSJ001144-NichiaSJ001149), CC-18 at claim element 1.1 (NichiaSJ001499-NichiaSJ001504). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001716, NichiaSJ001725). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission No. 4 (NichiaSJ001991-NichiaSJ001992) (admitting that "The LED lightbulbs in Feit model number 72007 each include a board having a first surface on a first surface side thereof and a second surface on a second surface side thereof, the second surface being an opposite side to the first surface."). | |
| 20. | The LED filament of the Model 72007 lightbulb includes a plurality of LED | 20. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that certain |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
|  | chips mounted on the first surface side of the board of the LED filament.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.2 (NichiaSJ001150-NichiaSJ001153), CC-18 at claim element 1.2 (NichiaSJ001505-NichiaSJ001508). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ00695-NichiaSJ001696, NichiaSJ001698-NichiaSJ001699, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001718-NichiaSJ001719, NichiaSJ001721-NichiaSJ001722, NichiaSJ001725). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only | light bulbs provided with some Model 72007 products include an LED filament with a plurality of LED chips mounted on the first surface side of the board of the LED filament.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|---|---|
| | that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007), 6 (NichiaSJ001992-NichiaSJ001993) (admitting that "The LED lightbulbs in Feit model number 72007 each include a plurality of light emitting element chips mounted on the first surface side of the board."). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) (NichiaSJ002018), ¶ 4 (referring to "a strip of material" on which "a set of LED die are mounted"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 55, | |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ¶118 (NichiaSJ002441-NichiaSJ002442). | |
| 21. | The first surface side of the board of the LED filament of the Model 72007 lightbulb has a first region running lengthwise from one end of the board to the center of the board, and a second region running lengthwise from the other end of the board to the center of the board.<br><br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.1 (NichiaSJ001144-NichiaSJ001149), CC-18 at claim element 1.1 (NichiaSJ001499-NichiaSJ001504).<br><br>**Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692-Nichia001693, NichiaSJ001698) and IAL-TAR-18 (NichiaSJ001715-NichiaSJ001716, NichiaSJ001721).<br><br>**Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections | 21. Disputed.<br>There is no "Model 72007 lightbulb."<br>The light bulbs included, however, do not have a first region and second region as referenced in their commercial state. Even if the LED filament is removed from such bulbs and reoriented, Nichia has not defined the boundaries of what it means by "the center of the board," so Feit Electric accordingly denies.<br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11; Dkt. 433 at 13-19, 23-27. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 4 (NichiaSJ002018) (referring to "a strip of material" on which "a set of LED die are mounted"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. | |
| 22. | The plurality of LED chips mounted on the first surface side of the board of the LED filament of the Model 72007 lightbulb each are capable of emitting blue | 22. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that certain light bulbs provided with some Model 72007 products include LED chips mounted on a surface of the board which are capable |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | light.<br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.2 (NichiaSJ001150-NichiaSJ001153), CC-18 at claim element 1.2 (NichiaSJ001505-NichiaSJ001508).<br>**Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001695-NichiaSJ001696, NichiaSJ001698-NichiaSJ001699, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001718-NichiaSJ001719, NichiaSJ001721-NichiaSJ001722, NichiaSJ001725).<br>**Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in | of emitting blue light.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) (NichiaSJ002018), ¶ 4 (referring to "blue emitting LED die"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 375:15-21 (NichiaSJ002183) ███████████ ███████████ ███████████ ███████████ ███████████ ██); *id.* at 348:11-349:15 (NichiaSJ002176) (███████████ ███████). | |
| 23. | The plurality of LED chips mounted on the first surface side of the board of the LED | 23. Disputed in part. There is no "Model 72007 lightbulb." Feit Electric admits that certain light bulbs |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | filament of the Model 72007 lightbulb are covered with a phosphor-containing encapsulant, at least on the first surface side of the board, to convert blue light to generate white light. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.3 (NichiaSJ001154-Nichia001164), CC-18 at claim element 1.3 (NichiaSJ001509-NichiaSJ001519). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001695-NichiaSJ001696, NichiaSJ001702-NichiaSJ001708) and IAL-TAR-18 (NichiaSJ001718-NichiaSJ001719, NichiaSJ001725-NichiaSJ001731). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) | provided with some Model 72007 products include phosphor-containing encapsulant to convert blue light to generate white light. However, while Feit Electric admits that such encapsulant covers LED chips on the board, Feit Electric notes that an encapsulant is separately provided on the first side of the board from a different encapsulant provided on the second side of the board. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 12, 13. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-------------------------------------------------------------|--------------------------|
|     | ("Defendant admits only that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007), 24 (NichiaSJ002000-NichiaSJ002001) ("Defendant admits that a mixture of resin and phosphor is provided on a surface side [in each of the LED lightbulbs in Feit model number 72007]."). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 4 (NichiaSJ002018) (referring to "phosphor in a carrier material such as silicon" that "cover[s]" "the LED die and strip of material [the LED die are mounted on]"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. |  |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 145:17-20 (NichiaSJ002062), 355:5-15 (NichiaSJ002178), 367:23-368:4 (NichiaSJ002181), 369:23-371:8 (NichiaSJ002181-NichiaSJ002182), 378:10-17 (NichiaSJ002184). | |
| 24. | The board of the LED filament of the Model 72007 lightbulb is covered with a phosphor-containing encapsulant, at least on the first surface side of the board, which converts blue light to generate white light. Evidence: *See* SF 23. | 24. Disputed in part. There is no "Model 72007 lightbulb." Feit Electric admits that certain light bulbs provided with some Model 72007 products include an LED filament with a phosphor-containing encapsulant. However, an encapsulant is separately provided on the first side of the board from a different encapsulant provided on the second side of the board. Additionally, some light bulbs provided with some Model 72007 products may include an LED filament with significant portions of the board exposed. Nichia further has failed to demonstrate that both encapsulants convert blue light to generate white light; indeed, the direct conversion from blue to white light is not a scientifically proven property of phosphor.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 12, 13. |
| 25. | The phosphor-containing encapsulant of the LED filament of the Model 72007 lightbulb is a mixture | 25. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that at least one encapsulant member on certain light |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | of resin and phosphor. Evidence:  *See* SF 23. | bulbs provided with some Model 72007 products include at least two encapsulants, consists of a mixture of resin and phosphor.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 13. |
| 26. | The phosphor-containing encapsulant of the LED filament the Model 72007 lightbulb is a single component that both converts wavelength and allows light to pass through. Evidence:  *See* SF 23. | 26. Disputed.<br>As an initial matter, there is no Model 72007 lightbulb.<br>Nichia has not shown that the encapsulant is a single component that both converts wavelength and allows light to pass through. Nichia's testing relied on visual inspection of photographs to determine whether blue light from the LED passes through an encapsulant. Further, Nichia's SPD testing did not account for light escaping from exposed gaps in the board of each filament. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11;<br>Dkt. 428-2, Gershowitz Dep. Tr. 134:3-135:12; 139:19-24; 141:15-25; 147:18-149:13; 149:5-150:14; Dkt. 426 at 6-12; Dkt. 446-1, Gershowitz Report at ¶¶153-157; ¶¶174-177; Dkt. 443-16, Lebby Dep. Tr at 55:9-56:2, 56:4-59:25, 92:12-98:15, 142:12-143:18; 144:6-147:9,, 147:11-148:24, 131:14-135:23, 135:24-141:10, 141:11-143:11. |
| 27. | The LED filament of the Model 72007 lightbulb comprises a single component that both | 27. Disputed<br>Evidence: Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 26. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | converts wavelength and allows light to pass through. Evidence: *See* SF 23. | |
| 28. | The Model 72007 lightbulb includes a bulb that encloses the LED filament of the lightbulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.4 (NichiaSJ001165-NichiaSJ001166), CC-18 at claim element 1.4 (NichiaSJ001520-NichiaSJ001521). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692) and IAL-TAR-18 (NichiaSJ001715). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 14 (NichiaSJ001996-NichiaSJ001997) ("Defendant admits that the Accused Products each include a bulb that encloses a board and a plurality of light emitting element"), 15 | 28. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that the light bulbs provided with Model 72007 products includes a bulb that encloses the LED filament. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ001997) (same, for Model 72007). | |
| 29. | The Model 72007 lightbulb includes a bulb that encloses the board and the plurality of LED chips mounted on the first surface side of the board of the LED filament of the lightbulb. Evidence:  *See* SF 28. | 29. Disputed in part. There is no "Model 72007 lightbulb." However, Feit Electric admits that the light bulbs provided with Model 72007 encloses the board and the plurality of LED chips. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 28. |
| 30. | The bulb of the Model 72007 lightbulb allows light to pass through. Evidence:  **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.4 (NichiaSJ001165-NichiaSJ001166), CC-18 at claim element 1.4 (NichiaSJ001520-NichiaSJ001521); *see also id.*, Ex. M (NichiaSJ001015). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692) and IAL-TAR-18 (NichiaSJ001715). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for | 30. Disputed in part There is no "Model 72007 lightbulb." However, Feit Electric admits that the light bulbs provided with Model 72007 products include bulbs that allow light to pass through. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Admission) at Request For Admission Nos. 1 (NichiaSJ001990) (admitting that "The Accused Products are each light emitting devices."), 17 (NichiaSJ001997-NichiaSJ001998) (admitting that "The bulb in each of the LED lightbulbs in Feit model number 72007 allows light to pass through."). | |
| 31. | The LED filament of the Model 72007 lightbulb includes a pair of metal plates, one of the pair of metal plates protruding at one end of the phosphor-containing encapsulant and the other of the pair of metal plates protruding at the other end of the phosphor-containing encapsulant of the LED filament. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.7 (NichiaSJ001171-NichiaSJ001173), CC-18 at claim element 1.7 (NichiaSJ001526-NichiaSJ001527). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. | 31. Disputed in part There is no "Model 72007 lightbulb." Feit Electric does not dispute that that the light bulbs provided with Model 72007 products include a pair of metal plates, each metal plate of the pair protruding at one end of each of the two encapsulants of which at least one encapsulant contains phosphor. Nichia has not shown that the accused light bulbs include more than a single pair of metal plates or that the encapsulant is a single component. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 12, 13. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | IAL-TAR-001 (NichiaSJ001693-NichiaSJ001694, NichiaSJ001699) and IAL-TAR-18 (NichiaSJ001716-NichiaSJ001717, NichiaSJ001722). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, NichiaSJ000630, NichiaSJ000632, NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641) (referring to "metal tabs attached to the ends of the substrate [that] are in turn attached to the support leads" in listed products). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 55, ¶ 118 (NichiaSJ002441) (███████████ | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

42
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ██████████████ ; *id.* at p. 61, ¶128, Figures 38 and 39 (NichiaSJ002447) (██████████████ ). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 186:1-4 (NichiaSJ002072) (██████ . | |
| 32. | The Model 72007 lightbulb includes electrical leads, one lead that attaches to one of the pair of metal plates and another lead that attaches to the other of the pair of metal plates of the LED filament of the lightbulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.5 (NichiaSJ001167-NichiaSJ001168), CC-18 at claim element 1.5 (NichiaSJ001522-NichiaSJ001523). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 | 32. Disputed in part There is no "Model 72007 lightbulb." Feit Electric does not dispute that that the light bulbs provided with Model 72007 products include electrical leads that attach to one to each end of the pair of metal plates extending from the LED filament. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | (NichiaSJ001693) and IAL-TAR-18 (NichiaSJ001716). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 53-54, ¶ 120 (NichiaSJ002439-NichiaSJ002440) (█████████████████████ ████████████████). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 184:3-4 (NichiaSJ002071) ████████████████; *id.* at 186:24-187:17 (NichiaSJ002072) (███████████████████). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, | |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ000630, NichiaSJ000632, NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641, NichiaSJ000642) (referring to "metal tabs attached to the ends of the substrate" and the "metal tabs are attached to two of the support leads" for listed products). | |
| 33. | The electrical leads of the Model 72007 lightbulb at least indirectly support the plurality of LED chips mounted on the first surface side of the board of the LED filament inside the bulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.5 (NichiaSJ001167-NichiaSJ001168), CC-18 at claim element 1.5 (NichiaSJ001522-NichiaSJ001523). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693) and IAL- | 33. Disputed There is no "Model 72007 lightbulb." Further, Feit Electric disputes that the electrical leads support, either indirectly or directly, the plurality of LED chips. Nichia did not test or garner admissible evidence regarding any alleged support provided by the electrical leads, let alone what structure is supported. In addition, the evidence suggests that the leads do not support the plurality of LED chips mounted on the board as when the resin is removed, the LEDs are no longer supported in place as shown by Nichia's expert report. Nor did Nichia test or garner admissible evidence disputing that the support is provided in the Accused Products by other support structures, including but not limited to, cylindrical stems/hubs, support twires that do not conduct electricity. Evidence: |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | TAR-18 (NichiaSJ001716). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, NichiaSJ000630, NichiaSJ000632, NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641, NichiaSJ000642) (referring to "metal tabs attached to the ends of the substrate" and the "metal tabs are attached to two of the support leads" for listed products). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 253:19-24 (NichiaSJ002089) ( | *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11; Dkt. 433-3, Shah Decl., Ex. 2, Tr. 161:2-25; 176:18-178:21; Tr. 178:15-25; 178:15-21; Dkt. 433 at 6-9; '812 Patent at Claims 1-16. Dkt. 433 at 4-13. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
|  | ████████████████ . |  |
| 34. | The electrical leads of the Model 72007 lightbulb support the LED filament in that lightbulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.5 (NichiaSJ001167-NichiaSJ001168), CC-18 at claim element 1.5 (NichiaSJ001522-NichiaSJ001523). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693) and IAL-TAR-18 (NichiaSJ001716). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, NichiaSJ000630, NichiaSJ000632, | 34. Disputed

There is no "Model 72007 lightbulb." Further, Feit Electric disputes that the electrical leads support, either indirectly or directly, the plurality of LED chips. Nichia did not test or garner admissible evidence regarding any alleged support provided by the electrical leads, let alone what structure is supported. In addition, the evidence suggests that the leads do not support the plurality of LED chips mounted on the board as when the resin is removed, the LEDs are no longer supported in place as shown by Nichia's expert report. Nor did Nichia test or garner admissible evidence disputing that the support is provided in the Accused Products by other support structures, including but not limited to, cylindrical stems/hubs, support twires that do not conduct electricity.

Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11; Dkt. 433-3, Shah Decl., Ex. 2, Tr. 161:2-25; 176:18-178:21; Tr. 178:15-25; 178:15-21; Dkt. 433 at 6-9; '812 Patent at Claims 1-16. Dkt. 433 at 4-13. *See also* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 33. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641, NichiaSJ000642) (referring to "metal tabs attached to the ends of the substrate" and the "metal tabs are attached to two of the support leads" for listed products). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 184:3-7 (NichiaSJ002071) ████████████ ████████████ ████████████ ████████████ ████████████ ; *id.* at 253:19-24 (NichiaSJ002089). | |
| 35. | Cutting the electrical leads of the Model 72007 lightbulb would cause the LED filament of the lightbulb to become detached from the remaining structure of the lightbulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at | 35. Disputed in part There is no Model 72007 lightbulb. Feit Electric does not dispute that when all the electrical leads of the light bulbs included with the Model 72007 bulb are cut together, the filament will detach; however, Nichia has not shown that the leads provide support. Indeed, no analysis was done as to the impact of cutting a single lead or the distinction between a lead and support lead. Evidence: *See* Feit Electric's Resp. to |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

48
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
|  | claim element 1.5 (NichiaSJ001167-NichiaSJ001168), CC-18 at claim element 1.5 (NichiaSJ001522-NichiaSJ001523); *see also id.*, ¶ 211 (NichiaSJ00930) ("Without the support leads, the one or more LED filaments would be left to float about in the bulb without any connection."). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693) and IAL-TAR-18 (NichiaSJ001716). **Parker Decl. Ex. 22** (Lebby Depo. Tr.), 263:19-25 (NichiaSJ002091), 269:5-19 (NichiaSJ002093), 271:13-15 (NichiaSJ002093) ███████████████ ███████████████ ███████████████ ███ ). | Nichia's Alleged Uncontroverted Material Fact Nos. 11, 33, 34. |
| 36. | The Model 72007 lightbulb includes an "E26" screw base. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.6 (NichiaSJ001169- | 36. Disputed in part There is no "Model 72007 lightbulb." However, Feit Electric does not contest that the light bulbs included with the Model 72007 string light fixture include an E26 screw base.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
|  | NichiaSJ001170), CC-18 at claim element 1.6 (NichiaSJ001524-NichiaSJ001525); *see also id.*, ¶ 215 (NichiaSJ000931), Ex. E (NichiaSJ000990) (providing "Base" type), Ex. M (NichiaSJ001015) (Feit's webpage for Model 72002, noting "Base: E26 (Medium)"). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692) and IAL-TAR-18 (NichiaSJ001715). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 26:25-27:2 (NichiaSJ002032) ███████████ ███████████ ███████████; *id.* at 44:15-18 (NichiaSJ002036). | Fact No. 11. |
| 37. | The screw base of the Model 72007 lightbulb can be threadedly engaged along a socket axis with a socket designed for an E26 screw base. Evidence:  *See* SF 36. | 37. Disputed in part<br><br>There is no "Model 72007 lightbulb." However, Feit Electric does not contest that the light bulbs included with the Model 72007 string light fixture can be threadedly engaged along a socket axis with a socket designed for an E26 screw base.<br><br>Evidence: *See* Feit Electric's Resp. to |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | | Nichia's Alleged Uncontroverted Material Fact No. 11. |
| 38. | Conventional lightbulb sockets include a socket designed for an E26 screw base. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), ¶ 215 (NichiaSJ000931). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 294:17-18 (NichiaSJ002163) ███████████ ███████████ ███████). **Parker Decl. Ex. 17** (Gerardo Cisneros Depo. Tr.) at 127:25-128:15 (NichiaSJ001766) ███████████ ███████████ . | 38. Undisputed. |
| 39. | The board of the LED filament of the Model 72007 lightbulb is covered with a phosphor-containing encapsulant, at least on the second surface side of the board, to convert blue light to white light. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.8 | 39. Disputed There is no "Model 72007 lightbulb." Feit Electric disputes that Nichia has established or can establish the LED filament included within the light bulbs provided with the Model 72007 string-light fixture are covered with a phosphor containing encapsulant on the second surface side. The filaments include two encapsulants, often separated by a gap layer. Nichia has failed to demonstrate that the encapsulant converts blue light to white light. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ001174-NichiaSJ001175), CC-18 at claim element 1.8 (NichiaSJ001528-NichiaSJ001529). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001716, NichiaSJ001725). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007), 24 (NichiaSJ002000-NichiaSJ002001) ("Defendant admits that a mixture of resin and phosphor is provided on a surface side [in each of the LED lightbulbs in Feit model number 72007]."). **Parker Decl. Ex. 21** (Dkt. | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Facts Nos. 11, 12, 13. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) ¶ 4 (NichiaSJ002018) (referring to "phosphor in a carrier material such as silicon" that "cover[s]" "the LED die and strip of material [the LED die are mounted on]"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 145:17-20 (NichiaSJ002062), 355:5-15 (NichiaSJ002178), 367:23-368:4 (NichiaSJ002181), 369:23-371:8 (NichiaSJ002181-NichiaSJ002182), 378:10-17 (NichiaSJ002184). | |
| 40. | The phosphor-containing encapsulant on the first surface side of the board of the LED filament of the Model 72007 lightbulb is elongated in the lengthwise | 40. Disputed There is no "Model 72007 lightbulb." In addition, the filaments as packaged and sold in the bulbs are substantially vertical, and therefore the plan view does not coincide with having a first surface side of |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|------------------------------------------------------------|-------------------------|
| | direction when viewed in plan view of the first surface side of the board. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.8 (NichiaSJ001174-NichiaSJ001175), CC-18 at claim element 1.8 (NichiaSJ001528-NichiaSJ001529). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001693, NichiaSJ001702) and IAL-TAR-18 (NichiaSJ001716, NichiaSJ001725). **Parker Decl. Ex. 20** (Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission) at Request For Admission Nos. 2 (NichiaSJ001991) ("Defendant admits only that the Accused Products each include an LED filament as described in Dkt. No. 112-45"), 3 (NichiaSJ001991) (same, for Model 72007), 24 (NichiaSJ002000- | the board visible. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11; Dkt. 433 at 13-19; Dkt. 433-23, Shah Decl., Ex. 22 at CC-01 at 34; CC-02 at 32; CC-03 at 32; CC-04 at 32; CC-05 at 33; CC-06 at 32; CC-07 at 33; CC-08 at 33; CC-09 at 30; CC-10 at 31; CC-11 at 32; CC-12 at 33; CC-13 at 32; CC-14 at 32; CC-15 at 32; CC-16 at 31; CC-17 at 33; CC-18 at 32; CC-24 at 38-39; *see also* Dkt. 433-9, Dkt. 433-10. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ002001) ("Defendant admits that a mixture of resin and phosphor is provided on a surface side [in each of the LED lightbulbs in Feit model number 72007]."). **Parker Decl. Ex. 21** (Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)) ¶ 4 (NichiaSJ002018) (referring to "phosphor in a carrier material such as silicon" that "cover[s]" "the LED die and strip of material [the LED die are mounted on]"), cited by Feit Electric Company, Inc.'s Responses and Objections to Nichia Corporation's First Set of Requests for Admission, Request for Admission Nos. 2 and 3. | |
| 41. | The phosphor-containing encapsulant on the second surface side of the board of the LED filament of the Model 72007 lightbulb is elongated in the lengthwise direction when viewed in plan view of the first | 41. Disputed There is no "Model 72007 lightbulb." In addition, Nichia has not demonstrated the second encapsulant (*i.e.,* the encapsulant on the second surface) contains phosphor. And, the filaments as packaged and sold in the bulbs are substantially vertical, and therefore the plan view does not coincide |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | surface side of the board. Evidence: *See* SF 40. | with having a first surface side of the board visible. Even if removing the filament from the bulb and viewing it in plan view form form the first surface side of the filament (while removed) was proper, one would not be able to view the second side of the board, or the components on that side.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 40. |
| 42. | The phosphor-containing encapsulant on the first surface side of the board is connected to the phosphor-containing encapsulant covering the second surface side of the board of the LED filament of the Model 72007 lightbulb. Evidence: *See* SF 40. **Parker Decl. Ex. 22**(Lebby Depo. Tr.) at 143:4-8 (NichiaSJ002061) ████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ . | 42. Disputed<br>There is no "Model 72007 lightbulb."<br>In addition, Nichia has not demonstrated the second encapsulant (*i.e.,* the encapsulant on the second surface) contains phosphor.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 12, 13, 26. |
| 43. | The phosphor-containing encapsulant on the first surface side of the board is part of the same component | 43. Disputed<br>There is no "Model 72007 lightbulb."<br>The light bulbs including with the Model 72007 string light fixture have two |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | as the phosphor-containing encapsulant covering the second surface side of the board of the LED filament of the Model 72007 lightbulb. Evidence: *See* SF 40. **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 143:4-8 (NichiaSJ002061) | encapsulants, one on each side of the board. Nichia has not conducted any analysis or testing of the encapsulant that does not cover LEDs such that there is no evidence that it contains phosphor is otherwise comprised of the same composition as the encapsulant that covers the LEDs. Evidence: *See* Feit Electric's Resps. to Nichia's Alleged Uncontroverted Material Fact No. 11, 26, 42. |
| 44. | There are at least two LED chips arranged longitudinally on one side of the board's center, and at least two LED chips arranged longitudinally on the other side of the board's center, in the LED filament of the Model 72007 lightbulb Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim elements 1.9 and 1.10 (NichiaSJ001176-NichiaSJ001179), CC-18 at claim elements 1.9 and 1.10 | 44. Disputed As an initial matter, there is no "Model 72007 lightbulb." Feit Electric disputes that there are at least two LED chips arranged longitudinally on one side of the board's center and at least two LED chips arranged longitudinally on the other other side; rather, the chips are arranged vertically when the bulb is positioned in its functional orientation. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

57

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ001530-NichiaSJ001533). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001695, NichiaSJ001698) and IAL-TAR-18 (NichiaSJ001718, NichiaSJ001721). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 83, ¶ 142 (NichiaSJ002469) ▮▮▮▮▮▮ **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 204:12-17 (NichiaSJ002076) ▮▮▮▮▮▮ | |
| 45. | A first set of LED chips are mounted on the first region and arranged from the center of the board to one | 45. Disputed There is no "Model 72007 lightbulb." Feit Electric disputes this statement as there |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | end of the board in the LED filament of the Model 72007 lightbulb. Evidence: *See* SF 44. | is no first and second region from the center of the board to the other (*see* Feit Electric's Response to Nichia's SOF 44). In addition, the chips are mounted indiscernibly such that no such regions are applicable. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11.; Dkt. 433 at 23-27. |
| 46. | A second set of LED chips are mounted on the second region and arranged from the center of the board to the other end of the board in the LED filament of the Model 72007 lightbulb. Evidence: *See* SF 44. | 46. Disputed<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 45. |
| 47. | The pair of metal plates are electrically connected with the screw base via the electrical leads of the Model 72007 lightbulb. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim element 1.11 (NichiaSJ001180-NichiaSJ001181), CC-18 at claim element 1.11 (NichiaSJ001534-NichiaSJ001535). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692- | 47. Disputed<br>There is no "Model 72007 lightbulb."<br><br>In addition, the light bulbs provided with the Model 72007 string light fixture do not have metal plates electrically connected with the screw base via the electrical leads, rather the leads are connected to the circuit board which in turn is electrically connected to two diodes which are connected to the screw base.<br><br>Evidence: *See* Feit Electric's response to Nichia's Statement of Fact No. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ001693) and IAL-TAR-18 (NichiaSJ001715-NichiaSJ001716). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 184:3-4 (NichiaSJ002071) ██████████ *id.* at 186:24-187:17 (NichiaSJ002072) (██████████). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, NichiaSJ000630, NichiaSJ000632, NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641, NichiaSJ000642) (referring to "metal tabs attached to the ends of the substrate" | |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | and the "metal tabs are attached to two of the support leads" for listed products). | |
| **Model 72007 – Infringement of Claim 19** | | |
| 48. | In the Model 72007 lightbulb, all the LED chips mounted on the board are aligned along a line on the first surface side of the board.<br>Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim 19 (NichiaSJ001198-NichiaSJ001199), CC-18 at claim 19 (NichiaSJ001552-NichiaSJ001554).<br>**Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001694-NichiaSJ001696) (showing the LED chips mounted on the first surface side of the board in a straight line), (NichiaSJ001699), and IAL-TAR-18 (NichiaSJ001717-NichiaSJ001719) (showing the LED chips mounted on the first surface side of the board in a straight line), NichiaSJ001722. | 48. Disputed in part<br>There is no Model 72007 lightbulb.<br>In addition, to the extent the LEDs are deemed to be on the first surface side of the board, Feit Electric does not dispute that the chips are mounted in a line.<br><br>Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 11. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 83, ¶ 142 (NichiaSJ002469) ■■■■■■■■■■■■■■■■■■■■■■■■■■ **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 337:11-12 (NichiaSJ002173) ■■■■■■■ | |
| 49. | In the Model 72007 lightbulb, all LED chips mounted on the first surface side of the board are linearly arranged. Evidence: *See* SF 48. | 49. Disputed in part Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 48. |
| 50. | In the Model 72007 lightbulb, the LED chips mounted on the first surface side of the board are in a straight line Evidence: *See* SF 48. | 50. Disputed in part Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 48. |
| **Model 72007– Infringement of Claim 23** | | |
| 51. | The electrical leads of the Model 72007 lightbulb extend from the screw base and attach to the pair of metal plates, with one of the leads attaching to one of the pair of metal plates and | 51. Disputed in part There is no "Model 72007 lightbulb." In addition, at least one of the leads extends past the metal plate. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

62
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | another of the leads attaching to the other one of the pair of metal plates. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), Exs. CC-01 at claim 23 (NichiaSJ001204), CC-18 at claim 23 (NichiaSJ001559). **Parker Decl. Ex. 16** (Opening Expert Report of Michael Livingston), Exs. IAL-TAR-001 (NichiaSJ001692-NichiaSJ001693) and IAL-TAR-18 (NichiaSJ001715-NichiaSJ001716). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 186:24-187:17 (NichiaSJ002072) (█████████████ ). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Responses to Nichia Interrogatory Nos. 9-11 Pursuant to Court Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 9 (NichiaSJ000626, NichiaSJ000627, NichiaSJ000629, | Fact No. 11; Dkt. 433-23, Gershowitz Rep. Ex. CC-01 at ¶ 64; Decl. of Kal Shah Ex. C, Lebby Rebuttal at ¶ 61. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

63

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ000630, NichiaSJ000632, NichiaSJ000634, NichiaSJ000635, NichiaSJ000637, NichiaSJ000639, NichiaSJ000640, NichiaSJ000641, NichiaSJ000642) (referring to "metal tabs attached to the ends of the substrate" and the "metal tabs are attached to two of the support leads" for listed products). | |
| 52. | The electrical leads of the Model 72007 lightbulb extend from the base in the direction of the pair of metal plates. Evidence:  *See* SF 51. | 52. Disputed<br><br>There is no "Model 72007 lightbulb." In addition, the light bulbs included with the string light fixture Model 72007 have leads with varying directions. Indeed, each has at least one lead that extends from the base parallel to the metal plates such that it must be bent to the direction of the metal plate.<br><br>Evidence: Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact Nos. 11, 51. |
| 53. | All lightbulbs of Model 72007 are representative of each other with respect to claims 1, 19, and 23 of the '734 Patent. Evidence:  *See* SFs 14-52. | 53. Disputed<br>There is no "Model 72007 lightbulb." Model 72007 is a string-light fixture that varies in the light bulbs included, each having different structure.<br><br>Evidence: *See* Feit Electric's Resp. to |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

64

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | | Nichia's Alleged Uncontroverted Material Fact Nos. 11; 33-35; 40-41. |
| 54. | All lightbulbs of Model 72007 comprise each of the elements of claims 1, 19, and 23 of the '734 Patent. Evidence: *See* SFs 14-52. | 54. Disputed<br><br>Evidence: *See* Feit Electric's Responses to Nichia's Alleged Statement of Uncontroverted Facts Nos. 1-53.<br>*See also* Feit Electric's Motion for Summary Judgment and supporting papers, Dkt. 433, as well as its opposition to Nichia's Partial Motion for Summary Judgment. |
| **Non-Infringing Alternatives** | | |
| 55. | Feit has identified the following designs as alleged alternatives to the lighting product design covered by the '734 Patent :<br>(1) a board that is not elongated in the longitudinal direction when viewed in plan view (such as in the *Mano* reference, or US20040239242A1);<br>(2) a plurality of light emitting element chips arranged transversely on a board;<br>(3) including one or more light emitting element chips in the center of the board;<br>(4) other alternative arrangements of the | 55. Undisputed. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

65

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | LED chips on the board; <br> (5) a board extending into a support base so that a bulb does not enclose the board; <br> (6) leads (as in the current case) that are not supporting but rather just electrical leads, including but not limited to, a two-layer structure consisting of, for example, copper (Cu) or nickel (Ni) plating and an upper layer made by gold (Au) plating; <br> (7) conductors or terminals substituted for metal plates; <br> (8) leads crimped or repositioned so as to not cross metal plates; <br> (9) addition of a reflective layer to the board; <br> (10) non-traditionally shaped bulbs; <br> (11) multiple resin structures or a break in the resin structure, or multiple resin structures that do not | |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | surround the board;<br>(12)    a yellow board and a resin used only on one side of the board;<br>(13)    a wavelength conversion member that is not a wavelength conversion member formed unitarily with a transparent member;<br>(14)    providing a separate wavelength conversion member and transparent layer;<br>(15)    a wavelength conversion member that is non-unitarily formed with a transparent member;<br>(16)    multiple short pieces of metal or other support structures substituted for the board;<br>(17)    packaged LEDs (referring to "traditional, surface mount (SMD) or chip-on-board (COB) packaged LEDs in place of the LED chips mounted and sealed in an LED filament"); | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

67
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (18) using a filament without a support structure; <br> (19) any other configuration shown in the prior art; and <br> (20) Subsets of Accused Products found not to infringe. <br> Evidence: **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Response to Nichia Interrogatory Nos. 9-11 Pursuant to Order (Dkt. No. 131)) at First Supplemental Response to Interrogatory No. 11 (NichiaSJ000650-NichiaSJ000651). **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666). **Parker Decl. Ex. 24 (**Rebuttal Report of Dr. Michael Lebby) at Section XII, pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | |
| 56. | In this lawsuit, Nichia has accused Feit products | 56. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | having (i) one or more LED chips in the center of the board of infringing the '734 Patent (alternative 3 from SF 55); (ii) "non-traditionally shaped bulbs" (alternative 10 from SF 55); and (iii) having multiple resin structures, a break or gap in the resin structure, and/or a resin structure that does not surround the whole board (alternative 11 from SF 55) of infringing the '734 Patent ("Accused Alternatives"). Evidence:  **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz),  ¶¶ 186-188 (NichiaSJ00923-NichiaSJ00924) (addressing Feit's non-infringement position for products having a chip in the center of the board); *id.*, Ex. CC-04 at 34-37 (NichiaSJ001393-NichiaSJ001396) (example of product having a chip in the center of the board); *id.*, Ex. CC-07 at 35-38 (NichiaSJ001462-NichiaSJ001465) (same); *id*. at Section X(A)(3)(h) (NichiaSJ000906-NichiaSJ000908) (addressing "lack of resin | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|------------------------------------------------------------|--------------------------|
|     | surrounding the board on all sides"); ¶¶ 196-201 (NichiaSJ000925-NichiaSJ000928) (addressing Feit's arguments regarding multiple resin structures, a break or gap in the resin structure, and/or a resin structure that does not surround the whole board); Ex. CC-02 at 32-37 (NichiaSJ001243-NichiaSJ001248) (example of product having multiple resin structures, a break or gap in the resin structure, and/or a resin structure that does not surround the whole board); Ex. CC-03 at 32-37 (NichiaSJ001317-NichiaSJ001322) (same); *id*. at Section X(A)(3)(a) (NichiaSJ000900-NichiaSJ000901) (addressing bulb shape); ¶ 132 ((NichiaSJ000900) "Three of the [accused] products are described as having different shapes, such as LUNA/7/SMK/FIL ('Moon / Luna'), TD/7/SMK/FIL ('Teardrop'), and VB/S/CL/820/FIL ('Bottle')"). | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

70

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| 57. | The designs set forth in alternatives 1-2, 4-9, and 12-20 (from SF 55) are not implemented in any of the Accused Products ("Non-Accused Alternatives"). Evidence: **Parker Decl. Ex. 22 (**Lebby Depo. Tr.) at 78:6-79:23 (NichiaSJ002045). | 57. Disputed<br>The Accused Products include:<br>products that a board that is not elongated in the longitudinal direction when viewed in plan view for instance, as in Feit Electric products in which the board is elongated in the vertical direction when viewed in the plan view;<br>leads (as in the current case) that are not supporting but rather just electrical leads – Nichia, in fact, has not shown any of the Accused Products include support leads;<br>multiple resin structures or a break in the resin structure, or multiple resin structures that do not surround the board.<br>a wavelength conversion member that is not a wavelength conversion member formed unitarily with a transparent member as is the case with all of the Accused Products; indeed, Nichia has not shown that the products incorporate the claimed member;<br>wavelength conversion member that is non-unitarily formed with a transparent member – Nichia's own expert disclosures show the phosphor is readily discernable and distinct from the resin.<br>Evidence: Dkt. 433 at 21-23. |
| 58. | In this lawsuit, for purposes of calculating a reasonable royalty for infringement of the '734 Patent, the hypothetical negotiation between Nichia and Feit would have taken place in September 2017. Evidence: **Parker Decl. Ex. 14 (**Opening Expert | 58. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Report of Lauren Kindler), ¶¶ 9, 15 (NichiaSJ000677-Nichia000678, NichiaSJ000682). **Parker Decl. Ex. 9** (Rebuttal Expert Report of Dawn Hall), ¶ 67 (NichiaSJ000383). *See* SF 6. | |
| 59. | None of the Non-Accused Alternatives was on the market in September 2017. Evidence:  **Parker Decl. Ex. 22** (Lebby Depo Tr.) at 78:6-79:23 (NichiaSJ002045). | 59. Disputed Feit Electric was selling numerous products with the features referenced in Nichia Alleged Uncontroverted Material Fact No. 55 on that date. In addition, other light makers offered similar non-infringing alternatives. Evidence: Dkt. 433 at 21-23. |
| 60. | There is no evidence that Feit or its contract manufacturers had the necessary materials to make any of the Non-Accused Alternatives in or around September 2017. Evidence:  **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to identify the dates the | 60. Disputed Nichia itself has admitted that the novelty of this invention is "[t]he novelty that we're claiming here isn't directed to any individual component . . . the novelty is in the configuration all the different components and how they interact together." According to Nichia, the patent "doesn't capture prior art, because what is inventive about the claim is the configuration of all of the elements together." *Id.* at 10. Accordingly, Nichia tacitly admits that the components were available. Indeed, Nichia improperly revived this application in 2012 after a Panasonic received accolades for as similar, non-infringing version of the product. ████ |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | alleged design-arounds would have been available, nor did it identify any documents to corroborate its alleged design-arounds). *See* SFs 69-70. | ███████████████<br><br>Evidence: Dkt. 82 at 9; Dkt. 319 at page 6. Decl. of Kal Shah Ex. F, Alan Feit 30(b)(6) Dep. Tr. at 25:25-26:3; 26:15-27:10; |
| 61. | There is no evidence that Feit or its contract manufacturers had the necessary equipment to make any of Non-Accused Alternatives in or around September 2017. Evidence: **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to identify the dates the alleged design-arounds would have been available, nor did it identify any | 61. Disputed<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 60. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

73

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | documents to corroborate its alleged design-arounds).<br><br>*See* SFs 69-70. | |
| 62. | There is no evidence that Feit or its contract manufacturers had the necessary know-how to make any of Non-Accused Alternatives in or around September 2017. Evidence: **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to identify the dates the alleged design-arounds would have been available, nor did it identify any documents to corroborate its alleged design-arounds).<br><br>*See* SFs 69-70. | 62. Disputed<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 60. |
| 63. | There is no evidence that Feit or its contract manufacturers had the necessary experience to make any of Non-Accused Alternatives in or around | 63. Disputed<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 60. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

74

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | September 2017. Evidence: **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to identify the dates the alleged design-arounds would have been available, nor did it identify any documents to corroborate its alleged design-arounds). *See* SFs 69-70. | |
| 64. | Feit has no information regarding the date(s) any of the Non-Accused Alternatives would have been available to Feit. Evidence: **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to | 64. Disputed<br><br>As explained in Feit Electric's response to Nichia Statement of Fact No. 60, even Nichia admits that the components were available at the time of the patent's issuance. Moreover, at least one entity had a non-infringing embodiment as early as 2012. And, Feit Electric has numerous products that are non-infringing, all of which were available. In addition, Nichia has conceded that small changes, such as using only three LEDs or an arrangement such as in Figure 14 of the patent would not infringe; these were available as a result of the patent disclosure and also are common sense changes that could be made by even a lay |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

75

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | identify the dates the alleged design-arounds would have been available, nor did it identify any documents to corroborate its alleged design-arounds). | person.<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 60. |
| 65. | Feit Electric has no contractual right to request or demand technical information for its filament-style LED lightbulbs from its suppliers.<br>Evidence: **Parker Decl. Ex. 21 (**Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 23 (NichiaSJ002022). | 65. Disputed<br><br>Feit Electric can request documents such as specifications or data sheets from its suppliers. ████████████<br>█████████████████<br><br>Evidence: Decl. of Kal Shah Ex. E, Mullane 136:19-23; 137:10-18. |
| 66. | Suppliers are reluctant to provide Feit with technical information on filament-style LED lightbulbs, and if Feit were to make requests for such information from its suppliers it could irreparably harm their business relationship.<br>Evidence: **Parker Decl. Ex. 21 (**Dkt. 112-45 (Declaration of Aaron Feit In Support Of Feit Electric Company, Inc.'s Positions in Joint Stipulation Re | 66. Disputed<br><br>As an initial matter, this seeks the mindset of unnamed suppliers; however, Nichia cites no third-party discovery or actual supplier, nor does it specify the type of information. ████████████████████████ |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Nichia's Motion To Compel Feit To Provide Responses To Interrogatories)), ¶ 23 (NichiaSJ002022-NichiaSJ002023). | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 65. |
| 67. | ▮▮▮▮▮▮▮▮▮▮▮ Evidence:  **Parker Decl. Ex. 23 (**Aaron Feit Depo. Tr.) at 37:20-42:13, 73:3-22 (NichiaSJ002274-NichiaSJ002275, NichiaSJ002283) (▮▮▮▮▮▮▮▮▮▮▮). | 67. Disputed  Feit Electric disputes admits that, at least at the time of discovery, the source of components, particularly filaments, was secretive; however, the method of manufacture generally is well know and not secret. Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 13; Decl of Kal Shah Ex. G, Aaron Feit Tr. at 37:20-42:13, 73:3-22. |
| 68. | Feit has never given its suppliers specific assembly instructions for any filament-style LED lighting products. Evidence:  **Parker Decl. Ex. 23 (**Aaron Feit Depo. Tr.) at 65:9-14 (NichiaSJ002281), 157:25- | 68. Undisputed. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 170:6 (NichiaSJ002304-NichiaSJ002307). | |
| 69. | There is no evidence that Feit's suppliers have done any R&D on how to implement any of the proposed Non-Accused Alternatives. Evidence: **Parker Decl. Ex. 23 (**Aaron Feit Depo. Tr.) at 65:9-14 (NichiaSJ002281), 157:25-170:6 (NichiaSJ002304-NichiaSJ002307). | 69. Disputed in part Nichia did not undertake any discovery of Feit Electric suppliers. However, numerous of the alternatives suggested are simple changes for which no research or development would be needed. For instance, providing no encapsulant or adding an LED to the center are done and can easily be done without research and development. Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 13. |
| 70. | Neither Feit nor its suppliers have sought or received information from Feit's suppliers regarding the manufacture of Non-Accused Alternatives. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby), Appendix 1 (Lebby Rebuttal Report, materials considered list) (NichiaSJ002495-NichiaSJ002496). **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 | 70. Disputed in part Feit Electric has not sought such information as it does not believe its products infringe and Nichia's own admissions render numerous elementary changes non-infringing which, based on Feit Electric's experience can easily be implemented should it be needed. Therefore, Feit Electric does not need information to confirm the alternatives are available and Nichia has not taken any discovery to establish the contrary. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ000664-NichiaSJ000666) (Feit did not respond to the part of Nichia's Interrogatory No. 16 that asked Feit to identify the dates the alleged design-arounds would have been available, nor did it identify any documents to corroborate its alleged design-arounds). **Parker Decl. Ex. 23 (**Aaron Feit Depo. Tr.) at 37:20-42:13, 73:3-22 (NichiaSJ002274-NichiaSJ002275, NichiaSJ002283) ( ██████████ ██████████ ██████████ ██████████ ██████████ ██████████ ██████████ ██████████ ). | |
| 71. | Dr. Lebby does not know who Feit's suppliers are for the Accused Products. Evidence: **Parker Decl. Ex. 22 (**Lebby Depo Tr.) at 75:9-76:13 (NichiaSJ002044) ████████ | 71. Disputed Dr. Lebby saw a list of suppliers in Nichia's Expert Report. Further, these processes are not novel and Dr. Lebby has worked in the lighting industry for over four decades. Dr. Lebby also references a video depicting how components of the Accused Products are made in his Rebuttal Report. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

79

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359



| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>). | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 13. |
| 72. | ⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 185:9-15 (NichiaSJ002311) ("… probably the first five times you get samples from somebody, it's not right.  So we have to correct the samples … and we have to test it."). | 72. Disputed<br>⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 13; Dkt. 441-1, ¶¶ 142-145;<br>Decl of Kal Shah Ex. H, Hall Dep. Tr. at 258:13-18, 261:5-14;<br>Decl of Kal Shah Ex. F, Alan Feit 30(b)(6) 171:10-172:5;<br>Dkt. 443-16, Lebby Dep. Tr. at 103:4-111:3; 121:16-123:10;<br>Decl. of Kal Shah Ex. B, Feit First Supplemental Response to Interrogatory No. 11. |
| 73. | ⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>Evidence:  **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 185:9-15 | 73. Disputed<br>⬛⬛⬛⬛<br>⬛⬛⬛⬛<br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72; Decl. of |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ002311)  | Kal Shah Ex. B, Feit First Supplemental Response to Interrogatory No. 11. |
| 74. | Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 185:2-15 (NichiaSJ002311), 188:10-25 (NichiaSJ002311). | 74. Disputed in part<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72; Decl. of Kal Shah Ex. B, Feit First Supplemental Response to Interrogatory No. 11. |
| 75. | Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 42:25-43:19 (NichiaSJ002275) | 75. Disputed<br>This statement again is unduly vague and broad. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

81
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | █████████ | █████████ |
| | | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72; Decl., of Kal Shah, Ex. B, Feit First Supplemental Response to Interrogatory No. 11. |
| 76. | ████████ Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 96:23-97:1 (NichiaSJ002288-NichiaSJ002289) ████████. | 76. Undisputed. |
| 77. | ████████ Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 188:10-25 (NichiaSJ002311) ████████. | 77. Undisputed. |
| 78. | ████████ Evidence: **Parker Decl.** | 78. Disputed ████████ Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72; Decl. of Kal Shah Ex. B, Feit First |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Ex. 23** (Aaron Feit Depo. Tr.) at 42:25-43:19 (NichiaSJ002275), 185:9-15 (NichiaSJ002311), 188:10-25 (NichiaSJ002311). *See* SFs 72-75. | Supplemental Response to Interrogatory No. 11; Decl. of Kal Shah Ex. F, Alan Feit 30(b)(6) 169:18-23. |
| 79. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 1 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 79. Disputed ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 80. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 2 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 80. Disputed ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 81. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 4 (from SF 55) would compare to the accused | 81. Disputed ███████████████████████ ███████████████████████ ███████████████████████ |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | products in terms of appearance, light output, and cost.<br>Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | ███████<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 82. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 5 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost.<br>Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 82. Disputed<br>███████<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 83. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 6 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost.<br>Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 83. Disputed<br>███████<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 84. | Neither Feit nor its experts has conducted an analysis of how alternative design No. | 84. Disputed<br>███████ |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 7 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 85. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 8 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 85. Disputed  Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 86. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 9 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 86. Disputed  Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| 87. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 12 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 87. Disputed <br><br> Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 88. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 13 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 88. Disputed <br><br> Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 89. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 14 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. | 89. Disputed <br><br> Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 94-108 (NichiaSJ002480-NichiaSJ002494). | |
| 90. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 15 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 90. Disputed <br><br> Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 91. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 16 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 91. Disputed <br><br> Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 92. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 17 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence: **Parker Decl.** | 92. Disputed <br><br> Evidence: *See* Feit Electric's Response to |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 93. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 18 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence:  **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 93. Disputed<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 94. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 19 (from SF 55) would compare to the accused products in terms of appearance, light output, and cost. Evidence:  **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | 94. Disputed<br><br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 95. | Neither Feit nor its experts has conducted an analysis of how alternative design No. 20 (from SF 55) would compare to the accused products in terms of appearance, light output, | 95. Disputed |

88

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | and cost. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-108 (NichiaSJ002480-NichiaSJ002494). | Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact Nos. 13, 72-74. |
| 96. | Dr. Lebby testified that more boards could be used in some designs in order to achieve "the desired lighting effects," but he did not do any analysis regarding whether the cost and aesthetic changes of adding such boards would render these design changes acceptable to consumers. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 96, ¶ 170 (NichiaSJ002482) and pp. 101-102, ¶ 177 (NichiaSJ002487-NichiaSJ002488). | 96. Undisputed. |
| 97. | One of the main benefits of a filament-style LED lightbulb is the aesthetic of how the filament looks through clear glass. Evidence: **Parker Decl. Ex. 23** (Aaron Feit Depo. Tr.) at 89:19-90:5 (NichiaSJ002287) ▮▮▮▮▮▮ | 97. Undisputed. |

89

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|------------------------------------------------------------|-------------------------|
| | ███████████ | |
| 98. | Neither Feit nor its experts made, saw, or tested any of any of the Non-Accused Alternatives. Evidence: **Parker Decl. Ex. 22** (Lebby Depo Tr.) at 80:4-82:4 (NichiaSJ002046). | 98. Undisputed. |
| 99. | Neither Feit nor is experts discussed any of the Non-Accused Alternatives with any of Feit's suppliers. Evidence: **Parker Decl. Ex. 22** (Lebby Depo Tr.) at 78:11-19 (NichiaSJ002045). **Parker Decl. Ex. 23** (Aaron Feit Depo Tr.) at 160:7-179:9 (NichiaSJ002309). **Parker Decl. Ex. 26** (Defendant Feit Electric Company, Inc.'s Supplemental Response to Nichia Interrogatory No. 12) at Supplemental Response to Interrogatory No. 12 (NichiaSJ002600). | 99. Disputed ████████████ |
| 100. | There is no evidence of any consumer surveys or market analyses regarding how consumers view any of the Non-Accused Alternatives. Evidence: **Parker Decl.** | 100. Undisputed. Nichia did not conduct such analyses and it bears the burden of doing so. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Ex. 22** (Lebby Depo. Tr.) at 76:14-77:19 (NichiaSJ002044-NichiaSJ002045). | |
| 101. | There is no evidence of any sales of any Non-Accused Alternatives. Evidence: *See* SFs 57, 59, and 100. | 101. Disputed. This is not a proper statement of fact. Non-infringing alternatives are part of a hypothetical negotiation analysis, and as such, may be proposed but are part of a hypothetical scenario. |
| **Validity** | | |
| 102. | Dr. Lebby agrees with the Court's construction of "a wavelength conversion member formed unitarily with a transparent member" in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 22** (Lebby Depo Tr.) at 348:11-349:15 (NichiaSJ002176) ██████████ ██████████ ██████████ ); *id.* at 353:1-8 (NichiaSJ002177) ██████████ ██████████ ██████████ ██████████ | 102. Disputed This is not a proper statement of fact. Dr. Lebby has applied this Court's construction as required by the law. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | ███████████████ ) | |
| 103. | A POSITA would be able to apply the Court's construction of "a wavelength conversion member formed unitarily with a transparent member" in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 402-421 (NichiaSJ003565-NichiaSJ003573). **Parker Decl. Ex. 35** (Nichia's Fourth Supplemental Response to Feit's Third Set of Interrogatories (Nos. 12-20)) at pp. 32-40 (NichiaSJ003636-NichiaSJ00003644). **Parker Decl. Ex. 1** ('734 Patent) at 2:28-33 (NichiaSJ000017), 7:48-59 (NichiaSJ000020). **Parker Decl. Ex. 28** (Dkt. 90 – Court's *Markman* Order) at p. 10[3] (NichiaSJ002948) | 103. Disputed. Dr. Lebby applied the Court's construction as best as he could, but also agreed that "in Many instances, Nichia appears to have failed to apply these terms as construed," and that "[i]n such cases, such as with the claimed wavelength conversion member formed unitarily with a transparent member, I have used Nichia's application of the term," even though he disagreed with it. That does not mean a POSITA would be able to apply the term, that the term is definite, has adequate written description, or is enabled. Evidence: Dkt. 250-2, ¶¶ 50, 517-18, 522-528. |

[3] Citations to the Court's Markman Order are to the original page numbers, not the ECF page numbers.

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | *See* SFs 102 and 104. | |
| 104. | Dr. Lebby was able to understand and apply the claim term "a wavelength conversion member formed unitarily with a transparent member" in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 89 (NichiaSJ002643-NichiaSJ002644) (citing fluorescent material added to a transparent resin); *id.*, ¶¶ 154-155 (NichiaSJ002674-NichiaSJ002675) ("The use of white LEDs in Maxik implies that such LEDs are phosphor converting LEDs ('PC LED') and include a resin or other material with phosphors distributed therein to convert blue light radiating from a blue LED to white light."). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 212:25-216:8 (NichiaSJ002078-NichiaSJ002079) ■■■■■■■■■■■■■■ | 104. Disputed. Dr. Lebby applied the Court's construction as best as he could, but also agreed that "in Many instances, Nichia appears to have failed to apply these terms as construed," and that "[i]n such cases, such as with the claimed wavelength conversion member formed unitarily with a transparent member, I have used Nichia's application of the term," even though he disagreed with it. That does not mean a POSITA would be able to apply the term, that the term is definite, has adequate written description, or is enabled.<br><br>Evidence: Dkt. 250-2, ¶¶ 50, 517-18, 522-528. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|



STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

94
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----------------------------------------------------------|--------------------------|



);
*id.* at 360:8-19
(NichiaSJ002179), 367:12-368:9 (NichiaSJ002181);
*id.* at 370:21-371:8
(NichiaSJ002182)

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

95
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ███████████████ ); *id.* at 380:9-381:9 (NichiaSJ002184); *id.* at 460:3-462:6 (NichiaSJ002204-NichiaSJ002204) ("███████████ ). | |
| 105. | A POSITA would be able to ascertain the scope of the term "a wavelength conversion member formed unitarily with a transparent member" in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 402-421 (NichiaSJ003565- | 105. Disputed Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record. Evidence: Dkt. 67 at pages 9-14; Dkt. 250-2 at ¶¶ 522-528. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|------------------------------------------------------------|--------------------------|
|     | NichiaSJ003573). *See* SFs 102 and 104. **Parker Decl. Ex. 35** (Nichia's Fourth Supplemental Response to Feit's Third Set of Interrogatories (Nos. 12-20)) at pp. 32-40 (NichiaSJ003636-NichiaSJ00003644). **Parker Decl. Ex. 1** ('734 Patent) at 2:28-33 (NichiaSJ000017), 7:48-59 (NichiaSJ000020). | |
| 106. | Dr. Lebby agrees that FIG. 6 of the '734 Patent and corresponding portions of the specification describe "a wavelength conversion member formed unitarily with a transparent member" as that term is used in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 30-31, ¶ 86 (NichiaSJ002416-NichiaSJ002417) (█████████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████) (emphasis added). **Parker Decl. Ex. 22** (Lebby | 106. Undisputed. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Depo. Tr.) at 169:17-170:5 (NichiaSJ002068), 171:8-172:4 (NichiaSJ002068), 173:23-25 (NichiaSJ002069); *id.* at 176:14-19 (NichiaSJ002069) ███████ **Parker Decl. Ex. 1** ('734 Patent) at 2:28-33 (NichiaSJ000017), 7:48-59 (NichiaSJ000020). | |
| 107. | A POSITA would understand that FIG. 6 of the '734 Patent and corresponding portions of the specification describe "a wavelength conversion member formed unitarily with a transparent member" as that term is used in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 2:28-33 (NichiaSJ000017), 7:48-59 (NichiaSJ000020). **Parker Decl. Ex. 34** | 107. Disputed Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record. Evidence: Dkt. 67 at pages 9-14; Dkt. 250-2 at ¶¶ 522-528. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

98

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (Rebuttal Report of Dr. Gary Allen), ¶¶ 406-413 (NichiaSJ003566-NichiaSJ003570). **Parker Decl. Ex. 28** (Dkt. 90 – Court's *Markman* Order) at p. 10 (NichiaSJ002948) ("Applying plain and ordinary meaning, the Court construes this limitation as 'a single component that both converts wavelength and allows light to pass through.' This construction is consistent with the specification. For example, it explains that 'a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent member 40C serves as a wavelength conversion member.' '734 Patent, 7:48-59. This description explains how these two components can be formed unitarily as claimed, *i.e.*, a single component serves two purposes, allowing light to pass through and converting wavelength."). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 30-31, ¶ 86 (NichiaSJ002416- | |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ002417). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 48 (NichiaSJ002622-NichiaSJ002624), 53-57 (NichiaSJ002626-NichiaSJ002628). *See* SFs 106 and 108. | |
| 108. | A POSITA would understand how to make "a wavelength conversion member formed unitarily with a transparent member" based on FIG. 6 of the '734 Patent and corresponding portions of the specification such as 7:48-52 and 11:38-13:54. Evidence: **Parker Decl. Ex. 28** (Dkt. 90 – Court's *Markman* Order) at p. 10 (NichiaSJ002948) ("Applying plain and ordinary meaning, the Court construes this limitation as 'a single component that both converts wavelength and allows light to pass through.' This construction is consistent with the specification. For example, it explains that 'a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent member | 108. Disputed. Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record. Evidence: Dkt. 67 at pages 9-14; Dkt. 250-2 at ¶¶ 522-528. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

100
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 40C serves as a wavelength conversion member.' '734 Patent, 7:48-59. This description explains how these two components can be formed unitarily as claimed, *i.e.*, a single component serves two purposes, allowing light to pass through and converting wavelength."). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 30-31, ¶ 86 (NichiaSJ002416-NichiaSJ002417). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 48 (NichiaSJ002622-NichiaSJ002624), 53-57 (NichiaSJ002626-NichiaSJ002628). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 169:17-170:5 (NichiaSJ002068), 171:8-172:4 (NichiaSJ002068); *id.* at 180:2-181:22 (NichiaSJ002070-NichiaSJ002071) ██████████ | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|--------------------------------------------------------------|--------------------------|
| | ████████████████████████████████████████████████████████████████████████████. **Parker Decl. Ex. 1** ('734 Patent) at FIG. 6 (NichiaSJ000008), 2:28-30(NichiaSJ000017), 7:49-53 (NichiaSJ000020) ("For example, as shown in a light emitting device 400 of FIG. 6, a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent member 40C serves as a wavelength conversion member."), 11:38-54 (NichiaSJ000022), 12:59-66 (NichiaSJ000022) | |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ("curing"), 13:11-17 (NichiaSJ000023), 13:34-44 (NichiaSJ000023). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 84:18-85:1 (NichiaSJ002979). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 378-389 (NichiaSJ003552-NichiaSJ003557). *See also* SFs 109-118 | |
| 109. | Wavelength conversion is (and was as of the time of invention) well understood in the technical field relevant for the '734 Patent. Evidence: **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 48 (NichiaSJ002622-NichiaSJ002624) ("Further, a wavelength conversion member that seals a plurality of light emitting element chips was well known in the art"); *id.*, ¶ 54 (NichiaSJ002626-NichiaSJ002627) ("common"); *id.*, ¶ 55 (NichiaSJ002627) ("[I]t was well known in the LED industry by the early 2000s that the phosphor component could be | 109. Undisputed. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | distributed in different manners in the wavelength conversion members of white LED lamps…."); *id.*, ¶¶ 56-57 (NichiaSJ002628) ("It was well known … that phosphors could be used to convert blue light to yellow light, resulting in what appears to be white light…."); *see also id.*, ¶¶ 304-305 (NichiaSJ002748) ("routine engineering"). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 350:24-351:19 (NichiaSJ002177); *id.* at 360:8-19 (NichiaSJ002179) ███████████████ ███████████████ ███████████████ ██████████ . **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 84:18-85:1 (NichiaSJ002979). **Parker Decl. Ex. 30** (Matsushita June Depo. Tr.) at 124:23-125:18 (NichiaSJ003092). **Parker Decl. Ex. 28** (Dkt. | |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 90 - Court's *Markman* Orde) at p. 11 (NichiaSJ002949) ("Indeed, in its Technology Tutorial PowerPoint, Defendant appears to conceded that the prior art taught the basic concept of how 'a phosphor is used to convert the blue light to white light.'"). **Parker Decl. Ex. 31** (Feit Electric's *Markman* Technology Tutorial) at Slides 16-18 (NichiaSJ003186- NichiaSJ003188). **Parker Decl. Ex. 32** (Wetzel Depo. Tr.) at 175:22-176:5 (NichiaSJ003261). **Parker Decl. Ex. 33** (Decl. of Dr. Eric Bretschneider (Dkt. 51-3)), ¶ 36 (NichiaSJ003335) ("This is industry standard as LED chips emit blue, not white, light. Accordingly, a wavelength conversion feature is necessary to convert the blue light to white or other desired light colors (wavelengths). This is typically done by including a phosphor in the medium as the phosphor acts to alter the wavelength of the blue light emitted | |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

105

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | from the LED chips."). | |
| 110. | The use of a phosphor material to convert blue light to white light is (and was as of the time of invention) well understood in the technical field relevant to the '734 Patent. Evidence: **Parker Decl. Ex. 28** (Dkt. 90 - Court's *Markman* Order) at p. 11 (NichiaSJ002949) ("Indeed, in its Technology Tutorial PowerPoint, Defendant appears to conceded that the prior art taught the basic concept of how 'a phosphor is used to convert the blue light to white light.'"). **Parker Decl. Ex. 31** (Feit Electric's *Markman* Technology Tutorial) at Slides 16-18 (NichiaSJ003186-NichiaSJ003188). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 84:18-85:1 (NichiaSJ002979). **Parker Decl. Ex. 30** (Matsushita June Depo. Tr.) at 124:23-125:18 (NichiaSJ003092). | 110. Disputed<br>A phosphor does not convert blue light to white light, rather it converts blue light such that if properly applied a white-light effect can be reached through mixing with other light wavelengths.<br>Evidence: Dkt. 443-16, Lebby Dep Tr. 355:2-356:4 ("[s]ome of that blue light will be converted into yellowly light using the phosphor material, the phosphor granules that are in the organic material. And the combination of the converted light and the blue light creates white light.") |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 48 (NichiaSJ002622-NichiaSJ002624); *id.*, ¶ 55 (NichiaSJ002627) ("[I]t was well known in the LED industry by the early 2000s that the phosphor component could be distributed in different manners in the wavelength conversion members of white LED lamps…."); *id.*, ¶¶ 56-57 (NichiaSJ002628) ("It was well known … that phosphors could be used to convert blue light to yellow light, resulting in what appears to be white light…."); *see also id.*, ¶¶ 304-305 (NichiaSJ002748) ("routine engineering"). **Parker Decl. Ex. 33** (Decl. of Dr. Eric Bretschneider (Dkt. 51-3)), ¶ 36 (NichiaSJ003335) ("This is industry standard as LED chips emit blue, not white, light. Accordingly, a wavelength conversion feature is necessary to convert the blue light to white or other desired light colors (wavelengths). This | |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | is typically done by including a phosphor in the medium as the phosphor acts to alter the wavelength of the blue light emitted from the LED chips."). | |
| 111. | Mixing a phosphor into a transparent carrier medium, such as resin or glass, is (and was as of the time of invention) well understood in the technical field relevant for the '734 Patent. Evidence: **Parker Decl. Ex. 35** (Nichia's Fourth Supplemental Response to Feit's Third Set of Interrogatories (Nos. 12-20)) at pp. 49-55 (NichiaSJ003653-NichiaSJ00003659). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 84:18-85:1 (NichiaSJ002979). **Parker Decl. Ex. 30** (Matsushita June Depo. Tr.) at 124:23-125:18 (NichiaSJ003092). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 48 (NichiaSJ002622- | 111. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ002624); *id.*, ¶¶ 54-55 (NichiaSJ002626-NichiaSJ002627) (giving examples of "well known" manners of mixing phosphors into a transparent carrier mediums, such as "resins, organic plastics, silicones, etc."); *see also id.*, ¶¶ 304-305 (NichiaSJ002748) ("routine engineering"). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 460:3-462:6 (NichiaSJ002204-NichiaSJ002205) ██████████ | |
| 112. | It is (and was as of the time of invention) well understood in the technical field relevant for the '734 Patent, that mixing phosphor in a transparent carrier medium, such as resin or glass, would cause the phosphor and transparent carrier medium to be formed unitarily with each other, i.e., as a single component. Evidence: **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). **Parker Decl. Ex. 29** | 112. Disputed Nichia's use of "unitarily" in this context is unclear. However, Feit Electric does not dispute that it is (and was as of the time of invention) well understood in the technical field relevant for the '734 Patent, that mixing phosphor in a transparent carrier medium, such as resin or glass, would cause the phosphor to be suspended in the resin or glass once cooled; however the two components, the medium and phosphor would remain separate components with separate and distinct light transmittance properties. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (Matsushita Sept. Depo. Tr.) at 84:18-85:1 (NichiaSJ002979). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 54-57 (NichiaSJ002626-NichiaSJ002628); *see also id.*, ¶¶ 304-305 (NichiaSJ002748) ("routine engineering"). | |
| 113. | FIG. 6 of the '734 Patent shows transparent member 40C serving as a wavelength conversion member, and therefore is "a wavelength conversion member formed unitarily with a transparent member." Evidence: **Parker Decl. Ex. 28** (Dkt. 90 - Court's *Markman* Order) at p. 10 (NichiaSJ002948) ("This construction is consistent with the specification. For example, it explains that 'a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent member 40C serves as a wavelength conversion member.'"). **Parker Decl. Ex. 1** ('734 Patent) at FIG. 6 (NichiaSJ000008), 2:28-30 (NichiaSJ000017) ("FIG. 6 is a cross-sectional view | 113. Disputed<br>Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record. Figure 6 adds to the confusion as the wavelength conversion member and transparent member remain distinct components as depicted and described.<br>Evidence: Dkt. 1-1; Dkt. 67 at pages 9-14; Dkt. 250-2 at ¶¶ 522-528. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

110
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | showing a light emitting apparatus with a wavelength conversion member and a transparent member being formed unitarily."), 7:49-53 (NichiaSJ000020) ("For example, as shown in a light emitting device 400 of FIG. 6, a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent member 40C serves as a wavelength conversion member."). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 380 (NichiaSJ003552-NichiaSJ003553). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 160:19-161:2 (NichiaSJ002065-NichiaSJ002066), 169:17-170:5 (NichiaSJ002068); *id.* at 176:14-19 (NichiaSJ002069) | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

111

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ▮▮▮▮▮ ); *id.* at 180:2-181:22 (NichiaSJ002070-NichiaSJ002071) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ . *See also* SFs 106 and 107. | |
| 114. | The '734 Patent provides specific examples of resin that may be used in a wavelength conversion | 114. Undisputed. |

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

112

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | member.<br>Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 7:51 (NichiaSJ000020) ("epoxy resin"), 7:57 (NichiaSJ000020) ("silicone resin"), 12:59-66 (NichiaSJ000022) ("… it is preferable that the phosphor-containing resin is liquid with low viscosity"). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). | |
| 115. | The '734 Patent provides specific examples of phosphor materials that may be used in a wavelength conversion member.<br>Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 11:39-56 (NichiaSJ000022) ("A YAG group phosphor…"), 11:57-64 (NichiaSJ000022) (phosphor color), 11:65-12:7 (NichiaSJ000022) ("For example, a phosphor consisting of $CaSi_2O_2N_2$:Eu or $SrSi_2O_2N_2$:Eu, which emits green to yellow luminescent radiation, $(Sr,Ca)_5(PO_4)_3Cl$:Eu, which emits blue luminescent radiation, and $(Ca,Sr)_2Si_5N_8$:Eu, which | 115. Undisputed. |

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | emits red luminescent radiation is used…."), 12:8-34 (NichiaSJ000022) (phosphor particle size). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). | |
| 116. | The '734 Patent provides specific combinations of resin and phosphor that may be used in a wavelength conversion member. Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 7:51 (NichiaSJ0020) ("epoxy resin"), 7:57 (NichiaSJ0020) ("silicone resin"), 12:59-66 (NichiaSJ000022) ("… it is preferable that the phosphor-containing resin is liquid with low viscosity"), 12:36-38 (NichiaSJ000022) ("The wavelength conversion member 50 containing a phosphor is composed of resin with the aforementioned phosphors mixed therein."), 7:49-53 (NichiaSJ000020) ("For example, as shown in a light emitting device 400 of FIG. 6, a phosphor 48 can be mixed into an epoxy resin as the transparent member 40C so that the transparent | 116. Disputed in part.<br><br>The '734 patent is silent as to ratios or amounts of resin and phosphor that could be used to create the claimed wavelength conversion member. Feit Electric does not dispute that the patent discloses the resin and phosphor as being "mixed" or formed in a "mixture," but no greater detail is disclosed.<br><br>Evidence: '734 patent at 12:36-58. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

114

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | member 40C serves as a wavelength conversion member."), 7:56-59 (NichiaSJ000020) ("In other words, a phosphor 48 is mixed into a silicone resin that forms the covering member 46B so that the covering member 46B serves as both a covering member and a wavelength conversion member."), FIG. 6 (NichiaSJ000008); *see generally* 11:38-13:54 (NichiaSJ000022-NichiaSJ000023). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 382 (NichiaSJ003554). *See* SFs 114 and 115 | |
| 117. | The '734 Patent explains how the resin and phosphor may be mixed in a wavelength conversion member. Evidence: *See* SFs 106-108, 113-116 | 117. Disputed<br><br>The '734 patent is silent as to ratios or amounts of resin and phosphor that could be used to create the claimed wavelength conversion member. Feit Electric does not dispute that the patent discloses the resin and phosphor as being "mixed" or formed in a "mixture," but no greater detail is disclosed.<br><br>Evidence: '734 patent at 12:36-58. |
| 118. | The '734 Patent provides specific examples of wavelength of light or color before and after conversion | 118. Disputed.<br>Evidence: Dkt. 1-1. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | by a wavelength conversion member.<br>Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 11:2-14 (NichiaSJ000022), 11:28-37 (NichiaSJ000022), 11:57-64 (NichiaSJ000022), 11:65-12:7 (NichiaSJ000022), 14:61-67 (NichiaSJ000023). | |
| 119. | Dr. Lebby was able to understand and apply the claim term "a board having end portions and a center portion therebetween in a longitudinal direction…, the first surface including a first region and a second region, the first region extending from the center portion of the board to one of the end portions, the second region extending from the center portion of the board to the other of the end portions" as used in claim 1 of the '734 Patent.<br>Evidence: **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 202:5-204:17 (NichiaSJ002076) (■■■■■■■■■ | 119. Disputed<br>This is not a proper statement of fact. Further, Dr. Lebby reiterated that he found the Court's construction to be puzzling because there was no metes or bounds to the regions but nonetheless sought to apply it as best as he could.<br>Evidence: Dkt. 250-2 at ¶¶ 529-541. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

116
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ). **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at p. 63 (NichiaSJ002449) (Figure 40 and Figure 41). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 80 (NichiaSJ002639-NichiaSJ002640) ("[T]he board of [Mano] includes the first and second regions, where the first region extends from the center portion of the board to one of the end portions and the second region extends from the center portion of the board to the other of the end portions"); *id.*, ¶¶ 146-147 (NichiaSJ002671-NichiaSJ002672) ("Opposite end portions 116 … are arranged with a center 118 therebetween in a longitudinal direction."); *id.*, ¶¶ 189-190 | |

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

117

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ002692) ("Ishibashi discloses light emitting devices in Figs. 1 and 2, which show a board 5 with end portions…, and a center portion … therebetween in a longitudinal direction."). | |
| 120. | A POSITA would be able to understand and apply the claim term "a board having end portions and a center portion therebetween in a longitudinal direction…, the first surface including a first region and a second region, the first region extending from the center portion of the board to one of the end portions, the second region extending from the center portion of the board to the other of the end portions" as used in claim 1 of the '734 Patent. Evidence:  **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 422-442 (NichiaSJ003574-NichiaSJ00003582). *See* SFs 119, 121-123. **Parker Decl. Ex. 28** (Dkt. 90 - Court's *Markman* Order) at pp. 7-9, 14-15 (NichiaSJ002945-NichiaSJ002947, NichiaSJ002952- | 120. Disputed Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record. Evidence: Dkt. 82 at 55:1-12; Dkt. 67 at pages 4-9; Dkt. 250-2 at ¶¶ 529-541. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

118
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ002953). | |
| 121. | A board having LED chips mounted on a first surface side is a physical object, and therefore has ends and a center. Evidence: **Parker Decl. Ex. 15** (Opening Expert Report of Michael Gershowitz), ¶¶ 186-187 (NichiaSJ000923-NichiaSJ000923). **Parker Decl. Ex. 25** (Bretschneider Depo. Tr.) at 140:5-14 (NichiaSJ002532) ("If Claim 1 started with a light emitting device comprising a board having end portions and the center portion, then I only have one center portion. I know where that has to be. Then the discussion would be how large is the center portion. But if there is only one, if there is the center portion, then it would have to be the middle of the board. It would have to be the geometric center."). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 202:5-204:17 (NichiaSJ002076). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 422-442 (NichiaSJ003574- | 121. Disputed. This is not a proper statement of fact, to the extent Nichia is applying "center" to mean the claimed "center portion." Nichia has not defined the boundaries of what it means by "a center between two ends," so Feit Electric accordingly denies. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | NichiaSJ00003582). *See* SF 127. | |
| 122. | A board having an even number of LED chips has a geometric center between two ends in a lengthwise direction. Evidence: *See* SFs 119-121, 123, 127. | 122. Disputed<br>Nichia fails to identify the orientation of the board such that it absent further information the LED chips could be in a vertical or three-dimensional direction as opposed to lengthwise. |
| 123. | A board having an odd number of LED chips has a geometric center between two ends in a lengthwise direction. Evidence: *See* SFs 119-122, 127. **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby), p. 63, ¶ 123 (NichiaSJ002449) ██████████████ ██████████████ ██████████████ ██████████ . | 123. Disputed<br>Nichia fails to identify the orientation of the board such that it absent further information the LED chips could be in a vertical or three-dimensional direction as opposed to lengthwise. |
| 124. | Dr. Lebby was able to understand and apply the claimed "set" terms (Claim Elements [1.9] and [1.10]) as used in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 202:5-204:17 (NichiaSJ002076) (████████ | 124. Disputed<br>This is not a proper statement of fact. Further, Dr. Lebby reiterated that he did his best to apply the Court's construction but its application was subjective. Evidence: Dkt. 250-2 at ¶¶ 542-553. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| |  **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby), at p. 63 (NichiaSJ002449) (Figure 40 and Figure 41). | |
| 125. | A POSITA would be able to understand and apply the claimed "set" terms (Claim Elements [1.9] and [1.10]) as used in claim 1 of the '734 Patent.  Evidence:  **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 443-457 (NichiaSJ003582-NichiaSJ003594).  *See* SFs 124, 126-127.  **Parker Decl. Ex. 28** (Dkt. 90 - Court's *Markman* Orde) at pp. 14-15 | 125. Disputed  Feit Electric reiterates its position that this limitation is indefinite as set forth in its claim construction briefing based on the inconsistent and irreconcilable disclosures in the intrinsic record.  Evidence: Dkt. 82 at 55:1-12, 57:1-4; Dkt. 67 at pages 19-22. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

121
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ002952-NichiaSJ002953) **Parker Decl. Ex. 1** ('734 Patent) at FIG. 15 (NichiaSJ000015). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 105:8-107:15 (NichiaSJ002984-NichiaSJ002985), 203:17-216:17 (NichiaSJ003036-NichiaSJ3039). | |
| 126. | The specification of the '734 Patent describes an exemplary transparent board 20 and light emitting element chips 10. Evidence: **Parker Decl. Ex. 1** ('734 Patent) at 3:2-4:21 (NichiaSJ000018), 6:58-61 (NichiaSJ000019), 14:9-32 (NichiaSJ000023), FIGs.1-8 (NichiaSJ000005-NichiaSJ000009), 10 (NichiaSJ000010), 12-16 (NichiaSJ000013-NichiaSJ000016). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 362-375 (NichiaSJ003544-NichiaSJ003551). **Parker Decl. Ex. 36** (Nichia's Objections and Second Supplemental Responses to Feit Electric's Second Set of | 126. Disputed in part Feit Electric is unclear as to what Nichia means through the term "exemplary," but Feit Electric admits that the specification of '734 Patent describe a transparent board and light emitting element chips. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Interrogatories (Nos. 7-11)) at p. 2-3 (NichiaSJ003680-NichiaSJ003681). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 48 (NichiaSJ002622). | |
| 127. | A rectangular board necessarily has ends and a center, and regions between the ends and center in a lengthwise direction. Evidence: **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 410:2-3 (NichiaSJ002192) ██████████████████ ██████████████████ ██████); *id.* at 410:25-411:2 (NichiaSJ002192) ("Well, I would expect all physical objects to have three-dimensional measurements, depth, width, and length."). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 427-431 (NichiaSJ003575-Nichia003577). **Parker Decl. Ex. 25** (Bretschneider Depo. Tr.) at 140:5-14 (NichiaSJ002532). **Parker Decl. Ex. 29** (Matsushita Sept. Depo. Tr.) at 70:8-71:13 (NichiaSJ002976 ("If you | 127. Disputed in part Nichia fails to identify the orientation of the board such that it absent further information the regions could be in a vertical or three-dimensional direction as opposed to lengthwise. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | have something which is long and narrow, then it will have end portions and a center portion."). **Parker Decl. Ex. 35** (Nichia's Fourth Supplemental Response to Feit's Third Set of Interrogatories (Nos. 12-20)) at pp. 44-46 (NichiaSJ003648-NichiaSJ003650). | |
| 128. | Mano does not explicitly disclose "support leads that secure the plurality of light emitting element chips inside the transparent bulb" as that term is used on claim 1 of the '734 Patent. Evidence:  **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶ 240 (NichiaSJ002719) ("Mano does not explicitly disclose support leads."). **Parker Decl. Ex. 37** (Mano) at FIG. 13 (NichiaSJ003697). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 132-136 (NichiaSJ003447-NichiaSJ003448), p. 71 n.17 (NichiaSJ003447). | 128. Disputed in part. Feit Electric admits that the words "support leads" are not used in the disclosure of Mano. However, to the extent Nichia's broad application of its claims are accepted in this case, then the leads in Mano would also be considered support leads under that interpretation. Evidence: Dkt. 433 at 4-13; Dkt. 250-2, ¶ 92-94. |
| 129. | Support leads that secure the LED chips that are | 129. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | mounted on the board are not necessary for the device disclosed in Mano to function. Evidence: **Parker Decl. Ex. 37** (Mano), ¶ [0084] (NichiaSJ003712), FIG. 13 (NichiaSJ003697) (showing substrate 10 supporting itself in base 82). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 135 (NichiaSJ003448), 270-271 (NichiaSJ003501). | |
| 130. | A board that extends into a support base does not meet the requirements of "a transparent bulb that encloses the board and the plurality of light emitting element chips" as that term is used in claim 1 of the '734 Patent. Evidence: **Parker Decl. Ex. 24** (Rebuttal Report of Dr. Michael Lebby) at pp. 94-95, ¶¶ 166-167 (NichiaSJ002480-NichiaSJ002481). **Parker Decl. Ex. 12** (Defendant Feit Electric Company, Inc.'s First Supplemental Response to Nichia Interrogatory Nos. 9-11 Pursuant to Order (Dkt. No. 131)) at First | 130. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Supplemental Response to Interrogatory No. 11 (NichiaSJ000650). **Parker Decl. Ex. 13** (Defendant Feit Electric Company, Inc.'s Responses to Nichia's Fifth Set of Interrogatories (Nos. 13-18)) at Response to Interrogatory No. 16 ((NichiaSJ000664-NichiaSJ000665). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 83:1-86:17 (NichiaSJ002046-NichiaSJ002047). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 129 (NichiaSJ003445-NichiaSJ003446) ("When a substrate is outside a bulb, it cannot reasonably be considered enclosed by the bulb."). | |
| 131. | Mano discloses a device having a board that extends into a support base. Evidence: **Parker Decl. Ex. 37** (Mano), ¶ [0084] (NichiaSJ003712), FIG. 13 (NichiaSJ003697). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 129 (NichiaSJ003445-NichiaSJ003446) ("[I]n | 131. Undisputed. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|-----|-----|-----|
| | Mano, the substrate extends into the base, ***beyond the bulb***.") (annotating FIG. 13). | |
| 132. | There are no bulbs disclosed in Mano that do not have a board extending into the support base.<br>Evidence: **Parker Decl. Ex. 37** (Mano) at FIGs. 1-32 (NichiaSJ003693-NichiaSJ003707).<br>**Parker Decl. Ex. Ex. 34** (Rebuttal Report of Dr. Gary Allen) at p. 70 n.16 (NichiaSJ003446) ("No other bulbs are shown in Mano."). | 132. Disputed.<br>Mano discloses additional devices that do not extend into the base of the lightbulb.<br>Evidence: Dkt. 418-40 at 8, Claim 1. |
| 133. | In the device shown in Mano, the board is secured by extending it into the base of the lightbulb.<br>Evidence: **Parker Decl. Ex. 37** (Mano) at ¶ [0084] (NichiaSJ003712), FIG. 13 (NichiaSJ003697).<br>**Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 134-135 (NichiaSJ003447-NichiaSJ003448) ("support for the substrate, and any chips mounted thereon, is provided by the substrate itself"). | 133. Disputed in part.<br>Feit Electric does not dispute that Mano discloses at least a device where the board is secured by extending it in the base of the lightbulb, but Mano discloses additional devices that do not extend into the base of the lightbulb.<br>Evidence: *See* Feit Electric's Response to Nichia's Alleged Statement of Uncontroverted Fact No. 132. |
| 134. | In the device disclosed in Maxik, there is nothing on | 134. Disputed.<br>Maxik discloses components that exist on |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | one side of the substrate 106. Evidence: **Parker Decl. Ex. 39** (Maxik) at FIG. 1 (NichiaSJ003725), FIG. 5 (NichiaSJ003726), FIG. 6A (NichiaSJ003727), FIG. 6B (NichiaSJ003727), FIG. 7 (NichiaSJ003727), 4:28-5:13 (NichiaSJ003730-NichiaSJ003731). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 323-324 (NichiaSJ002755). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 201-209 (NichiaSJ003476-Nichia003479). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 233:13-14 (NichiaSJ002084) ( ██████████ ██████████ . | one side of the substrate 106, and nothing in the patent forecloses objects not existing on the backside. Evidence: Dkt 418-42 at 2:21, 9:47-49. |
| 135. | In the device disclosed in Ishibashi, there is nothing on the backside of the board 5. Evidence: **Parker Decl. Ex. 38** (Ishibashi) at FIG. 1 (NichiaSJ003718), ¶¶ [0018]-[0020] (NichiaSJ003720-NichiaSJ003721). **Parker Decl. Ex. 27** (Opening Expert Report of | 135. Disputed. Ishibashi discloses components that exist on the backside of the board, and nothing in the patent forecloses objects not existing on the backside. Evidence: Dkt 418-41 at 2:21. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

128
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Dr. Michael Lebby), ¶¶ 390-391 (NichiaSJ002787-NichiaSJ002788). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 249-254 (NichiaSJ003493-NichiaSJ003495). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 236:21-238:3 (NichiaSJ002084-NichiaSJ002085). | |
| 136. | In the device disclosed in Maxik, the light emitting elements 108 are provided only on one side of substrate 106. Evidence: **Parker Decl. Ex. 39** (Maxik) at FIG. 1 (NichiaSJ003725), FIG. 5 (NichiaSJ003726), FIG. 6A (NichiaSJ003727), FIG. 6B (NichiaSJ003727), FIG. 7 (NichiaSJ003727), 4:28-5:13 (NichiaSJ003730-NichiaSJ003731). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 323-324 (NichiaSJ002755). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 201-209 (NichiaSJ003476-Nichia003479). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 233:3-4 | 136. Disputed in part. Feit Electric admits that some embodiments show light emitting elements 108 only on one side of the substrate 106, but nothing precludes other elements from being on the other side of the substrate 106 in other embodiments. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 134. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (NichiaSJ002084) ████████ ████████████████ ███████████████); *id.* at 233:13-14 (NichiaSJ002084) (████████ ███████████ ██████ . | |
| 137. | In the device disclosed in Ishibashi, the LED chips 6 are provided only on one side of the board 5. Evidence: **Parker Decl. Ex. 38** (Ishibashi) at FIG. 1 (NichiaSJ003718), ¶¶ [0018]-[0020] (NichiaSJ003720-NichiaSJ003721). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 390-391 (NichiaSJ002787-NichiaSJ002788). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 249-254 (NichiaSJ003493-NichiaSJ003495). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 237:22-238:3 (NichiaSJ002085). | 137. Disputed in part. Feit Electric admits that some embodiments show LED chips 6 provided only on one side of the board 5, but nothing precludes other elements from being on the other side of the board. Evidence: *See* Feit Electric's Resp. to Nichia's Alleged Uncontroverted Material Fact No. 135. |
| 138. | In the device disclosed in Maxik, the side of the board opposite where the LED chips are mounted does not have a wavelength conversion member or | 138. Disputed. The ability for omnidirectional light to be generated from a device in Maxik could involve an encapsulant that surrounds both sides of the board. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

130
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | encapsulant material. Evidence: **Parker Decl. Ex. 39** (Maxik) at FIG. 1 (NichiaSJ003725), FIG. 5 (NichiaSJ003726), FIG. 6A (NichiaSJ003727), FIG. 6B (NichiaSJ003727), FIG. 7 (NichiaSJ003727), 4:28-5:13 (NichiaSJ003730-NichiaSJ003731). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 323-324 (NichiaSJ002755). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶¶ 201-209 (NichiaSJ003476-Nichia003479). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 233:13-14 (NichiaSJ002084) (███████████ ██████████████; *id.* at 234:14-18 (NichiaSJ002084) ████████████████ ████████████████ ████████████████ ████████████████, *id.* at 238:24-25 (NichiaSJ002085), 240:1-22 (NichiaSJ002085). | Evidence: Dkt. 250-2, ¶ 154. |
| 139. | In the device disclosed in | 139. Disputed. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

131

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | Ishibashi, the side of the board opposite where the LED chips are mounted does not have a wavelength conversion member or encapsulant material. Evidence: **Parker Decl. Ex. 38** (Ishibashi) at FIG. 1 (NichiaSJ003718), ¶¶ [0018]-[0020] (NichiaSJ003720-NichiaSJ003721). **Parker Decl. Ex. 27** (Opening Expert Report of Dr. Michael Lebby), ¶¶ 390-391 (NichiaSJ002787-NichiaSJ002788). **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 236:21-237:20 (NichiaSJ002084-NichiaSJ002085) ██████████████); *id.* at 237:22-238:25 (NichiaSJ002085), 240:1-22 (NichiaSJ002085). | The ability for omnidirectional light to be generated from a device in Ishibashi could involve an encapsulant that surrounds both sides of the board. Evidence: *See* Dkt. 250-2, ¶ 193. |
| 140. | The device disclosed in Maxik would operate as a lightbulb without a wavelength conversion member on the back side of the board. Evidence: **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at | 140. Undisputed. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

132
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | 235:14-25 (NichiaSJ002084) (█████) *id.* at 242:6-243:14 (NichiaSJ002086) ████████████████). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 208 (NichiaSJ003479) ("unnecessary in Maxik"). | |
| 141. | The device disclosed in Ishibashi would operate as a lightbulb without a wavelength conversion member on the back side of the board. Evidence: **Parker Decl. Ex. 22** (Lebby Depo. Tr.) at 235:14-25 (NichiaSJ002084) (████████████); *id.* at 242:6-243:14 (NichiaSJ002086) ████████████. **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 253 (NichiaSJ003495) | 141. Undisputed. |

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

133

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | ("unnecessary in Ishibashi"). | |
| 142. | The devices disclosed in Maxik have curvilinear or radially arranged LEDs and/or curved boards. Evidence: **Parker Decl. Ex. 39** (Maxik) at FIG. 1 (NichiaSJ003725), FIG. 5 (NichiaSJ003726), FIGs. 6A (NichiaSJ003727), FIG. 6B (NichiaSJ003727), FIG. 7 (NichiaSJ003727), Abstract (NichiaSJ003723), 2:30-37 (NichiaSJ003729), 4:36-39 (NichiaSJ003730), 9:28-35 (NichiaSJ003733). **Parker Decl. Ex. 34** (Rebuttal Report of Dr. Gary Allen), ¶ 208 (NichiaSJ003755). | 142. Disputed in part. While Feit Electric admits that some devices disclosed in Maxik have curvilinear or radially arranged LEDs or curved boards, neither of those elements is required. Evidence: Dkt. 250-2, ¶ 357; Dkt. 418-42 at claims 1-12. |
| 143. | The devices disclosed in Ishibashi use curvilinear or radially arranged LEDs and/or curved boards. Evidence: **Parker Decl. Ex. 38** (Ishibashi) at FIG. 1 (NichiaSJ003718), ¶ [0008] (NichiaSJ003720) ("bendable to form a cage"), ¶ [0009] (NichiaSJ003720) ("branches which extend in radial directions from the center"), ¶ [0010] (NichiaSJ00720) ("a small spherical form"). **Parker Decl. Ex. 34** | 143. Disputed in part. While Feit Electric admits that some devices disclosed in Ishibashi have curvilinear or radially arranged LEDs or curved boards, neither of those elements is required. Evidence: Dkt. 250-2, ¶ 426; Dkt. 418-41, at claims 1-2. |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

134
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Alleged Uncontroverted Material Facts (Dkt. 443-1) | Feit Electric's Response |
|---|---|---|
| | (Rebuttal Report of Dr. Gary Allen), ¶ 253 (NichiaSJ003495). | |
| 144. | In the devices disclosed in Maxik, the board in the disclosed lightbulb is curved such that the LED chips on the board are not in a straight line. Evidence: **Parker Decl. Ex. 39** (Maxik) at FIG. 1 (NichiaSJ003725), FIG. 5 (NichiaSJ003726), FIGs. 6A (NichiaSJ003727), FIG. 6B (NichiaSJ003727), FIG. 7 (NichiaSJ003727), Abstract (NichiaSJ003723), 2:30-37 (NichiaSJ003729), 4:36-39 (NichiaSJ003730), 9:28-35 (NichiaSJ003733). | 144. Disputed in part. While Feit Electric admits that in some devices disclosed in Maxik the board in the disclosed lightbulb is curved such that the LED chips on the board are not in a straight line, neither of those elements is required. Evidence: Dkt. 250-2, ¶ 357; Dkt. 418-42 at claims 1-12. |
| 145. | In the devices disclosed in Ishibashi, the board in the disclosed lightbulb is curved such that the LED chips on the board are not in a straight line. Evidence: **Parker Decl. Ex. 38** (Ishibashi) at FIG. 1 (NichiaSJ003718), ¶ [0008] (NichiaSJ003720) ("bendable to form a cage"), ¶ [0009] (NichiaSJ003720) ("branches which extend in radial directions from the center"), ¶ [0010] (NichiaSJ00720) ("a small spherical form"). | 145. Disputed in part. While Feit Electric admits that in some devices disclosed in Maxik the board in the disclosed lightbulb is curved such that the LED chips on the board are not in a straight line, neither of those elements is required. Evidence: Dkt. 250-2, ¶ 426; Dkt. 418-41, at claims 1-2. |

## CONCLUSIONS OF LAW

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| 1. | Model 72007 literally infringes claim 1 of the '734 Patent. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(A)(1)-(2). | 1. Disputed. Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(A)-(B); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(A)-(C); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(A)-(B); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(B)(1-3). |
| 2. | Model 72007 literally infringes claim 19 of the '734 Patent. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(A)(3). | 2. Disputed. Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(A)-(B); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(A)-(C); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(A)-(B); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(B)(1-3). |
| 3. | Model 72007 literally infringes claim 23 of the '734 Patent. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(A)(4). | 3. Disputed Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(A)-(B); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(A)-(C); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(A)-(B); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(B)(1-3). |
| 4. | Claim 1 of the '734 Patent is not invalid for indefiniteness under 35 U.S.C. § 112. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(3). | 4. Disputed. Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(E); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(F). |
| 5. | Feit cannot meet its burden to show, by clear and | 5. Disputed. Evidence: *See* Dkt. 443, Def.'s Mot. Summ. |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| | convincing evidence, that claim 1 of the '734 Patent is invalid for indefiniteness under 35 U.S.C. § 112. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(3). | J at Section IV(E); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(F). |
| 6. | Claim 1 of the '734 Patent is not invalid for lack of written description under 35 U.S.C. § 112. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(5). | 6.  Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(H). |
| 7. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 1 of the '734 Patent is invalid for lack of written description under 35 U.S.C. § 112. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(5). | 7.  Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(H). |
| 8. | Claim 1 of the '734 Patent is not invalid for lack of enablement under 35 U.S.C. § 112. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(4). | 8.  Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(G). |
| 9. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 1 of the '734 Patent is invalid for lack of enablement under 35 U.S.C. § 112. | 9.  Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(G). |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

20-cv-00359

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
|  | Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(4). |  |
| 10. | Claim 1 of the '734 Patent is not anticipated by U.S. Patent Application Publication No. 2004/0239242 A1 ("Mano") under 35 U.S.C. § 102.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(1)(a). | 10. Disputed.<br>Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 11. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 1 of the '734 Patent is anticipated by Mano under 35 U.S.C. § 102.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(1)(a). | 11. Disputed.<br>Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 12. | Claim 1 of the '734 Patent is not anticipated by U.S. Patent No. 7,086,756 ("Maxik") under 35 U.S.C. § 102.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(1)(b). | 12. Disputed.<br>Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 13. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 1 of the '734 Patent is anticipated by Maxik under 35 U.S.C. § 102.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section | 13. Disputed.<br><br>Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

138
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| | III(B)(1)(b). | |
| 14. | Claim 1 of the '734 Patent is not anticipated by U.S. Patent Application Publication No. 2003/0031015 ("Ishibashi") under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(1)(b). | 14. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 15. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 1 of the '734 Patent is anticipated by Ishibashi under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(1)(b). | 15. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 16. | Claim 19 of the '734 Patent is not anticipated by Maxik under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 16. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 17. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 19 of the '734 Patent is anticipated by Maxik under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 17. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 18. | Claim 19 of the '734 Patent is not obvious over Maxik in view of U.S. Patent No. | 18. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(E); |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| | 7,875,897 ("Suehiro") under 35 U.S.C. § 103. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(D). |
| 19. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 19 of the '734 Patent is obvious over Maxik in view of Suehiro under 35 U.S.C. § 103. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 19. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(E); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(D). |
| 20. | Claim 19 of the '734 Patent is not anticipated by Ishibashi under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 20. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 21. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 19 of the '734 Patent is anticipated by Ishibashi under 35 U.S.C. § 102. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 21. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(D). |
| 22. | Claim 19 of the '734 Patent is not obvious over Ishibashi in view of Suehiro under 35 U.S.C. § 103. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section | 22. Disputed. Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(E); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(D). |

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| | III(B)(2). | |
| 23. | Feit cannot meet its burden to show, by clear and convincing evidence, that claim 19 of the '734 Patent is obvious over Ishibashi in view of Suehiro under 35 U.S.C. § 103.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(B)(2). | 23. Disputed.<br>Evidence: *See* Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(E); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(D). |
| 24. | There were no acceptable non-infringing alternatives to the Accused Products as of the date of the hypothetical negotiation, i.e., in September 2017.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(C). | 24. Disputed.<br>Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(D); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(I); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(C); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(A)-(C); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(C)-(D). |
| 25. | There were no available non-infringing alternatives to the Accused Products as of the date of the hypothetical negotiation, i.e., in September 2017.<br>Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(C). | 25. Disputed.<br>Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(D); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(I); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(C); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(A)-(C); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(C)-(D). |
| 26. | Feit cannot meet its burden to show that non-infringing alternatives to the Accused Products were available as of the date of the | 26. Disputed.<br>Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(D); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(I); |

141

RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| No. | Nichia's Conclusions of Law | Supporting Evidence |
|---|---|---|
| | hypothetical negotiation, i.e., in September 2017. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(C). | Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(C); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(A)-(C); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(C)-(D). |
| 27. | Feit cannot meet its burden to show that there were acceptable non-infringing alternatives to the Accused Products as of the date of the hypothetical negotiation, i.e., in September 2017. Evidence: *See* Pl.'s Partial Mot. Summ. J at Section III(C). | 27. Disputed. Evidence: *See* Dkt. 443, Def.'s Mot. Summ. J at Section IV(D); Def.'s Opposition to Pl.'s Partial Mot. Summ. J at Section II(I); Dkt. 426, Def.'s Mot. to Exclude Portions of Gershowitz at Section III(C); Dkt. 424-1, Def.'s Mot. to Exclude Portions of Allen at Section III(A)-(C); Def.'s Opposition to Pl.'s Motion to Preclude Dr. Lebby at Section III(C)-(D). |

DATED:  August 17, 2022

STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION

By:  */s/ Salil Bali*
Salil Bali
Matthew Stephens
Attorneys for Defendant

DATED:  August 17, 2022

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:  */s/ Kal Shah*
Kal Shah
Mircea Tipescu
Simeon Papacostas
Louis Constantinou

***Attorneys for Defendant***
***Feit Electric Company, Inc.***

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

142
RESP. TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
20-cv-00359